# Exhibit A

# IN THE CIRCUIT COURT FOR HUMPHREYS COUNTY, TENNESSEE
## AT WAVERLY

MATTHEW RIGNEY and DANIELLE HALL, individually, as the surviving parents and next of kin of Ryan Rigney and Rileighanna Rigney, deceased, and as the parents and legal guardians of M.R. and B.R., minors,

TRACY KILBURN, individually and as the surviving spouse and next of kin of Robert Scott Kilburn, deceased,

MICHELLE FELICIANO, individually and as the surviving parent and next of kin of Lucy Lane Connor, deceased,

KAYLA CELENE BRAKE, individually and as next of kin of Regenia Lynn Brake, deceased,

CARRIE JAZMIN BRAKE, individually,

KENDRA SKYLAR BRAKE, individually,

CAMERON LEVESTER GUY, individually,

QUENTIN ISAIAH BRAKE, individually,

PEGGY BETTY, individually and as surviving spouse of James Michael Betty, deceased,

DOROTHY MAY HANDLING, individually and as the surviving daughter and next of kin of Hallie Lee Gerber, deceased,

JOSEPH PRASNIKAR, individually,

THOMAS SANDERS, individually and as

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

FILED

APR 0 5 2022

Edie Stainforth
Circuit Court Clerk

NO. ___#10474___

**JURY DEMAND**

the surviving brother and next of kin of )
Joshua Lee Tyrone Hendrix, deceased, )
)
KIMBERLY KEE, individually and as the )
surviving spouse and next of kin of Mark )
Steven Kee, deceased, )
)
TIFFANY RENAE BRYANT and SHANE )
KEITH BRYANT, individually and as the )
surviving parents of Lilly-Anne Grace )
Bryant, deceased, )
)
HENRY KERSTEN, individually and as )
the surviving spouse and next of kin of )
Leslie Meek Kersten, deceased, )
)
       Plaintiffs, )
   v. )
)
CSX TRANSPORTATION, INC., JAMES )
HUGHEY, and SHERRY HUGHEY, )
)
      Defendants. )

---

# COMPLAINT

---

This lawsuit arises from a horrific event which occurred in Waverly, Humphreys County, Tennessee on August 21, 2021. Many people lost their loved ones and suffered permanent injuries as a result of the Defendants' negligent actions and inactions which were the product of Defendants' intentional, malicious, or reckless conduct. Accordingly, the Plaintiffs bring this suit against CSX Transportation, Inc. ("CSX"), James Hughey, and Sherry Hughey (the "Hugheys"), and allege as follows:

## INTRODUCTION

1. This action arises from a man-made tidal wave which swept through the city of Waverly, Tennessee on August 21, 2021, killing at least 20 people, including many children.

2. The deadly tidal wave was formed by millions of gallons of water that became bottled up behind the CSX railroad bridge crossing over Trace Creek (the "Trace Creek Bridge"). The water backed up because CSX allowed various debris to clog its culvert under the bridge (the "Culvert"), which substantially impeded the creek's natural flow.

3. Unable to pass freely through the Culvert, the rushing waters of the storm-swelled Trace Creek were diverted over the banks of the creek bed and were further prevented from flowing downstream by the man-made dam formed by the earthen railbed which supported CSX's elevated tracks (the "Railbed Dam").

4. CSX knew that its Culvert would regularly clog with debris prior to August 21, 2021, because its personnel would occasionally remove debris from the Culvert.

5. CSX also knew that its debris-clogged Culvert could turn its elevated railroad tracks into a dangerous makeshift dam because CSX had experienced this same problem in other locations. For instance, the State of New York threatened CSX with litigation in 2019 because one of its culverts was clogged with debris, and the resultant ponding behind the railbed posed a severe risk to residents downstream. That same

CSX culvert has been linked to multiple floods in New York, including one happening in July 2021, just weeks before the tidal wave hit Waverly.

6. In response to the July 21, 2021 flood event in New York, CSX took immediate steps to mitigate the future risks associated with that culvert, however, CSX did nothing to mitigate the risks posed by its Culvert under the Trace Creek Bridge.

7. For example, CSX failed to establish a system to regularly monitor and maintain the Culvert free of debris. Although CSX would on occasion remove timber and other debris clogging the Culvert, it would simply pile the removed materials onto the neighboring creek bank owned by the Hugheys. This made the problem even worse because the next heavy rain would push the piled-up debris back into the creek where it could then return, along with new debris, to the Culvert—creating an environment for an even more significant blockage of the natural flow of Trace Creek.

8. James and Sherry Hughey (the "Hugheys") were complicit in CSX's malfeasance, because they permitted CSX to pile debris on the creek bank on land which they owned near the Trace Creek Bridge.

9. Further, the Hugheys knew that when the Culvert was clogged, the blocked water flow would backup behind CSX's Railbed Dam which caused an artificial lake to form on their property, endangering those downstream in the event CSX's ill-equipped earthen Railbed Dam gave way.

10. Despite the dangerous condition which repeatedly existed on their land, the Hugheys never protested CSX's actions and inactions, nor did they do anything to protect or warn those downstream of the catastrophic risk posed by their willingness to

**4**

allow millions of gallons of water to accumulate on their land only to be held back by the Railbed Dam which was not designed to contain a large body of water.

11. By August 19, 2021, meteorologists were already predicting that a torrential rainstorm would hit Middle Tennessee on August 21st—affording Defendants more than sufficient time to clear all debris from the Culvert and nearby creek bank.

12. Soon after the storm began on August 21st, CSX was reminded that its earthen railbeds were not designed to serve as dams and were susceptible to sudden collapse.

13. In the early morning hours on August 21st just a few miles upstream from the Trace Creek Bridge, a portion of a CSX railbed near McEwen, Tennessee collapsed from the pressure of the accumulating storm waters.

14. This initial washout near McEwen occurred hours before the Railbed Dam near the Trace Creek Bridge catastrophically failed, which, again, afforded CSX hours to act to remove any debris clogging the Culvert; and, if this task proved too great, more than sufficient time to pick up a phone and warn Waverly's police and emergency responders of the imminent danger facing the community.

15. Rather than notifying emergency responders of the danger posed by millions of gallons of water held back only by the earthen Railbed Dam, which was not designed for the task, CSX's only action in response to the washout of its tracks near McEwen was to protect its own economic interests by suspending its train operations around Waverly.

5

16.     Inevitably, without the free flow of water through the Culvert, the pressure of millions of gallons of water diverted from the rain-swelled Trace Creek caused a sudden failure of CSX's Railbed Dam, releasing a deadly wall of water into the heart of Waverly.

17.     As a result of Defendants' actions and inactions, Plaintiffs needlessly suffered direct personal injury and trauma, as well as immeasurable losses associated with the death of their spouses, parents, children, and siblings.

## I.     PARTIES, JURISDICTION, AND VENUE

18.     At all material times, Plaintiffs:

a.     Matthew Rigney and Danielle Hall were residents of Humphreys County, Tennessee and the parents of Ryan and Rileighanna Rigney, M.R., and B.R.

b.     Tracy Kilburn was a resident of Humphreys County, Tennessee and Robert Scott Kilburn's wife.

c.     Michelle Feliciano was a resident of Humphreys County, Tennessee and Lucy Lane Connor's mother and legal guardian.

d.     Carrie Jazmin Brake was a resident of Yuma, Tennessee; and Kayla Celene Brake, Kendra Skylar Brake, Cameron Levester Guy, and Quentin Isaiah Brake were residents of Humphreys County, Tennessee and Regenia Lynn Brake's children.

e.     Peggy Betty was a resident of Humphreys County, Tennessee and James Michael Betty's wife.

f.     Dorothy May Handling was a resident of the State of Arizona and Hallie Lee Gerber's daughter.

g.     Joseph Prasnikar was a resident of Humphreys County, Tennessee.

h.     Thomas Sanders was a resident of Humphreys County, Tennessee and Joshua Lee Tyrone Hendrix's brother.

6

i.  Kimberly Kee was a resident of Humphreys County, Tennessee and Mark Steven Kee's wife.

j.  Tiffany Renae Bryant and Shane Keith Bryant were residents of Humphreys County, Tennessee and the parents of Lilly-Anne Grace Bryant.

k.  Henry Kersten was a resident of Humphreys County, Tennessee and Leslie Meek Kersten's husband.

19.  At all material times, CSX Transportation, Inc. ("CSX") was a foreign corporation and submitted itself to jurisdiction of Humphreys County, Tennessee because it: (i) transacted business in Tennessee and/or Humphreys County, Tennessee; (ii) contracted to supply services or things in Tennessee and/or Humphreys County, Tennessee; (iii) caused tortious injury by an act or omission in Tennessee and/or Humphreys County, Tennessee; and (iv) had an interest in, used, or possessed real property in Humphreys County, Tennessee.

20.  At all material times, James and Sherry Hughey (the "Hugheys") resided in and owned real property located in Humphreys County, Tennessee.

## II.  GENERAL ALLEGATIONS

### A.  CSX's clogged Culvert creates an unnatural lake behind the Railbed Dam.

21.  As early as Thursday, August 19, 2021, meteorologists were forecasting extremely heavy rain to hit the Middle Tennessee area, including the Trace Creek drainage basin in Humphreys County, on Saturday, August 21, 2021.

22.  As predicted, heavy rain began falling in Humphreys County shortly before 1:00 AM on the morning of Saturday, August 21, 2021.

7

23. Sometime between 4:00-6:00 AM, CSX learned that, as a result of the ongoing storm, a part of the railbed supporting its elevated tracks washed out near the City of McEwen, about 9 miles upstream from the City of Waverly.

24. In response to the washout near McEwen, CSX immediately acted to protect its own economic interests by stopping all trains scheduled to pass through Humphreys County.

25. As the rain continued to fall, water accumulated behind the clogged culvert (the "Culvert") under the CSX railroad bridge which spanned Trace Creek located about a mile northeast of Waverly (the "Trace Creek Bridge").

26. As the Culvert was plugged with debris, the rushing storm-swelled waters of Trace Creek were unable to flow along their natural course under the Trace Creek Bridge but instead were forced to back up and spread over the creek's banks and onto the land of the Hugheys.

27. Once over the banks, the diverted waters of Trace Creek began forming an unnatural lake behind the makeshift dam formed by the earthen railbed which supported CSX's elevated tracks at and around the Trace Creek Bridge (the "Railbed Dam").

**B.** **The Railbed Dam's sudden collapse releases a tidal wave towards Waverly.**

28. The torrential rain from the August 21st storm inundated the Trace Creek watershed and greatly increased the volume of water needing to pass under the Trace Creek Bridge through the obstructed Culvert.

8

29. With the Culvert blocked, the flow of Trace Creek was redirected upon the Defendants' lands and the pressure of the rising water increased until the ill-equipped earthen Railbed Dam suddenly gave way, unleashing a torrent of millions of gallons of water. The aerial image below, which was taken shortly after the tidal wave was unleashed onto Waverly, depicts multiple massive breaches of the earthen embankment.



30. The sudden breach of the Railbed Dam caused what witnesses and survivors have described as a *"tidal wave"* to be unleashed upon the City of Waverly. A few first-hand accounts include:

> *"Just within minutes. It was like a tidal wave coming in from the ocean. I went crazy. I didn't know for like three hours. I had no idea if I had a family left. I didn't know." – Greg Triplett*

> *"There's a lady going by in the water, soaking and screaming for help, and then [my husband] went in the water and right after he went in is when [what] I call the wall of water, the tidal wave hit. He went under and I never saw him again." – Tracy Kilburn*

9

31. At no point during the hours after the storm began, did Defendants alert local officials, police, 911, fire/rescue, or anyone else about the peril posed by the dangerous artificial lake forming behind the Railbed Dam on their private property.

32. While Waverly had been subject to heavy rain and flooding events in the past, the city had never been subject to a deadly and destructive man-made tidal wave. Instead, the prior flooding events -- including the flooding associated with a 1000-year rainstorm that hit Humphreys County in 2010 - involved a more gradual accumulation of water that caused property damage but resulted in no serious injury or loss of life to the residents of Waverly.

33. The August 2021 tidal wave caused at least 20 deaths because there was no time to escape the sudden and violent torrent of water. As Humphreys County Sheriff Davis explained, *"[t]here was no gradual rise to this. Up in one of these flood areas, it went from bone dry to waist-deep water in somewhere less than 15 minutes."* He elaborated:

> *It appeared that morning that a lot of the debris had come around this bridge behind us and had created a barrier, or a dam and allowed the water to back up for some length of distance behind the railroad trestle. And at some point in time, it appeared like it had given way. The railroad bed had given way during the build-up of the water and washed out, and eventually created a pretty massive rush of water that appeared to have gone through the areas down through where people lived.*

34. The fatal August 2021 tidal wave could have been easily averted had CSX regularly inspected the Culvert and ensured that it was kept free from debris.

35. Even if CSX neglected its duty to regularly inspect the Culvert, when heavy rain is forecasted, such as it was on August 19, 2021, CSX had a heightened duty to inspect the Culvert to make sure that it was unobstructed so that the anticipated

10

increased flow of Trace Creek could pass through the Culvert unimpeded and not backup behind the Railbed Dam.

36. The Culvert's location just to the northeast of downtown Waverly served as a choke point which, when blocked, caused the water flowing downstream to divert and form an unnatural lake behind the Railbed Dam.

37. The earthen embankment which formed the Railbed Dam was designed to provide vertical support to carry the weight of trains passing above it; however, the Railbed Dam was ill-equipped to withstand the pressure of millions of gallons of trapped water applying horizontal pressure against its sides.

38. Inevitably, the rising water on the Defendants' lands was too much for the Railbed Dam to restrain and the Railbed Dam catastrophically failed, releasing the tidal wave that decimated Waverly and its residents.

## C. Defendants knew that historic rainfalls are an expected, regular occurrence in Middle Tennessee, including in Humphreys County.

39. Within the last 20 years, Waverly has regularly been subjected to historic amounts of rainfall, including 2 separate *"historic"* floods in the decade preceding August 2021.

40. Waverly sits at the bottom of a narrow valley, with Trace Creek running westerly down towards and through the town. The Federal Emergency Management Agency has deemed Waverly a *"special flood hazard area"* for this reason.

11

41. The fact that Waverly is uniquely at risk for extreme flooding events could not have been a surprise to Defendants as the area has seen multiple floods in recent years.

42. Middle Tennessee experienced record-setting rain and catastrophic flooding between May 1 and May 3, 2010. On May 1, 2010, 6.32 inches of rain fell at Nashville International Airport, which was the second-highest rainfall ever measured in a day. On May 2, 2010, 7.25 inches of rain fell, setting a new record for a two-day rainfall event. The combined total of 13.57 inches of rain more than doubled the previous two-day record of 6.68 inches.

43. The rainfall across Middle Tennessee in 2010 qualified as a 1,000-year rainfall event and caused widespread flooding with extensive property damage and 21 deaths.

44. No deaths were reported in Humphreys County from the May 2010 record-setting flood, because, unlike the August 2021 event, either the Culvert was not obstructed or the Railbed Dam fortuitously withstood the water pressure from the diverted Trace Creek.

45. On February 6 and 7, 2019, heavy rain again caused extensive flooding across Middle Tennessee, including in Humphreys County, with the National Weather Service reporting approximately 40 flash flooding instances in Wilson, Davidson, Dickson, and Cheatham County.

46. Waverly also sustained major flooding from the February 2019 rain event but no deaths were reported because, unlike the August 2021 event, either the Culvert

was not obstructed or the Railbed Dam fortuitously withstood the water pressure from the diverted Trace Creek.

**D.** **CSX knew extreme rainfalls are a regular, expected occurrence in Middle Tennessee, including the Trace Creek watershed.**

47. Scientists have identified, described, and produced studies showing a trend towards historic level rainfall events becoming far more frequent over the past several decades.

48. For instance, 5 separate *"1,000-year floods"* occurred within just a 5-month span in 2016. And just 2 years later, another set of 5 separate *"1-in-1,000-year rainfall events"* occurred in the Eastern United States between the months of January and September 2018.

49. Between 1958 and 2016, the Southeast region of the United States, encompassing Tennessee, experienced a 49% increase in *"5-year, 2-day heavy precipitation events"* and a 27% increase in *"99th percentile precipitation days."*

50. *"Intense single-day precipitation events"* have also substantially increased over the past several decades. Indeed, 9 out of the 10 highest *"extreme one-day precipitation events"* on record since 1910 occurred over just the past 25 years.

51. The research summarized above further predicts that the frequency of *"heavy precipitation events"* will potentially triple in the 21st century.

52. Indeed, concerns over the impacts of the increasing frequency of extreme rainfalls and other weather events on transportation infrastructure (including railroad

tracks and bridges) has spawned prominent research studies across the world dating back to at least the mid-2000s.

53. For example, a study published in the Transport Policy Journal in March 2019 specifically addressed the increased likelihood of railroad bridge washouts, warning:

> **Precipitation changes could result in flooding that affect bridge stability** and thus **require additional investment to stabilize railroad bridges.** Additional costs could result from **increased intensity of precipitation events** that could result in flash flooding and **wash outs** in localized areas. . . . These considerations **should not be overlooked in overall considerations of rail vulnerability.**

54. On July 28, 2021, just weeks before the August 2021 tidal wave, CSX publicly acknowledged the reality that because of the *"increased frequency and magnitude of flooding...*[its] *areas of concern include upgrading railroad bridges [and] improving track drainage."*

55. The research and analysis supporting CSX's July 2021 statement occurred over several years, and incorporated information from flooding events occurring over the past decade, including in Middle Tennessee. This is evidenced by CSX's citation to the 2010 *"Nashville floods"* as an example of the harmful effects of heavy rains on its railroads in its July 2021 statement.

56. For instance, CSX explained, *"[a] case study example of how climate risks have influenced our financial planning process includes analyzing historical climate related expenditures due to extreme weather events."* It went on to explain that *"[t]hese responses include the Nashville floods (2010 - $25.9 million)."*

57. CSX also claimed in its July 2021 statement that it applies *"an internal methodology to evaluate potential scenarios"* where extreme weather events *"may impact operations and safety."*

58. In short, CSX has admittedly known, at all relevant times, that it must account for the increasing frequency and intensity of extreme rainfalls in its business operations, including with respect to its inspection and maintenance of its railroad bridges and culverts.

59. The increasing frequency of 100-year and 1000-year precipitation events rendered such extreme rainfalls readily foreseeable to Defendants in the months and years leading up to the rainstorm that struck Middle Tennessee on August 21, 2021.

60. The fact that Waverly experienced two severe floods in the decade preceding the August 2021 flood, including a 1000-year event in May of 2010, was clear notice to Defendants that Humphreys County was susceptible to extreme precipitation events and underscored the need to keep the Culvert under the Trace Creek Bridge clear of debris.

61. Despite acknowledging that extreme rains were frequently occurring and that it needed to maintain and upgrade its railroad bridges and culverts as a result, CSX chose to allow debris to block the free flow of water through the Culvert under Trace Creek Bridge—creating the severe danger that turned into an unimaginable tragedy on August 21, 2021.

## III. THE DEFENDANTS' TORTIOUS ACTS AND OMISSIONS

### A. CSX failed to take reasonable precautions to mitigate the risk created by its Culvert.

62. CSX and its predecessors have operated the railroad line going through Humphreys County since the tracks were first laid down.

63. As a landowner and railroad operator, CSX owed the following non-delegable duties of care:

    a. The duty to ensure the natural passage of Trace Creek's water flow through its Culvert under its Trace Creek Bridge without obstruction;

    b. The duty to prevent the unnatural accumulation of water on its property and on the property of neighboring property owners;

    c. The duty to prevent dangerous conditions from existing on its own property;

    d. The duty not to trespass and create dangerous conditions on its neighbor's property;

    e. The duty to warn anyone in harm's way if a dangerous condition exists on its own property;

    f. The duty to warn anyone in harm's way if it creates a dangerous condition on its neighbor's property; and

    g. The duty to exercise reasonable care under all circumstances.

64. CSX's non-delegable duties of care extended to those living downstream of its Railbed Dam, including Plaintiffs and their loved ones, because the foreseeability and gravity of the harm outweighed the burden imposed by engaging in safer, alternative conduct.

65. As one of the largest railroad operators in the country and as the owner of the Culvert, the Trace Creek Bridge and the Railbed Dam in Humphreys County, Tennessee, CSX knew or should have known that:

a. The Middle Tennessee area, including Waverly, had experienced multiple historic rainfalls and floods in the years leading up to August 2021;

b. Waverly is located in an area particularly prone to flooding during heavy rains;

c. The frequency and intensity of heavy rainfalls in Middle Tennessee have been increasing over the past several decades and are projected to continue doing so;

d. Meteorologists predicted at least as early as August 19, 2021, that a significant rain event was going to inundate the Middle Tennessee area, including Humphreys County;

e. That the advanced forecast for heavy rain issued by meteorologists on August 19, 2021 did not preclude another 1000-year flood event hitting the Middle Tennessee area, including Humphreys County;

f. CSX's railroad lines were increasingly vulnerable to bridge and track washouts as a result of the increasing frequency and intensity of heavy rainfalls;

g. CSX's Culvert under its Trace Creek railroad bridge was regularly clogged with debris;

h. Debris clogs under CSX bridges, including the Culvert under its Trace Creek Bridge, could cause adjacent earthen railbed embankments, such as the Railbed Dam near Trace Creek, to act as makeshift dams;

i. The Culvert under CSX's Trace Creek Bridge is an unnatural chokepoint which, if obstructed, will divert Trace Creek over its banks where its natural flow will be further impeded by the Railbed Dam;

j.   If the Culvert is clogged while Trace Creek is rushing with water fed by heavy rains, the diverted water will rise and put horizontal pressure against the earthen Railbed Dam;

k.   The Railbed Dam was not designed to withstand horizontal pressure delivered by millions of gallons of water and will inevitably fail and collapse if the pressure is not relieved;

l.   On August 21, 2021, the possibility of a catastrophic failure of the Railbed Dam and the resultant sudden release of millions of gallons of water posed a clear and present danger to the residents of Waverly; and,

m.   On August 21, 2021, the only way the residents of Waverly could have protected themselves and their families from the deadly and destructive tidal wave which swept through the city is if they had been provided a warning in advance to evacuate due to the dangerous unnatural buildup of water behind the Railbed Dam.

66.   CSX breached one or more of its duties to the Plaintiffs by failing to engage in safer, alternative conduct that would have constituted a minimal burden when compared with the foreseeability and gravity of harm summarized above, by its:

a.   Failure to properly maintain the Culvert free of debris and other obstructions in the years, months, weeks, and days leading up to the August 21, 2021 rainstorm;

b.   After learning that significant precipitation had been forecast for August 21, 2021, by its failure to order additional inspections and clear the Culvert of any debris in anticipation of the predicted rainstorm;

c.   After the rainstorm began on August 21, 2021, by its failure to monitor the Culvert and clear it from any debris that blocked the free flow of Trace Creek;

d.   In the event that it was unable to keep the Culvert clear of debris during the storm on August 21, 2021, by its failure to warn local government and emergency officials as well as the public that the Culvert was clogged with debris and presented a risk of injury and death to those living downstream;

18

e. By its failure to monitor the buildup of water behind its makeshift Railbed Dam;

f. After the water began to rise and press against the Railbed Dam, by its failure to warn local government and emergency officials as well as the downstream public of the possibility that the earthen embankment was at risk to catastrophically fail;

g. After its tracks were washed out near McEwen Tennessee on August 21, 2021, by its failure to immediately warn government and emergency officials in Waverly to evacuate its residents near Trace Creek because its debris-clogged Culvert was causing millions of gallons of water to press against its Railbed Dam and was at risk of collapse; or

h. By its failure to take any other reasonable measures which would have kept the flow of Trace Creek unobstructed through the Culvert, prevented the buildup of water behind the Railbed Dam, prevented the sudden collapse of the earthen embankment of the Railbed Dam, or which would have warned the residents of Waverly of the impending danger and afforded them the opportunity to evacuate their families before they were struck by millions of gallons of rapidly flowing waters suddenly released when the Railbed Dam collapsed.

67. CSX's conduct detailed above caused or contributed to the creation and release of the tidal wave that injured and killed Plaintiffs and their loved ones.

**B. The Hugheys also failed to meet their duties as landowners.**

68. At all relevant times, the Hugheys owned land parcel 063-020-01 located along Highway 70 East in Humphreys County, just outside of Waverly, and encompassing the portion of Trace Creek immediately East of the Trace Creek Bridge.

19



69.     Prior to August 2021, the Hugheys knew or should have known that CSX's Culvert was often obstructed by debris.

70.     Prior to August 2021, the Hugheys knew or should have known that when the Culvert was obstructed by debris and heavy rainfall, it could not handle the volume of water flowing westerly towards the Trace Creek Bridge which caused the water to divert over the banks of the creek and onto their property.

71.     Prior to August 2021, the Hugheys regularly enabled CSX to create a dangerous condition on their property by allowing their land to serve as both a storage facility for debris removed from the Culvert and as a basin for the water that would back up behind the Railbed Dam during heavy rainstorms.

72.     Upon information and belief, the Hugheys condoned CSX's use of their property as both a storage facility for debris removed from the Culvert and a catch basin for Trace Creek when it was obstructed and, consequently, never reported the dangerous condition on their property to Waverly city officials, the police, the fire department, emergency services, or anyone else.

73.	Through years of inaction, the Hugheys encouraged CSX to persist in its willful, wanton, reckless, and deliberate misuse of their property despite the danger such use posed to the residents of Waverly.

74.	As landowners, the Hugheys had the following non-delegable duties of care:

    a.	The duty to prevent the unnatural accumulation of water on their property;

    b.	The duty to prevent dangerous conditions from existing on their property;

    c.	The duty to warn anyone in harm's way if a dangerous condition exists on their property; and

    d.	The duty to exercise reasonable care under all of the circumstances.

75.	The Hugheys' non-delegable duties of care extended to Plaintiffs because the foreseeability and gravity of the harm outweighed the burden imposed by engaging in safer, alternative conduct.

76.	The Hugheys knew or should have known that:

    a.	The Middle Tennessee area, including Waverly, had experienced multiple historic rainfalls and floods in the years leading up to August 2021;

    b.	Waverly is located in an area particularly prone to flooding during heavy rainfalls;

    c.	The frequency and intensity of heavy rainfalls in Middle Tennessee have been increasing over the past several decades and are projected to continue doing so;

    d.	Meteorologists predicted at least as early as August 19, 2021, that a significant rain event was going to inundate the Middle Tennessee area, including Humphreys County;

**21**

e. That the advanced forecast for heavy rain issued by meteorologists on August 19, 2021 did not preclude another 1000-year flood event hitting the Middle Tennessee area, including Humphreys County;

f. The Culvert under the Trace Creek railroad bridge was regularly clogged with debris;

g. Debris clogs under the Trace Creek Bridge caused Trace Creek to overflow its banks, trapping the diverted water behind the Railbed Dam;

h. When heavy rains hit the area, the Culvert, due to debris obstructions, could divert millions of gallons of water over the banks of the creek and onto their land;

i. The Railbed Dam was not designed to withstand horizontal pressure delivered by millions of gallons of water and will inevitably fail and collapse if the pressure is not relieved;

j. On August 21, 2021, the possibility of a catastrophic failure of the Railbed Dam and the resultant sudden release of millions of gallons of water posed a clear and present danger to the residents of Waverly; and,

k. On August 21, 2021, the only way the residents of Waverly could have protected themselves and their families from the deadly and destructive tidal wave which swept through the city is if they had been provided a warning in advance to evacuate due to the dangerous unnatural buildup of water behind the Railbed Dam.

77. The Hugheys breached one or more of their duties of care to Plaintiffs by failing to engage in safer, alternative conduct that would have constituted a minimal burden when compared with the foreseeability and gravity of harm summarized above, by their:

a. Failure to prevent CSX from misusing their property as a debris storage facility knowing that the debris could be quickly swept back into the creek and once again clog the Culvert in the years, months, weeks, and days leading up to August 21, 2021;

**22**

b.  Failure to warn local government and emergency officials as well as the downstream public that CSX's debris-clogged Culvert turned its elevated railroad tracks into a makeshift dam during heavy rain events, and as a result, frequently caused artificial lakes to form on their property in the years, months, weeks, and days leading up to August 21, 2021;

c.  Failure to warn local government and emergency officials as well as the downstream public that they were allowing their land to be used in a manner that created a danger to anyone living downstream from their property;

d.  Failure to inspect their property and clear it of any debris which CSX had placed on the banks of Trace Creek after learning that a significant rain event had been forecast for August 21, 2021;

e.  Failure to monitor their land to verify that it was not being used as a catch basin should the Culvert be obstructed after the rainstorm began on August 21, 2021;

f.  Failure to warn local government and emergency officials as well as the public that a dangerous condition existed on their property which posed a risk of injury and death to those living downstream after the rainstorm began on August 21, 2021 and their land was turned into an artificial lake formed by the diverted waters of Trace Creek; or,

g.  Failure to take any other reasonable measures which would have prevented the buildup of water on their land, prevented the sudden collapse of the earthen embankment of the Railbed Dam, or which would have warned the residents of Waverly of the impending danger and afforded them the opportunity to evacuate their families before they were struck by millions of gallons of rapidly flowing waters suddenly released when the Railbed Dam suddenly collapsed.

78.  Defendants' acts and omissions detailed above caused or contributed to the creation of the tidal wave that injured and killed Plaintiffs and their loved ones.

## IV. THE CAUSES OF ACTION

### Count I: Wrongful death against all Defendants

79.     Paragraphs 1 through 78 are realleged.

80.     CSX was negligent for the reasons stated above, including by allowing its Culvert to be clogged, failing to promptly warn local government and emergency officials as well as the downstream public about the dangerous condition it created on its own property as well as on the land owned by the Hugheys, and failing to engage in other safer, alternative conduct that would have constituted a minimal burden when compared with the foreseeability and gravity of harm summarized above.

81.     The Hugheys were negligent for the reasons stated above, including by allowing CSX to pile debris on their property, by ignoring CSX's use of their property as a catch basin for millions of gallons of diverted water that could not flow freely through the debris-clogged Culvert, and by failing to warn local government and emergency officials as well as the downstream public about the dangerous condition which CSX had created on their property.

82.     As a direct and proximate result of the foregoing negligence, on August 21, 2021, the clogged Culvert diverted the free flow of Trace Creek over its banks and onto neighboring property (including the Hugheys' land) where it collected and rose until the pressure of millions of gallons of water caused a sudden and catastrophic failure of the Railbed Dam and the sudden release of a tidal wave that caused widespread death, injury, and destruction through Waverly.

**24**

83. The Plaintiffs represent the following Waverly residents tragically killed by the tidal wave that struck Waverly on August 21, 2021:

    a. Ryan Rigney and Rileighanna Rigney, Matthew Rigney and Danielle Hall's 7-month-old son and daughter, and B.R. and M.R.'s brother and sister;

    b. Robert Scott Kilburn, Tracy Kilburn's husband;

    c. Lucy Lane Connor, Michelle Feliciano's 7-year-old daughter;

    d. Regenia Lynn Brake, the mother of Carrie Jazmin Brake, Kayla Celene Brake, Kendra Skylar Brake, Cameron Levester Guy, and Quentin Isaiah Brake;

    e. James Michael Betty, Peggy Betty's husband;

    f. Hallie Lee Gerber, the mother of Dorothy May Handling, and long-time companion of Joseph Prasnikar;

    g. Joshua Lee Tyrone Hendrix, the brother of Thomas Sanders;

    h. Mark Steven Kee, Kimberly Kee's husband;

    i. Lilly-Anne Grace Bryant, Tiffany Renae Bryant and Shane Keith Bryant's daughter; and

    j. Leslie Meek Kersten, Henry Kersten's wife.

84. Plaintiffs seek all compensatory damages available for the deaths of their loved ones pursuant to the Wrongful Death Act, Tenn. Code Ann. § 20-5-113, including damages for: (i) medical bills for treatment of the injuries resulting in decedents' deaths; (ii) funeral expenses; (iii) the mental and physical suffering decedents endured while being pulled under the water and drowning; (iv) loss of enjoyment of life; (v) loss of earning capacity; (vi) the pecuniary value of decedents' lives; and (vii) the loss of decedents' consortium, companionship and society.

25

85. CSX's acts and omissions set forth above were done intentionally, maliciously, or recklessly so as to raise a presumption of conscious indifference to consequences and warranting punitive damages in an amount to be set by the jury to deter such conduct in the future.

## Count II: Negligent infliction of emotional distress against all Defendants (*bystander*)

86. Paragraphs 1 through 78 are realleged.

87. CSX was negligent for the reasons stated above, including by allowing its Culvert to be clogged, failing to promptly warn local government and emergency officials as well as the downstream public about the dangerous condition it created on its own property as well as on the land owned by the Hugheys, and failing to engage in other safer, alternative conduct that would have constituted a minimal burden when compared with the foreseeability and gravity of harm summarized above.

88. The Hugheys were negligent for the reasons stated above, including by allowing CSX to pile debris on their property, by ignoring CSX's use of their property as a catch basin for millions of gallons of diverted water that could not flow freely through the debris-clogged Culvert, and by failing to warn local government and emergency officials as well as the downstream public about the dangerous condition which CSX had created on their property.

89. As a direct and proximate result of the foregoing negligence, on August 21, 2021, the clogged Culvert diverted the free flow of Trace Creek over its banks and onto neighboring property (including the Hughey's land) where it collected and rose

until the pressure of millions of gallons of water caused a sudden and catastrophic failure of the Railbed Dam and the release of a tidal wave that caused widespread death, injury, and destruction through Waverly.

90. As a direct and proximate result of the tidal wave unleashed on Waverly:

    a. Matthew Rigney suffered severe, serious, and permanent emotional distress from having his 7-month-old twin infants, Ryan and Rileighanna Rigney, ripped from his arms, taken under water, and drowned to death.

    b. Danielle Hall suffered severe, serious, and permanent emotional distress from watching the tidal wave inundate her family home, where she knew her 7-month-old twin infants, Ryan and Rileighanna Rigney, were located, and then seeing that they did not make it out of the home alive.

    c. M.R. suffered severe, serious, and permanent emotional distress from being physically present with her 7-month-old brother and sister, Ryan and Rileighanna Rigney, as they were pulled under water and drowned to death.

    d. B.R. suffered severe, serious, and permanent emotional distress from being physically present with her 7-month-old brother and sister, Ryan and Rileighanna Rigney, as they were pulled under water and drowned to death.

    e. Tracy Kilburn suffered severe, serious, and permanent emotional distress from watching her husband, Robert Scott Kilburn, be swept away by the tidal wave while attempting to save another person from drowning.

    f. Michelle Feliciano suffered severe, serious, and permanent emotional distress from watching her 7-year-old daughter, Lucy Lane Connor, be swept away by the torrent of water pouring into their apartment.

    g. Carrie Jazmin Brake suffered severe, serious, and permanent emotional distress from arriving at the scene and seeing her mother's dead body being retrieved from underneath a pile of debris.

h.  Kendra Skylar Brake suffered severe, serious, and permanent emotional distress from watching the tidal wave subsume her home, where she knew her mother was located, and then seeing that her mother did not make it out alive.

i.  Cameron Levester Guy suffered severe, serious, and permanent emotional distress from watching the tidal wave subsume his home, where he knew his mother was located, and seeing that his mother did not make it out alive.

j.  Quentin Isaiah Brake suffered severe, serious, and permanent emotional distress from learning of his mother's death and seeing that his mother did not make it out alive.

k.  Kayla Celene Brake suffered severe, serious, and permanent emotional distress from learning of her mother's death and seeing that her mother did not make it out alive.

l.  Joseph Prasnikar suffered severe, serious, and permanent emotional distress from watching his long-time companion, Hallie Gerber, be swept away by the torrent of water pouring into their home, and then seeing that she did not make it out alive.

m.  Kimberly Kee suffered severe, serious, and permanent emotional distress from watching her husband, Mark Scott Kee, get pulled under water and drowned to death.

n.  Peggy Betty suffered severe, serious, and permanent emotional distress from watching her husband be swept from their home, drown, and die.

o.  Tiffany Renae Bryant suffered severe, serious, and permanent emotional distress from attempting to reach her children, learning of her daughter Lilly-Anne Bryant's death, and seeing that her daughter did not make it out alive.

p.  Shane Keith Bryant suffered severe, serious, and permanent emotional distress from attempting to reach his children, learning of his daughter Lilly-Anne Bryant's death, and seeing that his daughter did not make it out alive.

28

q. Henry Kersten suffered severe, serious, and permanent emotional distress from watching his wife, Leslie Meek Kersten, be swept away by the torrent of water, causing a structure to strike the outbuilding she was in while he was on the phone with her.

91. Plaintiffs' emotional distress is serious and severe because a reasonable person, normally constituted, would be unable to adequately cope with the mental stress engendered by the circumstances of this case.

92. The severe emotional harm Plaintiffs sustained as alleged above is permanent and will continue to plague them throughout their lives.

93. CSX's acts and omissions set forth above were done intentionally, maliciously, or recklessly so as to raise a presumption of conscious indifference to consequences and warranting punitive damages in an amount to be set by the jury to deter such conduct in the future.

## Count III: Negligent infliction of emotional distress against all Defendants (*standalone*)

94. Paragraphs 1 through 78 are realleged.

95. CSX was negligent for the reasons stated above, including by allowing its Culvert to be clogged, failing to promptly warn local government and emergency officials as well as the downstream public about the dangerous condition it created on its own property as well as on the land owned by the Hugheys, and failing to engage in other safer, alternative conduct that would have constituted a minimal burden when compared with the foreseeability and gravity of harm summarized above.

**29**

96.     The Hugheys were negligent for the reasons stated above, including by allowing CSX to pile debris on their property, by ignoring CSX's use of their property as a catch basin for millions of gallons of diverted water that could not flow freely through the debris-clogged Culvert, and by failing to warn local government and emergency officials as well as the downstream public about the dangerous condition which CSX had created on their property.

97.     As a direct and proximate result of the foregoing negligence, on August 21, 2021, the clogged Culvert diverted the free flow of Trace Creek over its banks and onto neighboring property (including the Hugheys' land) where it collected and rose until the pressure of millions of gallons of water caused a sudden and catastrophic failure of the Railbed Dam and the release of a tidal wave that caused widespread death, injury, and destruction through Waverly.

98.     As a direct and proximate result of the tidal wave unleashed on Waverly:

    a.  Matthew Rigney suffered severe, serious, and permanent emotional distress from being stranded and submerged by water that rose up and over the gutter of his apartment before he was able to escape with his other children, M.R. and B.R.

    b.  Danielle Hall suffered severe, serious, and permanent emotional distress from being stranded in a tree for 6 hours, watching the death and destruction unfold while fearing for her life.

    c.  M.R. suffered severe, serious, and permanent emotional distress from being stranded and submerged, all the while fearing for her life.

    d.  B.R. suffered severe, serious, and permanent emotional distress from being stranded and submerged, all the while fearing for her life.

e. Peggy Betty suffered severe, serious, and permanent emotional distress from being stranded and submerged, all the while fearing for her life.

f. Tracy Kilburn suffered severe, serious, and permanent emotional distress from being stranded and submerged, all the while fearing for her life.

g. Michelle Feliciano suffered severe, serious, and permanent emotional distress from being stranded and submerged, all the while fearing for her life.

h. Kayla Celene Brake suffered severe, serious, and permanent emotional distress from being stranded and submerged, all the while fearing for her life.

i. Kendra Skylar Brake suffered severe, serious, and permanent emotional distress from being stranded and submerged, all the while fearing for her life.

j. Cameron Levester Guy suffered severe, serious, and permanent emotional distress from being stranded and submerged, all the while fearing for his life.

k. Quentin Isaiah Brake suffered severe, serious, and permanent emotional distress from being stranded and submerged, all the while fearing for his life.

l. Joseph Prasnikar suffered severe, serious, and permanent emotional distress from being stranded and submerged, all the while fearing for his life.

m. Kimberly Kee suffered severe, serious, and permanent emotional distress from being stranded and submerged, all the while fearing for her life.

n. Henry Kersten suffered severe, serious, and permanent emotional distress from being stranded and submerged, all the while fearing for his life.

o. Tiffany Renae Bryant suffered severe, serious, and permanent emotional distress from being stranded and trapped attempting to reach her children.

31

p. Shane Keith Bryant suffered severe, serious, and permanent emotional distress from being stranded and trapped attempting to reach his children.

99. Plaintiffs' emotional distress is serious and severe because a reasonable person, normally constituted, would be unable to adequately cope with the mental stress engendered by the circumstances of this case.

100. The severe emotional harm Plaintiffs sustained as alleged above is permanent and will continue to plague them throughout their lives.

101. CSX's acts and omissions set forth above were done intentionally, maliciously, or recklessly so as to raise a presumption of conscious indifference to consequences and warranting punitive damages in an amount to be set by the jury to deter such conduct in the future.

## Count IV: Negligence against all Defendants *(physical injury)*

102. Paragraphs 1 through 78 are realleged.

103. CSX was negligent for the reasons stated above, including by allowing its Culvert to be clogged, failing to promptly warn local government and emergency officials as well as the downstream public about the dangerous condition it created on its own property as well as on the land owned by the Hugheys, and failing to engage in other safer, alternative conduct that would have constituted a minimal burden when compared with the foreseeability and gravity of harm summarized above.

104. The Hugheys were negligent for the reasons stated above, including by allowing CSX to pile debris on their property, by ignoring CSX's use of their property as

a catch basin for millions of gallons of diverted water that could not flow freely through the debris-clogged Culvert, and by failing to warn local government and emergency officials as well as the downstream public about the dangerous condition on their property.

105. As a direct and proximate result of the foregoing negligence, on August 21, 2021, the clogged Culvert diverted the free flow of Trace Creek over its banks and onto neighboring property (including the Hugheys') where it collected and rose until the pressure of millions of gallons of water caused a sudden and catastrophic failure of the Railbed Dam and the release of a tidal wave that caused widespread death, injury, and destruction through Waverly.

106. The following Plaintiffs sustained severe permanent physical injuries as a direct and proximate result of Defendants' actions and omissions:

   a. B.R. suffered a severe head injury resulting in a concussion. This injury is particularly severe given that brain injuries suffered at such a young age are likely to impact a child's development.

   b. Kimberly Kee suffered severe physical injuries to her upper body and torso, including part of her breast being torn, having debris and water enter her body causing illness, and sustaining bruises from being battered by debris and other objects as she was submerged and thrown around by the torrent of water.

107. Plaintiffs B.R. and Kimberly Kee seek all available damages for the injuries described above, including for: (i) physical pain and suffering; (ii) emotional pain and suffering; (iii) medical bills and expenses; (iv) loss of enjoyment of life; (v) loss of earnings; (vi) disfigurement; (vii) post-judgment interest; (viii) statutory and

33

discretionary costs; and (ix) all such further relief, both general and specific, to which they may be entitled.

108. CSX's acts and omissions set forth above were done intentionally, maliciously, or recklessly so as to raise a presumption of conscious indifference to consequences and warranting punitive damages in an amount to be set by the jury to deter such conduct in the future.

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiffs, as next-of-kin and in their individual capacities, request the following relief:

A. That service of process issue and the Defendants be served and be required to answer within the time required by law;

B. That judgment be entered against the Defendants for compensatory economic and non-economic damages in an amount not to exceed One Hundred Fifty Million Dollars ($150,000,000.00);

C. That judgment be entered against the Defendants for punitive damages in an amount not to exceed Three Hundred Million Dollars ($300,000,000.00);

D. That all costs be taxed to the Defendants;

E. That pre-judgment and post-judgment interest be ordered;

F. That the Plaintiffs be granted a trial by jury to try the facts of this cause as a matter of right; and

G. That the Plaintiffs be granted and have such other and further relief to which the Plaintiffs may prove and be entitled.

34

Respectfully submitted,

TIMOTHY V. POTTER #017520
ANDREW E. MILLS #031236
Reynolds, Potter, Ragan & Vandivort, PLC
210 East College Street
Dickson, Tennessee 37055
615.446.2221
615.446.2232 Facsimile
tpotter@rprvlaw.com
amills@rprvlaw.com

*Pro Hac Vice:*
PETER J. FLOWERS     IL BAR #06210847
FRANK V. CESARONE    IL BAR #06307510
Meyers & Flowers, LLC
3 North Second Street – Suite 300
St. Charles, Illinois 60174
630.232.6333
630.845.8982 Facsimile
pjf@meyers-flowers.com
fvc@meyers-flowers.com

*Pro Hac Vice:*
C. RICHARD NEWSOME    FL BAR #827258
Newsome Melton, PA
201 South Orange Avenue – Suite 1500
Orlando, Florida 32801
407.648.5977
407.648.5282 Facsimile
newsome@newsomelaw.com

*Attorneys for Plaintiffs*

35

## <u>SURETY</u>

We hereby acknowledge ourselves as surety in this cause not to exceed One Thousand Dollars ($1,000.00).

Reynolds, Potter, Ragan & Vandivort, PLC

By: _____

| HUMPHREYS County | STATE OF TENNESSEE CIVIL SUMMONS page 1 of 1 | Case Number #10474 |
|---|---|---|
| MATTHEW RIGNEY ET AL | Vs. | CSX TRANSPORTATION, INC. ET AL |

Served On:

Sherry Hughey     1601 East Railroad Street, Waverly, TN   37185

You are hereby summoned to defend a civil action filed against you in _____Circuit_____ Court, _Humphreys_ County, Tennessee. Your defense must be made within thirty (30) days from the date this summons is served upon you. You are directed to file your defense with the clerk of the court and send a copy to the plaintiff's attorney at the address listed below. If you fail to defend this action by the below date, judgment by default may be rendered against you for the relief sought in the complaint.

Issued:    4/5/22              _Edie Stainforth_ 
Clerk / Deputy Clerk

Attorney for Plaintiff:   Timothy V. Potter, Esq. et al, 210 East College Street, Dickson, Tennessee 37055, 615.446.2221

### NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S): Tennessee law provides a ten thousand dollar ($10,000) personal property exemption as well as a homestead exemption from execution or seizure to satisfy a judgment. The amount of the homestead exemption depends upon your age and the other factors which are listed in TCA § 26-2-301. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for your self and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state file number on list.

FILED

APR 05 2022

Mail list to _____, _____ Clerk, _____ County

Edie Stainforth
Circuit Court Clerk

### CERTIFICATION (IF APPLICABLE)

I, _____, _____ Clerk of _____ County do certify this to be a true and correct copy of the original summons issued in this case.

Date: _____      _____
                    Clerk / Deputy Clerk

**OFFICER'S RETURN:** Please execute this summons and make your return within ninety (90) days of issuance as provided by law.

I certify that I have served this summons together with the complaint as follows: _Served same on_ _on_

_Sherry Hughey_

Date: _4-5-22_         By: _Grove Protection Service_
                           Please Print: Officer, Title

_2784 Hwy 47e Dickson TN_     _____
Agency Address                        Signature

**RETURN ON SERVICE OF SUMMONS BY MAIL:** I hereby certify and return that on _____, I sent postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in the above styled case, to the defendant _____. On _____ I received the return receipt, which had been signed by _____ on _____. The return receipt is attached to this original summons to be filed by the Court Clerk.

Date: _____      _____
                     Notary Public / Deputy Clerk (Comm. Expires _____ )

_____      _____
Signature of Plaintiff           Plaintiff's Attorney (or Person Authorized to Serve Process)
                      **(Attach return receipt on back)**

ADA: If you need assistance or accommodations because of a disability, please call _____, ADA Coordinator, at ( ) _____

Rev. 03/11

| HUMPHREYS County | STATE OF TENNESSEE CIVIL SUMMONS page 1 of 1 | Case Number #10474 |
|---|---|---|

| MATTHEW RIGNEY ET AL | Vs. | CSX TRANSPORTATION, INC. ET AL |
|---|---|---|

Served On:

James Hughey — 1601 East Railroad Street, Waverly, TN 37185

You are hereby summoned to defend a civil action filed against you in ___Circuit___ Court, __Humphreys__ County, Tennessee. Your defense must be made within thirty (30) days from the date this summons is served upon you. You are directed to file your defense with the clerk of the court and send a copy to the plaintiff's attorney at the address listed below. If you fail to defend this action by the below date, judgment by default may be rendered against you for the relief sought in the complaint.

Issued: 4/5/22

_Edie Stainforth_
Clerk / Deputy Clerk

Attorney for Plaintiff: Timothy V. Potter, Esq. et al, 210 East College Street, Dickson, Tennessee 37055, 615.446.2221

## NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S): Tennessee law provides a ten thousand dollar ($10,000) personal property exemption as well as a homestead exemption from execution or seizure to satisfy a judgment. The amount of the homestead exemption depends upon your age and the other factors which are listed in TCA § 26-2-301. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for your self and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state file number on list.

Mail list to _____, _____ Clerk, _____ County

FILED
APR 05 2022
Edie Stainforth
Circuit Court Clerk

## CERTIFICATION (IF APPLICABLE)

I, _____, _____ Clerk of _____ County do certify this to be a true and correct copy of the original summons issued in this case.

Date: _____

_____
Clerk / Deputy Clerk

**OFFICER'S RETURN:** Please execute this summons and make your return within ninety (90) days of issuance as provided by law.

I certify that I have served this summons together with the complaint as follows: _Personal Serve on Jones Hughey._

Date: 4-5-22

By: _Grace Protection Services_
Please Print Officer, Title

2284 Hwy 47e Dickson TN
Agency Address

Signature

**RETURN ON SERVICE OF SUMMONS BY MAIL:** I hereby certify and return that on _____, I sent postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in the above styled case, to the defendant _____. On _____ I received the return receipt, which had been signed by _____ on _____. The return receipt is attached to this original summons to be filed by the Court Clerk.

Date: _____

_____
Notary Public / Deputy Clerk (Comm. Expires _____)

_____
Signature of Plaintiff

_____
Plaintiff's Attorney (or Person Authorized to Serve Process)
**(Attach return receipt on back)**

*ADA: If you need assistance or accommodations because of a disability, please call _____, ADA Coordinator, at ( ) _____.*

*Rev. 03/11*

## IN THE CIRCUIT COURT FOR HUMPHREYS COUNTY, TENNESSEE
## AT WAVERLY

MATTHEW RIGNEY and DANIELLE HALL, individually, as the surviving parents and next of kin of Ryan Rigney and Rileighanna Rigney, deceased, and as the parents and legal guardians of M.R. and B.R., minors,

TRACY KILBURN, individually and as the surviving spouse and next of kin of Robert Scott Kilburn, deceased,

MICHELLE FELICIANO, individually and as the surviving parent and next of kin of Lucy Lane Connor, deceased,

KAYLA CELENE BRAKE, individually and as next of kin of Regenia Lynn Brake, deceased,

CARRIE JAZMIN BRAKE, individually,

KENDRA SKYLAR BRAKE, individually,

CAMERON LEVESTER GUY, individually,

QUENTIN ISAIAH BRAKE, individually,

PEGGY BETTY, individually and as surviving spouse of James Michael Betty, deceased,

DOROTHY MAY HANDLING, individually and as the surviving daughter and next of kin of Hallie Lee Gerber, deceased,

JOSEPH PRASNIKAR, individually,

THOMAS SANDERS, individually and as

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)



FILED

APR 0 5 2022

Edie Stainforth
Circuit Court Clerk

NO. _____#10474_____

**JURY DEMAND**

the surviving brother and next of kin of )
Joshua Lee Tyrone Hendrix, deceased, )
)
KIMBERLY KEE, individually and as the )
surviving spouse and next of kin of Mark )
Steven Kee, deceased, )
)
TIFFANY RENAE BRYANT and SHANE )
KEITH BRYANT, individually and as the )
surviving parents of Lilly-Anne Grace )
Bryant, deceased, )
)
HENRY KERSTEN, individually and as )
the surviving spouse and next of kin of )
Leslie Meek Kersten, deceased, )
)
      Plaintiffs, )
  v. )
)
CSX TRANSPORTATION, INC., JAMES )
HUGHEY, and SHERRY HUGHEY, )
)
      Defendants. )

# 10474

**FILED**

APR 05 2022

**Edie Stainforth
Circuit Court Clerk**

---

## MOTION FOR THE ADMISSION *PRO HAC VICE* OF FRANK V. CESARONE, ESQ.

---

Plaintiffs Matthew Rigney and Danielle Hall, as the surviving parents and next

of kin of Ryan Rigney, deceased; Matthew Rigney and Danielle Hall, as the surviving

parents and next of kin of Rileighana Rigney, deceased; Matthew Rigney, individually;

Danielle Hall, individually; Matthew Rigney and Danielle Hall, as the father and legal

guardian of M.R., a minor; Matthew Rigney and Danielle Hall, as the father and legal

guardian of B.R., a minor; Tracy Kilburn, as surviving spouse and next of kin of Robert

Kilburn, deceased; Tracy Kilburn, individually; Michelle Feliciano, as the surviving

2

mother and next of kin of Lucy Connor, deceased; Michelle Feliciano, individually; Kayla Brake as the surviving daughter and next of kin of Reginia Brake, deceased; Carrie Brake, individually; Kayla Brake, individually; Kendra Brake, individually; Cameron Guy, individually; Quentin Brake, individually; and Peggy Betty, as surviving spouse and next of kin of James Betty, deceased; and Peggy Betty, individually; Tiffany Renae Bryant and Shane Keith Bryant, as the surviving parents and next of kin of Lilly-Anne Grace Bryant; Tiffany Renae Bryant, individually; Shane Keith Bryant, individually; Dorothy Handling, as the surviving daughter and next of kin of Hallie Lee Gerber; Joseph Prasnikar, individually; Thomas Sanders, as the surviving brother and next of kin of Joshua Lee Tyrone Hendrix; Kimberly Kee, as the surviving spouse and next of kin of Mark Steven Kee; Kimberly Kee, individually; Henry Kersten, as the surviving spouse and next of kin of Leslie Meek Kersten; Henry Kersten, individually; pursuant to Tennessee Supreme Court Rule 19, hereby move the Court to allow one of their attorneys, Frank V. Cesarone, Esq., to appear *pro hac vice* on their behalf in this matter. In support of their motion, Plaintiffs rely on the Affidavit for Admission *Pro Hac Vice* for Frank V. Cesarone, Esq., which is attached hereto as <u>Exhibit "A"</u>.

In accordance with the requirements of Tennessee Supreme Court Rule 19, a copy of this Motion and its supporting papers will be filed with the Board of Professional Responsibility of the Supreme Court of Tennessee and the necessary fees paid.

3

WHEREFORE, Plaintiffs, respectfully request that this Honorable Court grant their *Motion* and admit Frank V. Cesarone, Esq. as their counsel *pro hac vice* to this matter.

Respectfully submitted,

FRANK V. CESARONE     IL Bar No. 6307510
Attorney for Plaintiffs
Meyers & Flowers, LLC
3 North Second Street – Suite 300
St. Charles, Illinois 60174
630.232.6333
630.845.8982 Facsimile
fvc@meyers-flowers.com

4

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing *Motion for Admission of Pro Hac Vice of Frank V. Cesarone* has been sent to:

CSX Transportation, Inc.
c/o Register Agent C T Corporation System
300 Monvue Road
Knoxville, Tennessee 37919-5546

□ Via U.S. Mail, postage prepaid
□ Via Facsimile
□ Via Email
□ Via UPS overnight
□ Via Hand Delivery/Courier
■ Via Service of Process
□ Via CM/ECF, efile, or other electronic service format

*Defendant*

Mr. James Hughey
1601 East Railroad Street
Waverly, Tennessee 37185

□ Via U.S. Mail, postage prepaid
□ Via Facsimile
□ Via Email
□ Via UPS overnight
□ Via Hand Delivery/Courier
■ Via Service of Process
□ Via CM/ECF, efile, or other electronic service format

*Defendant*

Mr. Sherry Hughey
1601 East Railroad Street
Waverly, Tennessee 37185

□ Via U.S. Mail, postage prepaid
□ Via Facsimile
□ Via Email
□ Via UPS overnight
□ Via Hand Delivery/Courier
■ Via Service of Process
□ Via CM/ECF, efile, or other electronic service format

*Defendant*

, this 5th day of April, 2022.

TIMOTHY V. POTTER

5

<u>EXHIBIT "A"</u>

## AFFIDAVIT FOR THE ADMISSION *PRO HAC VICE* OF FRANK V. CESARONE, ESQ.

**STATE OF ILLINOIS )**

**COUNTY OF COOK )**

Personally appeared before me, the undersigned authority in and for the aforesaid jurisdiction, Frank V. Cesarone, who after being duly sworn, did state under oath as follows:

1.      My name is Frank V. Cesarone, I am over the age of 18 and competent to make this affidavit.  The statements herein are based on my personal knowledge.  I desire to be admitted as counsel *pro hac vice* for Plaintiffs in the above stated matter and am submitting this Affidavit pursuant to Tennessee Supreme Court Rule 19.

2.      The style of the cause in which I desire to appear is Matthew Rigney *et al.* v. CSX Transportation, Inc. *et al*, as it appears in the Motion which this Affidavit supports.  The case is being contemporaneously filed in the Circuit Court of Humphreys County, Tennessee.

3.      My full name is "Frank V. Cesarone."  My residence address is 1950 Blue Bayou Blvd., Johns Island, SC 29455.  My office address is 3 North Second Street, Suite 300, St. Charles, IL 60174; Telephone: (630) 232-6333, Facsimile: (630) 845-8982, E-mail: fvc@meyers-flowers.com.

4.      I have been admitted to practice law in the following jurisdictions as of the dates set forth: Illinois (2/7/2012); South Carolina (11/13/2012); I am also admitted to

6

practice in various federal district courts and have been admitted to practice *pro hac vice* in the States of California, Florida, New Jersey and Tennessee.

5. I am currently licensed and in good standing to practice law in each jurisdiction listed in paragraph 4 above. Attached hereto as Exhibit 1 and Exhibit 2 is the Certificate of Good Standing from the Supreme Court of Illinois and the Certificate of Good Standing from the Supreme Court of South Carolina, which are the jurisdictions where I principally practice.

6. I am not currently suspended or disbarred by any jurisdiction in which I have been admitted, and I have never been disciplined or sanctioned by the Board of Professional Responsibility of the Supreme Court of Tennessee, by any similar lawyer disciplinary agency in any jurisdiction, or by any similar lawyer disciplinary authority.

7. No disciplinary action or investigation concerning my conduct is pending before the Board of Professional Responsibility of the Supreme Court of Tennessee, before any similar lawyer disciplinary agency in any jurisdiction, or before any similar lawyer disciplinary authority.

8. I have never been denied admission *pro hac vice* or had an admission *pro hac vice* be revoked by any court in any jurisdiction.

9. I am familiar with the Tennessee Rules of Professional Conduct and the rules governing the proceedings of the Circuit Court of Humphreys County, Tennessee.

10. I consent to the disciplinary jurisdiction of the Board of Professional Responsibility of the Supreme Court of Tennessee and the courts or agencies of Tennessee in any matter arising out of my conduct in this proceeding and agree to be

7

bound by the Tennessee Rules of Professional Conduct and any other rules of conduct applicable to lawyers generally admitted in Tennessee.

11. I have associated with Andrew E. Mills (#031236) of the law firm of Reynolds, Potter, Ragan & Vandivort, PLC, whose address is 210 East College Street, Dickson, Tennessee 37055; Telephone: (615) 446-2221, and who is a member in good standing with this Court and the Tennessee Board of Professional Responsibility, and who will participate as required under Tennessee Supreme Court Rule 19.

12. I have paid all fees required by Tennessee Supreme Court Rule 19 in connection with my motion for admission.

13. I hereby certify that I have caused a copy of this Affidavit, my motion for *pro hac vice* admission, and all associated papers to be served upon all counsel of record in this cause and upon the Board of Professional Responsibility of the Supreme Court of Tennessee.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Frank V. Cesarone

SUBSCRIBED TO AND SWORN BEFORE ME

On this ___1st___ day of ___April___, 2022.

_____
NOTARY PUBLIC

VICTORIA HARTOGH
OFFICIAL SEAL
Notary Public, State of Illinois
My Commission Expires
February 25, 2024

8

## CERTIFICATE OF LOCAL ATTORNEY

I hereby certify that I am a member in good standing of the Tennessee Bar and that I have agreed to be associated with Frank V. Cesarone in this cause.

Respectfully submitted,

TIMOTHY V. POTTER          #017520
ANDREW E. MILLS          #031236
Reynolds, Potter, Ragan & Vandivort, PLC
210 East College Street
Dickson, Tennessee  37055
615.446.2221
615.446.2232 Facsimile
tpotter@rprvlaw.com
amills@rprvlaw.com

9

# Certificate of Admission
# To the Bar of Illinois

I, Cynthia A. Grant, Clerk of the Supreme Court of Illinois, do hereby certify that

Frank Vincent Cesarone

has been duly licensed and admitted to practice as an Attorney and Counselor at Law within this State; has duly taken the required oath to support the CONSTITUTION OF THE UNITED STATES and of the STATE OF ILLINOIS, and also the oath of office prescribed by law, that said name was entered upon the Roll of Attorneys and Counselors in my office on 02/07/2012 and is in good standing, so far as the records of this office disclose.

IN WITNESS WHEREOF, I have hereunto subscribed my name and affixed the seal of said Court, this 29th day of March, 2022.

Cynthia A. Grant

Clerk,
Supreme Court of the State of Illinois

# The Supreme Court of South Carolina

## Certificate of Good Standing

I, Patricia A. Howard, Clerk of the Supreme Court of South Carolina, do hereby certify that Frank Vincent Cesarone was duly sworn and admitted as an attorney in this state on November 13, 2012, and is currently a regular member of the South Carolina Bar in good standing.

PATRICIA A. HOWARD, CLERK

BY _Margaret C. McGee_

DEPUTY CLERK FOR BAR ADMISSIONS

Columbia, South Carolina

April 1, 2022

# IN THE CIRCUIT COURT FOR HUMPHREYS COUNTY, TENNESSEE
## AT WAVERLY

| | |
|---|---|
| MATTHEW RIGNEY and DANIELLE HALL, individually, as the surviving parents and next of kin of Ryan Rigney and Rileighanna Rigney, deceased, and as the parents and legal guardians of M.R. and B.R., minors,<br><br>TRACY KILBURN, individually and as the surviving spouse and next of kin of Robert Scott Kilburn, deceased,<br><br>MICHELLE FELICIANO, individually and as the surviving parent and next of kin of Lucy Lane Connor, deceased,<br><br>KAYLA CELENE BRAKE, individually and as next of kin of Regenia Lynn Brake, deceased,<br><br>CARRIE JAZMIN BRAKE, individually,<br><br>KENDRA SKYLAR BRAKE, individually,<br><br>CAMERON LEVESTER GUY, individually,<br><br>QUENTIN ISAIAH BRAKE, individually,<br><br>PEGGY BETTY, individually and as surviving spouse of James Michael Betty, deceased,<br><br>DOROTHY MAY HANDLING, individually and as the surviving daughter and next of kin of Hallie Lee Gerber, deceased,<br><br>JOSEPH PRASNIKAR, individually,<br><br>THOMAS SANDERS, individually and as | **FILED**<br><br>APR 0 5 2022<br><br>**Edie Stainforth<br>Circuit Court Clerk**<br><br>NO. \_\_\_\_#10474\_\_\_\_<br><br>**JURY DEMAND** |

the surviving brother and next of kin of )
Joshua Lee Tyrone Hendrix, deceased, )
)
KIMBERLY KEE, individually and as the )
surviving spouse and next of kin of Mark )
Steven Kee, deceased, )
)
TIFFANY RENAE BRYANT and SHANE )
KEITH BRYANT, individually and as the )
surviving parents of Lilly-Anne Grace )
Bryant, deceased, )
)
HENRY KERSTEN, individually and as )
the surviving spouse and next of kin of )
Leslie Meek Kersten, deceased, )
)
        Plaintiffs, )
   v. )
)
CSX TRANSPORTATION, INC., JAMES )
HUGHEY, and SHERRY HUGHEY, )
)
       Defendants. )

---

# MOTION FOR THE ADMISSION *PRO HAC VICE* OF PETER J. FLOWERS, ESQ.

---

Plaintiffs Matthew Rigney and Danielle Hall, as the surviving parents and next

of kin of Ryan Rigney, deceased; Matthew Rigney and Danielle Hall, as the surviving

parents and next of kin of Rileighana Rigney, deceased; Matthew Rigney, individually;

Danielle Hall, individually; Matthew Rigney and Danielle Hall, as the father and legal

guardian of M.R., a minor; Matthew Rigney and Danielle Hall, as the father and legal

guardian of B.R., a minor; Tracy Kilburn, as surviving spouse and next of kin of Robert

Kilburn, deceased; Tracy Kilburn, individually; Michelle Feliciano, as the surviving

2

mother and next of kin of Lucy Connor, deceased; Michelle Feliciano, individually; Kayla Brake as the surviving daughter and next of kin of Reginia Brake, deceased; Carrie Brake, individually; Kayla Brake, individually; Kendra Brake, individually; Cameron Guy, individually; Quentin Brake, individually; and Peggy Betty, as surviving spouse and next of kin of James Betty, deceased; and Peggy Betty, individually; Tiffany Renae Bryant and Shane Keith Bryant, as the surviving parents and next of kin of Lilly-Anne Grace Bryant; Tiffany Renae Bryant, individually; Shane Keith Bryant, individually; Dorothy Handling, as the surviving daughter and next of kin of Hallie Lee Gerber; Joseph Prasnikar, individually; Thomas Sanders, as the surviving brother and next of kin of Joshua Lee Tyrone Hendrix; Kimberly Kee, as the surviving spouse and next of kin of Mark Steven Kee; Kimberly Kee, individually; Henry Kersten, as the surviving spouse and next of kin of Leslie Meek Kersten; Henry Kersten, individually; pursuant to Tennessee Supreme Court Rule 19, hereby move the Court to allow one of their attorneys, Peter J. Flowers, Esq., to appear *pro hac vice* on their behalf in this matter. In support of their motion, Plaintiffs rely on the Affidavit for Admission *Pro Hac Vice* for Peter J. Flowers, Esq., which is attached hereto as Exhibit "A".

In accordance with the requirements of Tennessee Supreme Court Rule 19, a copy of this Motion and its supporting papers will be filed with the Board of Professional Responsibility of the Supreme Court of Tennessee and the necessary fees paid.

**WHEREFORE**, Plaintiffs, respectfully request that this Honorable Court grant their *Motion* and admit Peter J. Flowers, Esq. as their counsel *pro hac vice* to this matter.

3

Respectfully submitted,

**PETER J. FLOWERS**     **IL Bar No. 06210847**
Attorney for Plaintiffs
Meyers & Flowers, LLC
3 North Second Street – Suite 300
St. Charles, Illinois  60174
630.232.6333
630.845.8982 Facsimile
pjf@meyers-flowers.com

4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing *Motion for Admission of Pro Hac Vice of Peter J. Flowers* has been sent to:

CSX Transportation, Inc.
c/o Register Agent C T Corporation System
300 Monvue Road
Knoxville, Tennessee  37919-5546

- ☐ Via U.S. Mail, postage prepaid
- ☐ Via Facsimile
- ☐ Via Email
- ☐ Via UPS overnight
- ☐ Via Hand Delivery/Courier
- ☑ Via Service of Process
- ☐ Via CM/ECF, efile, or other electronic service format

*Defendant*

Mr. James Hughey
1601 East Railroad Street
Waverly, Tennessee  37185

- ☐ Via U.S. Mail, postage prepaid
- ☐ Via Facsimile
- ☐ Via Email
- ☐ Via UPS overnight
- ☐ Via Hand Delivery/Courier
- ☑ Via Service of Process
- ☐ Via CM/ECF, efile, or other electronic service format

*Defendant*

Mr. Sherry Hughey
1601 East Railroad Street
Waverly, Tennessee  37185

- ☐ Via U.S. Mail, postage prepaid
- ☐ Via Facsimile
- ☐ Via Email
- ☐ Via UPS overnight
- ☐ Via Hand Delivery/Courier
- ☑ Via Service of Process
- ☐ Via CM/ECF, efile, or other electronic service format

*Defendant*

, this 5th day of April, 2022.

_____
**TIMOTHY V. POTTER**

5

## EXHIBIT "A"

## AFFIDAVIT FOR THE ADMISSION *PRO HAC VICE* OF PETER J. FLOWERS, ESQ.

STATE OF ILLINOIS )

COUNTY OF COOK )

Personally appeared before me, the undersigned authority in and for the aforesaid jurisdiction, Peter J. Flowers, who after being duly sworn, did state under oath as follows:

1. My name is Peter J. Flowers, I am over the age of 18 and competent to make this affidavit. The statements herein are based on my personal knowledge. I desire to be admitted as counsel *pro hac vice* for Plaintiffs in the above stated matter and am submitting this Affidavit pursuant to Tennessee Supreme Court Rule 19.

2. The style of the cause in which I desire to appear is Matthew Rigney *et al.* v. CSX Transportation, Inc. *et al*, as it appears in the Motion which this Affidavit supports. The case is being contemporaneously filed in the Circuit Court of Humphreys County, Tennessee.

3. My full name is "Peter J. Flowers." My residence address is 4254 Evergreen Drive, Lisle, Illinois 60532. My office address is 3 North Second Street – Suite 300, St. Charles, Illinois 60174; Telephone: (630) 232-6333, Facsimile: (630) 845-8982, E-mail: pjf@meyers-flowers.com.

6

4. I have been admitted to practice law in the following jurisdictions as of the dates set forth: state and federal courts in the State of Illinois, where I was admitted to practice on November 5, 1992.

5. I am currently licensed and in good standing to practice law in each jurisdiction listed in paragraph 4 above. Attached hereto as Exhibit 1 is the Certificate of Good Standing from the Supreme Court of Florida, which is the jurisdiction where I principally practice.

6. I am not currently suspended or disbarred by any jurisdiction in which I have been admitted, and I have never been disciplined or sanctioned by the Board of Professional Responsibility of the Supreme Court of Tennessee, by any similar lawyer disciplinary agency in any jurisdiction, or by any similar lawyer disciplinary authority.

7. No disciplinary action or investigation concerning my conduct is pending before the Board of Professional Responsibility of the Supreme Court of Tennessee, before any similar lawyer disciplinary agency in any jurisdiction, or before any similar lawyer disciplinary authority.

8. I have never been denied admission *pro hac vice* or had an admission *pro hac vice* be revoked by any court in any jurisdiction.

9. I am familiar with the Tennessee Rules of Professional Conduct and the rules governing the proceedings of the Circuit Court of Humphreys County, Tennessee.

10. I consent to the disciplinary jurisdiction of the Board of Professional Responsibility of the Supreme Court of Tennessee and the courts or agencies of Tennessee in any matter arising out of my conduct in this proceeding and agree to be

7

bound by the Tennessee Rules of Professional Conduct and any other rules of conduct applicable to lawyers generally admitted in Tennessee.

11. I have associated with Andrew E. Mills (#031236) of the law firm of Reynolds, Potter, Ragan & Vandivort, PLC, whose address is 210 East College Street, Dickson, Tennessee 37055; Telephone: (615) 446-2221, and who is a member in good standing with this Court and the Tennessee Board of Professional Responsibility, and who will participate as required under Tennessee Supreme Court Rule 19.

12. I have paid all fees required by Tennessee Supreme Court Rule 19 in connection with my motion for admission.

13. I hereby certify that I have caused a copy of this Affidavit, my motion for *pro hac vice* admission, and all associated papers to be served upon all counsel of record in this cause and upon the Board of Professional Responsibility of the Supreme Court of Tennessee.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Peter J. Flowers

SUBSCRIBED TO AND SWORN BEFORE ME

On this __1st__ day of __April__, 2022.

_____
NOTARY PUBLIC

VICTORIA HARTOGH
OFFICIAL SEAL
Notary Public, State of Illinois
My Commission Expires
February 25, 2024

8

## CERTIFICATE OF LOCAL ATTORNEY

I hereby certify that I am a member in good standing of the Tennessee Bar and that I have agreed to be associated with Peter J. Flowers in this cause.

Respectfully submitted,

**TIMOTHY V. POTTER** #017520
**ANDREW E. MILLS** #031236
Reynolds, Potter, Ragan & Vandivort, PLC
210 East College Street
Dickson, Tennessee 37055
615.446.2221
615.446.2232 Facsimile
tpotter@rprvlaw.com
amills@rprvlaw.com

9

# Certificate of Admission
# To the Bar of Illinois

I, Cynthia A. Grant, Clerk of the Supreme Court of Illinois, do hereby certify that

Peter John Flowers

has been duly licensed and admitted to practice as an Attorney and Counselor at Law within this State; has duly taken the required oath to support the CONSTITUTION OF THE UNITED STATES and of the STATE OF ILLINOIS, and also the oath of office prescribed by law, that said name was entered upon the Roll of Attorneys and Counselors in my office on 11/05/1992 and is in good standing, so far as the records of this office disclose.

IN WITNESS WHEREOF, I have hereunto subscribed my name and affixed the seal of said Court, this 20th day of January, 2022.

Cynthia A. Grant

Clerk,
Supreme Court of the State of Illinois



# IN THE CIRCUIT COURT FOR HUMPHREYS COUNTY, TENNESSEE
## AT WAVERLY

MATTHEW RIGNEY and DANIELLE HALL, individually, as the surviving parents and next of kin of Ryan Rigney and Rileighanna Rigney, deceased, and as the parents and legal guardians of M.R. and B.R., minors,

TRACY KILBURN, individually and as the surviving spouse and next of kin of Robert Scott Kilburn, deceased,

MICHELLE FELICIANO, individually and as the surviving parent and next of kin of Lucy Lane Connor, deceased,

KAYLA CELENE BRAKE, individually and as next of kin of Regenia Lynn Brake, deceased,

CARRIE JAZMIN BRAKE, individually,

KENDRA SKYLAR BRAKE, individually,

CAMERON LEVESTER GUY, individually,

QUENTIN ISAIAH BRAKE, individually,

PEGGY BETTY, individually and as surviving spouse of James Michael Betty, deceased,

DOROTHY MAY HANDLING, individually and as the surviving daughter and next of kin of Hallie Lee Gerber, deceased,

JOSEPH PRASNIKAR, individually,

THOMAS SANDERS, individually and as



FILED

APR 05 2022

Edie Stainforth
Circuit Court Clerk

NO. ___#10474___

**JURY DEMAND**

the surviving brother and next of kin of )
Joshua Lee Tyrone Hendrix, deceased, )
)
KIMBERLY KEE, individually and as the )
surviving spouse and next of kin of Mark )
Steven Kee, deceased, )
)
TIFFANY RENAE BRYANT and SHANE )
KEITH BRYANT, individually and as the )
surviving parents of Lilly-Anne Grace )
Bryant, deceased, )
)
HENRY KERSTEN, individually and as )
the surviving spouse and next of kin of )
Leslie Meek Kersten, deceased, )
)
        Plaintiffs, )
   v. )
)
CSX TRANSPORTATION, INC., JAMES )
HUGHEY, and SHERRY HUGHEY, )
)
        Defendants. )

**# 10474**

---

## MOTION FOR THE ADMISSION *PRO HAC VICE* OF
## C. RICHARD NEWSOME, ESQ.

---

Plaintiffs Matthew Rigney and Danielle Hall, as the surviving parents and next

of kin of Ryan Rigney, deceased; Matthew Rigney and Danielle Hall, as the surviving

parents and next of kin of Rileighana Rigney, deceased; Matthew Rigney, individually;

Danielle Hall, individually; Matthew Rigney and Danielle Hall, as the father and legal

guardian of M.R., a minor; Matthew Rigney and Danielle Hall, as the father and legal

guardian of B.R., a minor; Tracy Kilburn, as surviving spouse and next of kin of Robert

Kilburn, deceased; Tracy Kilburn, individually; Michelle Feliciano, as the surviving

2

mother and next of kin of Lucy Connor, deceased; Michelle Feliciano, individually; Kayla Brake as the surviving daughter and next of kin of Reginia Brake, deceased; Carrie Brake, individually; Kayla Brake, individually; Kendra Brake, individually; Cameron Guy, individually; Quentin Brake, individually; and Peggy Betty, as surviving spouse and next of kin of James Betty, deceased; and Peggy Betty, individually; Tiffany Renae Bryant and Shane Keith Bryant, as the surviving parents and next of kin of Lilly-Anne Grace Bryant; Tiffany Renae Bryant, individually; Shane Keith Bryant, individually; Dorothy Handling, as the surviving daughter and next of kin of Hallie Lee Gerber; Joseph Prasnikar, individually; Thomas Sanders, as the surviving brother and next of kin of Joshua Lee Tyrone Hendrix; Kimberly Kee, as the surviving spouse and next of kin of Mark Steven Kee; Kimberly Kee, individually; Henry Kersten, as the surviving spouse and next of kin of Leslie Meek Kersten; Henry Kersten, individually; pursuant to Tennessee Supreme Court Rule 19, hereby move the Court to allow one of their attorneys, C. Richard Newsome, Esq., to appear *pro hac vice* on their behalf in this matter. In support of their motion, Plaintiffs rely on the Affidavit for Admission *Pro Hac Vice* for C. Richard Newsome, Esq., which is attached hereto as Exhibit "A".

In accordance with the requirements of Tennessee Supreme Court Rule 19, a copy of this Motion and its supporting papers will be filed with the Board of Professional Responsibility of the Supreme Court of Tennessee and the necessary fees paid.

3

**WHEREFORE**, Plaintiffs, respectfully request that this Honorable Court grant their *Motion* and admit C. Richard Newsome, Esq. as their counsel *pro hac vice* to this matter.

Respectfully submitted,

C. RICHARD NEWSOME    FL Bar No. 827258
Attorney for Plaintiffs
Newsome Melton, PA
201 South Orange Avenue – Suite 1500
Orlando, Florida 32801
407.648.5977
407.648.5282 Facsimile
newsome@newsomelaw.com

4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing *Motion for Admission of Pro Hac Vice of C. Richard Newsome* has been sent to:

CSX Transportation, Inc.
c/o Register Agent C T Corporation System
300 Monvue Road
Knoxville, Tennessee 37919-5546

- □ Via U.S. Mail, postage prepaid
- □ Via Facsimile
- □ Via Email
- □ Via UPS overnight
- □ Via Hand Delivery/Courier
- ■ Via Service of Process
- □ Via CM/ECF, efile, or other electronic service format

*Defendant*

Mr. James Hughey
1601 East Railroad Street
Waverly, Tennessee 37185

- □ Via U.S. Mail, postage prepaid
- □ Via Facsimile
- □ Via Email
- □ Via UPS overnight
- □ Via Hand Delivery/Courier
- ■ Via Service of Process
- □ Via CM/ECF, efile, or other electronic service format

*Defendant*

Mr. Sherry Hughey
1601 East Railroad Street
Waverly, Tennessee 37185

- □ Via U.S. Mail, postage prepaid
- □ Via Facsimile
- □ Via Email
- □ Via UPS overnight
- □ Via Hand Delivery/Courier
- ■ Via Service of Process
- □ Via CM/ECF, efile, or other electronic service format

*Defendant*

, this 5th day of April, 2022.

_____
TIMOTHY V. POTTER

5

<u>EXHIBIT "A"</u>

## AFFIDAVIT FOR THE ADMISSION *PRO HAC VICE* OF C. RICHARD NEWSOME, ESQ.

**STATE OF FLORIDA )**

**COUNTY OF ORANGE )**

Personally appeared before me, the undersigned authority in and for the aforesaid jurisdiction, C. Richard Newsome, who after being duly sworn, did state under oath as follows:

1.　My name is C. Richard Newsome, I am over the age of 18 and competent to make this affidavit. The statements herein are based on my personal knowledge. I desire to be admitted as counsel *pro hac vice* for Plaintiffs in the above stated matter and am submitting this Affidavit pursuant to Tennessee Supreme Court Rule 19.

2.　The style of the cause in which I desire to appear is Matthew Rigney *et al.* v. CSX Transportation, Inc. *et al*, as it appears in the Motion which this Affidavit supports. The case is being contemporaneously filed in the Circuit Court of Humphreys County, Tennessee.

3.　My full name is "Curtis Richard Newsome." My residence address is 1405 Spring Lake Drive, Orlando, Florida　32804. My office address is 201 South Orange Avenue – Suite 1500, Orlando, Florida　32801; Telephone: (407) 648-5977, Facsimile: (407) 648-5282, E-mail: <u>newsome@newsomelaw.com</u>.

4.　I have been admitted to practice law in the following jurisdictions as of the dates set forth: the Florida Bar (October 17, 1989); the U.S. District Court for the

6

Southern District of Florida (February 12, 1996); the U.S. District Court for the Middle District of Florida (November 30, 1993); the Oregon Bar (December 7, 2018); the New Mexico Bar (April 20, 2009); and the Texas Bar (April 20, 2009).

5. I am currently licensed and in good standing to practice law in each jurisdiction listed in paragraph 4 above. Attached hereto as Exhibit 1 is the Certificate of Good Standing from the Supreme Court of Florida, which is the jurisdiction where I principally practice.

6. I am not currently suspended or disbarred by any jurisdiction in which I have been admitted, and I have never been disciplined or sanctioned by the Board of Professional Responsibility of the Supreme Court of Tennessee, by any similar lawyer disciplinary agency in any jurisdiction, or by any similar lawyer disciplinary authority.

7. No disciplinary action or investigation concerning my conduct is pending before the Board of Professional Responsibility of the Supreme Court of Tennessee, before any similar lawyer disciplinary agency in any jurisdiction, or before any similar lawyer disciplinary authority.

8. I have never been denied admission *pro hac vice* or had an admission *pro hac vice* be revoked by any court in any jurisdiction.

9. I am familiar with the Tennessee Rules of Professional Conduct and the rules governing the proceedings of the Circuit Court of Humphreys County, Tennessee.

10. I consent to the disciplinary jurisdiction of the Board of Professional Responsibility of the Supreme Court of Tennessee and the courts or agencies of Tennessee in any matter arising out of my conduct in this proceeding and agree to be

7

bound by the Tennessee Rules of Professional Conduct and any other rules of conduct applicable to lawyers generally admitted in Tennessee.

11. I have associated with Andrew E. Mills (#031236) of the law firm of Reynolds, Potter, Ragan & Vandivort, PLC, whose address is 210 East College Street, Dickson, Tennessee 37055; Telephone: (615) 446-2221, and who is a member in good standing with this Court and the Tennessee Board of Professional Responsibility, and who will participate as required under Tennessee Supreme Court Rule 19.

12. I have paid all fees required by Tennessee Supreme Court Rule 19 in connection with my motion for admission.

13. I hereby certify that I have caused a copy of this Affidavit, my motion for *pro hac vice* admission, and all associated papers to be served upon all counsel of record in this cause and upon the Board of Professional Responsibility of the Supreme Court of Tennessee.

I declare under penalty of perjury that the foregoing is true and correct.

_____
C. Richard Newsome

SUBSCRIBED TO AND SWORN BEFORE ME

On this ___1st___ day of ___April___, 2022.

_____
NOTARY PUBLIC



LARA SUCHARSKI
Notary Public - State of Florida
Commission # HH 213028
My Comm. Expires Jan 11, 2026
Bonded through National Notary Assn.

8

## CERTIFICATE OF LOCAL ATTORNEY

I hereby certify that I am a member in good standing of the Tennessee Bar and that I have agreed to be associated with C. Richard Newsome in this cause.

Respectfully submitted,

**TIMOTHY V. POTTER**    #017520
**ANDREW E. MILLS**    #031236
Reynolds, Potter, Ragan & Vandivort, PLC
210 East College Street
Dickson, Tennessee  37055
615.446.2221
615.446.2232 Facsimile
tpotter@rprvlaw.com
amills@rprvlaw.com

9

Case 3:22-cv-00342    Document 4-1    Filed 05/11/22    Page 69 of 114 PageID #: 115

# Supreme Court of Florida

## Certificate of Good Standing

I, JOHN A. TOMASINO, Clerk of the Supreme Court of the State of Florida, do

hereby certify that

### CURTIS RICHARD NEWSOME

was admitted as an attorney and counselor entitled to practice law in all the

Courts of the State of Florida on **OCTOBER 17, 1989,** is presently in good

standing, and that the private and professional character of the attorney appear

to be good.



WITNESS my hand and the Seal of the

Supreme Court of Florida at Tallahassee,

the Capital, this **MARCH 22, 2022.**

_____

Clerk of the Supreme Court of Florida

# IN THE CIRCUIT COURT FOR HUMPHREYS COUNTY, TENNESSEE
## AT WAVERLY

MATTHEW RIGNEY and DANIELLE HALL, individually, as the surviving parents and next of kin of Ryan Rigney and Rileighanna Rigney, deceased, and as the parents and legal guardians of M.R. and B.R., minors,

TRACY KILBURN, individually and as the surviving spouse and next of kin of Robert Scott Kilburn, deceased,

MICHELLE FELICIANO, individually and as the surviving parent and next of kin of Lucy Lane Connor, deceased,

KAYLA CELENE BRAKE, individually and as next of kin of Regenia Lynn Brake, deceased,

CARRIE JAZMIN BRAKE, individually,

KENDRA SKYLAR BRAKE, individually,

CAMERON LEVESTER GUY, individually,

QUENTIN ISAIAH BRAKE, individually,

PEGGY BETTY, individually and as surviving spouse of James Michael Betty, deceased,

DOROTHY MAY HANDLING, individually and as the surviving daughter and next of kin of Hallie Lee Gerber, deceased,

JOSEPH PRASNIKAR, individually,

THOMAS SANDERS, individually and as

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

FILED

APR 05 2022

Edie Stainforth
Circuit Court Clerk

NO. _____#10474_____

**JURY DEMAND**

the surviving brother and next of kin of )
Joshua Lee Tyrone Hendrix, deceased, )
)
KIMBERLY KEE, individually and as the )
surviving spouse and next of kin of Mark )
Steven Kee, deceased, )
)
TIFFANY RENAE BRYANT and SHANE )
KEITH BRYANT, individually and as the )
surviving parents of Lilly-Anne Grace )
Bryant, deceased, )
)
HENRY KERSTEN, individually and as )
the surviving spouse and next of kin of )
Leslie Meek Kersten, deceased, )
)
)
Plaintiffs, )
v. )
)
)
CSX TRANSPORTATION, INC., JAMES )
HUGHEY, and SHERRY HUGHEY, )
)
Defendants. )

## ORDER

Pending before the Court are three separate *Motions to Appear Pro Hac Vice* filed by the Plaintiffs requesting that the Court grant Peter J. Flowers, Esq., Frank V. Cesarone, Esq., and C. Richard Newsome, Esq. permission to appear *pro hac vice* in the above-captioned matter on their behalf. Based upon the *Motions* and the Certificates of Good Standing of each of the aforementioned attorneys filed with the Court, the Court is of the opinion that the *Motions* are well taken and should be **GRANTED**.

**IT IS SO ORDERED.**

_____
**CIRCUIT COURT JUDGE**

**APPROVED FOR ENTRY:**

_____
**TIMOTHY V. POTTER**          #017520
**ANDREW E. MILLS**            #031236
Reynolds, Potter, Ragan & Vandivort, PLC
210 East College Street
Dickson, Tennessee  37055
615.446.2221
615.446.2232 Facsimile
tpotter@rprvlaw.com
amills@rprvlaw.com

_Pro Hac Vice:_
**PETER J. FLOWERS**          **IL BAR #06210847**
**FRANK V. CESARONE**         **IL BAR #06307510**
Meyers & Flowers, LLC
3 North Second Street – Suite 300
St. Charles, Illinois  60174
630.232.6333
630.845.8982 Facsimile
pjf@meyers-flowers.com
fvc@meyers-flowers.com

_Pro Hac Vice:_
**C. RICHARD NEWSOME**        **FL BAR #827258**
Newsome Melton, PA
201 South Orange Avenue – Suite 1500
Orlando, Florida  32801
407.648.5977
407.648.5282 Facsimile
newsome@newsomelaw.com

_Attorneys for Plaintiffs_

3

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing *Order* has been sent to:

| CSX Transportation, Inc.<br>c/o Register Agent C T Corporation System<br>300 Monvue Road<br>Knoxville, Tennessee 37919-5546 | □ Via U.S. Mail, postage prepaid<br>□ Via Facsimile<br>□ Via Email<br>□ Via UPS overnight<br>□ Via Hand Delivery/Courier<br>■ Via Service of Process<br>□ Via CM/ECF, efile, or other electronic service format |
|---|---|

*Defendant*

| Mr. James Hughey<br>1601 East Railroad Street<br>Waverly, Tennessee 37185 | □ Via U.S. Mail, postage prepaid<br>□ Via Facsimile<br>□ Via Email<br>□ Via UPS overnight<br>□ Via Hand Delivery/Courier<br>■ Via Service of Process<br>□ Via CM/ECF, efile, or other electronic service format |
|---|---|

*Defendant*

| Mr. Sherry Hughey<br>1601 East Railroad Street<br>Waverly, Tennessee 37185 | □ Via U.S. Mail, postage prepaid<br>□ Via Facsimile<br>□ Via Email<br>□ Via UPS overnight<br>□ Via Hand Delivery/Courier<br>■ Via Service of Process<br>□ Via CM/ECF, efile, or other electronic service format |
|---|---|

*Defendant*

, this 5th day of April, 2022.

_____
TIMOTHY V. POTTER

4

MATTHEW RIGNEY and DANIELLE HALL, individually, as the surviving parents and next of kin of Ryan Rigney and Rileighanna Rigney, deceased, and as the parents and legal guardians of M.R. and B.R., minors,

TRACY KILBURN, individually and as the surviving spouse and next of kin of Robert Scott Kilburn, deceased,

MICHELLE FELICIANO, individually and as the surviving parent and next of kin of Lucy Lane Connor, deceased,

KAYLA CELENE BRAKE, individually and as next of kin of Regenia Lynn Brake, deceased,

CARRIE JAZMIN BRAKE, individually,

KENDRA SKYLAR BRAKE, individually,

CAMERON LEVESTER GUY, individually,

QUENTIN ISAIAH BRAKE, individually,

PEGGY BETTY, individually and as surviving spouse of James Michael Betty, deceased,

DOROTHY MAY HANDLING, individually and as the surviving daughter and next of kin of Hallie Lee Gerber, deceased,

JOSEPH PRASNIKAR, individually,

THOMAS SANDERS, individually and as

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**NO. 10474**

**JURY DEMAND**

**FILED**

APR 1 1 2022

Edie Stainforth
Circuit Court Clerk

the surviving brother and next of kin of )
Joshua Lee Tyrone Hendrix, deceased, )
)
KIMBERLY KEE, individually and as the )
surviving spouse and next of kin of Mark )
Steven Kee, deceased, )
)
TIFFANY RENAE BRYANT and SHANE )
KEITH BRYANT, individually and as the )
surviving parents of Lilly-Anne Grace )
Bryant, deceased, )
)
HENRY KERSTEN, individually and as )
the surviving spouse and next of kin of )
Leslie Meek Kersten, deceased, )
)
       Plaintiffs, )
   v. )
)
CSX TRANSPORTATION, INC., JAMES )
HUGHEY, and SHERRY HUGHEY, )
)
       Defendants. )

## MOTION FOR THE ADMISSION *PRO HAC VICE* OF WILLIAM C. OURAND, ESQ.

Plaintiffs Matthew Rigney and Danielle Hall, as the surviving parents and next of kin of Ryan Rigney, deceased; Matthew Rigney and Danielle Hall, as the surviving parents and next of kin of Rileighana Rigney, deceased; Matthew Rigney, individually; Danielle Hall, individually; Matthew Rigney and Danielle Hall, as the father and legal guardian of M.R., a minor; Matthew Rigney and Danielle Hall, as the father and legal guardian of B.R., a minor; Tracy Kilburn, as surviving spouse and next of kin of Robert Kilburn, deceased; Tracy Kilburn, individually; Michelle Feliciano, as the surviving

2

mother and next of kin of Lucy Connor, deceased; Michelle Feliciano, individually; Kayla Brake as the surviving daughter and next of kin of Reginia Brake, deceased; Carrie Brake, individually; Kayla Brake, individually; Kendra Brake, individually; Cameron Guy, individually; Quentin Brake, individually; and Peggy Betty, as surviving spouse and next of kin of James Betty, deceased; and Peggy Betty, individually; Tiffany Renae Bryant and Shane Keith Bryant, as the surviving parents and next of kin of Lilly-Anne Grace Bryant; Tiffany Renae Bryant, individually; Shane Keith Bryant, individually; Dorothy Handling, as the surviving daughter and next of kin of Hallie Lee Gerber; Joseph Prasnikar, individually; Thomas Sanders, as the surviving brother and next of kin of Joshua Lee Tyrone Hendrix; Kimberly Kee, as the surviving spouse and next of kin of Mark Steven Kee; Kimberly Kee, individually; Henry Kersten, as the surviving spouse and next of kin of Leslie Meek Kersten; Henry Kersten, individually; pursuant to Tennessee Supreme Court Rule 19, hereby move the Court to allow one of their attorneys, William C. Ourand, Esq., to appear *pro hac vice* on their behalf in this matter. In support of their motion, Plaintiffs rely on the Affidavit for Admission *Pro Hac Vice* for William C. Ourand, Esq., which is attached hereto as Exhibit "A".

In accordance with the requirements of Tennessee Supreme Court Rule 19, a copy of this Motion and its supporting papers will be filed with the Board of Professional Responsibility of the Supreme Court of Tennessee and the necessary fees paid.

**WHEREFORE**, Plaintiffs, respectfully request that this Honorable Court grant their *Motion* and admit William C. Ourand, Esq. as their counsel *pro hac vice* to this matter.

Respectfully submitted,

**WILLIAM C. OURAND**     **FL Bar No. 092503**
Attorney for Plaintiffs
Newsome Melton, PA
201 South Orange Avenue – Suite 1500
Orlando, Florida 32801
407.648.5977
407.648.5282 Facsimile
ourand@newsomelaw.com

4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing *Motion for Admission of Pro Hac Vice of William C. Ourand* has been sent to:

CSX Transportation, Inc.
c/o Register Agent C T Corporation System
300 Monvue Road
Knoxville, Tennessee 37919-5546

- ■ Via U.S. Mail, postage prepaid
- □ Via Facsimile
- □ Via Email
- □ Via UPS overnight
- □ Via Hand Delivery/Courier
- □ Via Service of Process
- □ Via CM/ECF, efile, or other electronic service format

*Defendant*

Mr. James Hughey
1601 East Railroad Street
Waverly, Tennessee 37185

- ■ Via U.S. Mail, postage prepaid
- □ Via Facsimile
- □ Via Email
- □ Via UPS overnight
- □ Via Hand Delivery/Courier
- □ Via Service of Process
- □ Via CM/ECF, efile, or other electronic service format

*Defendant*

Mr. Sherry Hughey
1601 East Railroad Street
Waverly, Tennessee 37185

- ■ Via U.S. Mail, postage prepaid
- □ Via Facsimile
- □ Via Email
- □ Via UPS overnight
- □ Via Hand Delivery/Courier
- □ Via Service of Process
- □ Via CM/ECF, efile, or other electronic service format

*Defendant*

, this 8th day of April, 2022.

TIMOTHY V. POTTER

5

# EXHIBIT "A"

## AFFIDAVIT FOR THE ADMISSION *PRO HAC VICE* OF WILLIAM C. OURAND, ESQ.

STATE OF FLORIDA )

COUNTY OF ORANGE )

Personally appeared before me, the undersigned authority in and for the aforesaid jurisdiction, William C. Ourand, who after being duly sworn, did state under oath as follows:

1. My name is William C. Ourand, I am over the age of 18 and competent to make this affidavit. The statements herein are based on my personal knowledge. I desire to be admitted as counsel *pro hac vice* for Plaintiffs in the above stated matter and am submitting this Affidavit pursuant to Tennessee Supreme Court Rule 19.

2. The style of the cause in which I desire to appear is Matthew Rigney *et al.* v. CSX Transportation, Inc. *et al*, as it appears in the Motion which this Affidavit supports. The case is being contemporaneously filed in the Circuit Court of Humphreys County, Tennessee.

3. My full name is "William Carl Ourand, Jr.." My residence address is 508 North River Oaks Drive, Indialantic, Florida 32903. My office address is 201 South Orange Avenue – Suite 1500, Orlando, Florida 32801; Telephone: (407) 648-5977, Facsimile: (407) 648-5282, E-mail: ourand@newsomelaw.com.

4. I have been admitted to practice law in the following jurisdictions as of the dates set forth: the Florida Bar (September 21, 2011); the U.S. District Court for the

6

Middle District of Florida (February 9, 2012); the U.S. District Court for the Southern District of Florida (December 19, 2014); and the U.S. District Court for the Northern District of Florida (March 10, 2016).

5. I am currently licensed and in good standing to practice law in each jurisdiction listed in paragraph 4 above. Attached hereto as Exhibit 1 is the Certificate of Good Standing from the Supreme Court of Florida, which is the jurisdiction where I principally practice.

6. I am not currently suspended or disbarred by any jurisdiction in which I have been admitted, and I have never been disciplined or sanctioned by the Board of Professional Responsibility of the Supreme Court of Tennessee, by any similar lawyer disciplinary agency in any jurisdiction, or by any similar lawyer disciplinary authority.

7. No disciplinary action or investigation concerning my conduct is pending before the Board of Professional Responsibility of the Supreme Court of Tennessee, before any similar lawyer disciplinary agency in any jurisdiction, or before any similar lawyer disciplinary authority.

8. I have never been denied admission *pro hac vice* or had an admission *pro hac vice* be revoked by any court in any jurisdiction.

9. I am familiar with the Tennessee Rules of Professional Conduct and the rules governing the proceedings of the Circuit Court of Humphreys County, Tennessee.

10. I consent to the disciplinary jurisdiction of the Board of Professional Responsibility of the Supreme Court of Tennessee and the courts or agencies of Tennessee in any matter arising out of my conduct in this proceeding and agree to be

7

bound by the Tennessee Rules of Professional Conduct and any other rules of conduct applicable to lawyers generally admitted in Tennessee.

11.     I have associated with Andrew E. Mills (#031236) of the law firm of Reynolds, Potter, Ragan & Vandivort, PLC, whose address is 210 East College Street, Dickson, Tennessee 37055; Telephone: (615) 446-2221, and who is a member in good standing with this Court and the Tennessee Board of Professional Responsibility, and who will participate as required under Tennessee Supreme Court Rule 19.

12.     I have paid all fees required by Tennessee Supreme Court Rule 19 in connection with my motion for admission.

13.     I hereby certify that I have caused a copy of this Affidavit, my motion for *pro hac vice* admission, and all associated papers to be served upon all counsel of record in this cause and upon the Board of Professional Responsibility of the Supreme Court of Tennessee.

I declare under penalty of perjury that the foregoing is true and correct.

William C. Ourand

SUBSCRIBED TO AND SWORN BEFORE ME

On this _4th_ day of _April_, 2022.

NOTARY PUBLIC

LARA SUCHARSKI
Notary Public - State of Florida
Commission # HH 213028
My Comm. Expires Jan 11, 2026
Bonded through National Notary Assn.

8



## CERTIFICATE OF LOCAL ATTORNEY

I hereby certify that I am a member in good standing of the Tennessee Bar and that I have agreed to be associated with William C. Ourand in this cause.

Respectfully submitted,

TIMOTHY V. POTTER          #017520
ANDREW E. MILLS          #031236
Reynolds, Potter, Ragan & Vandivort, PLC
210 East College Street
Dickson, Tennessee 37055
615.446.2221
615.446.2232 Facsimile
tpotter@rprvlaw.com
amills@rprvlaw.com

9

# Supreme Court of Florida

## Certificate of Good Standing

I, JOHN A. TOMASINO, Clerk of the Supreme Court of the State of Florida, do

hereby certify that

### WILLIAM CARL OURAND JR.

was admitted as an attorney and counselor entitled to practice law in all the

Courts of the State of Florida on **SEPTEMBER 21, 2011**, is presently in good

standing, and that the private and professional character of the attorney appear

to be good.



WITNESS my hand and the Seal of the

Supreme Court of Florida at Tallahassee,

the Capital, this MARCH 22, 2022.

_____
Clerk of the Supreme Court of Florida

the surviving brother and next of kin of )
Joshua Lee Tyrone Hendrix, deceased, )
)
KIMBERLY KEE, individually and as the )
surviving spouse and next of kin of Mark )
Steven Kee, deceased, )
)
TIFFANY RENAE BRYANT and SHANE )
KEITH BRYANT, individually and as the )
surviving parents of Lilly-Anne Grace )
Bryant, deceased, )
)
HENRY KERSTEN, individually and as )
the surviving spouse and next of kin of )
Leslie Meek Kersten, deceased, )
)
      Plaintiffs, )
    v. )
)
CSX TRANSPORTATION, INC., JAMES )
HUGHEY, and SHERRY HUGHEY, )
)
      Defendants. )



**FILED**

APR 1 2 2022

Edie Stainforth
Circuit Court Clerk

# ORDER

Pending before the Court is a *Motion to Appear Pro Hac Vice* filed by the Plaintiffs requesting that the Court grant William C. Ourand, Esq. permission to appear *pro hac vice* in the above-captioned matter on their behalf. Based upon the *Motion* and the Certificate of Good Standing of the aforementioned attorney filed with the Court, the Court is of the opinion that the *Motion* is well taken and should be **GRANTED**.

2

**IT IS SO ORDERED.**

_____
CIRCUIT COURT JUDGE

**APPROVED FOR ENTRY:**

TIMOTHY V. POTTER    #017520
ANDREW E. MILLS    #031236
Reynolds, Potter, Ragan & Vandivort, PLC
210 East College Street
Dickson, Tennessee  37055
615.446.2221
615.446.2232 Facsimile
tpotter@rprvlaw.com
amills@rprvlaw.com

_Pro Hac Vice:_
PETER J. FLOWERS    IL BAR #06210847
FRANK V. CESARONE    IL BAR #06307510
Meyers & Flowers, LLC
3 North Second Street – Suite 300
St. Charles, Illinois  60174
630.232.6333
630.845.8982 Facsimile
pjf@meyers-flowers.com
fvc@meyers-flowers.com

_Pro Hac Vice:_
C. RICHARD NEWSOME    FL BAR #827258
Newsome Melton, PA
201 South Orange Avenue – Suite 1500
Orlando, Florida  32801
407.648.5977
407.648.5282 Facsimile
newsome@newsomelaw.com

_Attorneys for Plaintiffs_

3

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing *Order* has been sent to:

CSX Transportation, Inc.
c/o Register Agent C T Corporation System
300 Monvue Road
Knoxville, Tennessee  37919-5546

■ Via U.S. Mail, postage prepaid
□ Via Facsimile
□ Via Email
□ Via UPS overnight
□ Via Hand Delivery/Courier
□ Via Service of Process
□ Via CM/ECF, efile, or other electronic service format

*Defendant*

Mr. James Hughey
1601 East Railroad Street
Waverly, Tennessee  37185

■ Via U.S. Mail, postage prepaid
□ Via Facsimile
□ Via Email
□ Via UPS overnight
□ Via Hand Delivery/Courier
□ Via Service of Process
□ Via CM/ECF, efile, or other electronic service format

*Defendant*

Mr. Sherry Hughey
1601 East Railroad Street
Waverly, Tennessee  37185

■ Via U.S. Mail, postage prepaid
□ Via Facsimile
□ Via Email
□ Via UPS overnight
□ Via Hand Delivery/Courier
□ Via Service of Process
□ Via CM/ECF, efile, or other electronic service format

*Defendant*

, this 8th day of April, 2022.

TIMOTHY V. POTTER

4

## IN THE CIRCUIT COURT FOR HUMPHREYS COUNTY, TENNESSEE
## AT WAVERLY

MATTHEW RIGNEY and DANIELLE HALL, individually, as the surviving parents and next of kin of Ryan Rigney and Rileighanna Rigney, deceased, and as the parents and legal guardians of M.R. and B.R., minors,

TRACY KILBURN, individually and as the surviving spouse and next of kin of Robert Scott Kilburn, deceased,

MICHELLE FELICIANO, individually and as the surviving parent and next of kin of Lucy Lane Connor, deceased,

KAYLA CELENE BRAKE, individually and as next of kin of Regenia Lynn Brake, deceased,

CARRIE JAZMIN BRAKE, individually,

KENDRA SKYLAR BRAKE, individually,

CAMERON LEVESTER GUY, individually,

QUENTIN ISAIAH BRAKE, individually,

PEGGY BETTY, individually and as surviving spouse of James Michael Betty, deceased,

DOROTHY MAY HANDLING, individually and as the surviving daughter and next of kin of Hallie Lee Gerber, deceased,

JOSEPH PRASNIKAR, individually,

THOMAS SANDERS, individually and as

) NO. 10474

) **JURY DEMAND**

| MATTHEW RIGNEY ET AL | Vs. | CSX TRANSPORTATION, INC. ET AL |

Served On:

CSX Transportation, Inc. c/o Registered Agent C T Corporation System, 300 Montvue Road, Knoxville, Tennessee 37919-5546

You are hereby summoned to defend a civil action filed against you in _Circuit_ Court, _Humphreys_ County, Tennessee. Your defense must be made within thirty (30) days from the date this summons is served upon you. You are directed to file your defense with the clerk of the court and send a copy to the plaintiff's attorney at the address listed below. If you fail to defend this action by the below date, judgment by default may be rendered against you for the relief sought in the complaint.

Issued: _4|5|22_

Clerk / Deputy Clerk

Attorney for Plaintiff: Timothy V. Potter, Esq. et al, 210 East College Street, Dickson, Tennessee 37055, 615.446.2221

## NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S): Tennessee law provides a ten thousand dollar ($10,000) personal property exemption as well as a homestead exemption from execution or seizure to satisfy a judgment. The amount of the homestead exemption depends upon your age and the other factors which are listed in TCA § 26-2-301. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for your self and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state file number on list.

Mail list to _____, _____ Clerk, _____ County

FILED

APR 05 2022

Edie Stainforth
Circuit Court Clerk

## CERTIFICATION (IF APPLICABLE)

I, _____, _____ Clerk of _____ County do certify this to be a true and correct copy of the original summons issued in this case.

Date: _____

Clerk / Deputy Clerk

**OFFICER'S RETURN:** Please execute this summons and make your return within ninety (90) days of issuance as provided by law.

I certify that I have served this summons together with the complaint as follows: _____

CSX Transportation    REFUSED TO SIGN

Date: _____     By: n Bauer 2525 kcso
Please Print Officer, Title

APR 1 2 2022

Agency Address          Signature

**RETURN ON SERVICE OF SUMMONS BY MAIL:** I hereby certify and return that on _____, I sent postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in the above styled case, to the defendant _____. On _____ I received the return receipt, which had been signed by _____ on _____. The return receipt is attached to this original summons to be filed by the Court Clerk.

Date: _____

Notary Public / Deputy Clerk (Comm. Expires _____)

Signature of Plaintiff          Plaintiff's Attorney (or Person Authorized to Serve Process)

(Attach return receipt on back)

FILED

APR 8 2022

Edie Stainforth
Circuit Court Clerk

*ADA: If you need assistance or accommodations because of a disability, please call _____, ADA Coordinator at _____.*

Rev. 03/11

IN THE CIRCUIT COURT
FOR HUMPHREYS COUNTY, TENNESSEE
AT WAVERLY

MATTHEW RIGNEY and DANIELLE )
HALL, individually, as the surviving )
parents and next of kin of Ryan )
Rigney and Rileighanna Rigney, )
deceased, and as the parents and )
legal guardians of M.R. and B.R., )
minors, TRACY KILBURN, individually )
and as the surviving spouse and next )
of kin of Robert Scott Kilburn, )
deceased, MICHELLE FELICIANO, )
individually and as the surviving )
parent and next of kin of Lucy Lane )
Connor, deceased, KAYLA CELENE )
BRAKE, individually and as next of kin )
of Regenia Lynn Brake, deceased, )
CARRIE JAZMIN BRAKE, individually, )
Kendra Skylar Brake, individually, )
CAMERON LEVESTER GUY, )
individually, QUENTIN ISAIAH BRAKE, )
individually, PEGGY BETTY, )
individually and as surviving spouse )
of James Michael Betty, deceased, )
DOROTHY MAY HANDLING, )
individually and as the surviving )
daughter and next of kin of Hallie Lee )
Gerber, deceased, JOSEPH )
PRASNIKAR, individually, THOMAS )
SANDERS, individually and as the )
surviving brother and next of kin of )
Joshua Lee Tyrone Hendrix, )
deceased, KIMBERLY KEE, )
individually and as the surviving )
spouse and next of kin of Mark Steven )
Kee, deceased, TIFFANY RENAE )
BRYANT and SHANE KEITH BRYANT, )
individually and as the surviving )
parents of Lilly-Anne Grace Bryant, )
deceased, HENRY KERSTEN, )
individually and as the surviving )
spouse and next of kin of Leslie Meek )
Kersten, deceased, )

FILED

APR 2 7 2022

Edie Stainforth
Circuit Court Clerk

|  |  |  |
|---|---|---|
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 10474 |
| | ) | |
| CSX TRANSPORTATION, INC., | ) | |
| JAMES HUGHEY, and SHERRY | ) | |
| HUGHEY, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF APPEARANCE

Parks. T. Chastain, Corey R. Miller and Ellen G. Hendrickson and the law firm of

Brewer, Krause, Brooks & Chastain, PLLC, enter their appearance as attorneys of record

for the defendants, James Hughey and Sherry Hughey, in the above-styled case.

Respectfully submitted,

**PARKS T. CHASTAIN**
Registration No. 13744
DIRECT: (615) 630-7717
(615) 256-8787, Ext. 114
pchastain@bkblaw.com
**CORY R. MILLER**
Registration No. 34770
DIRECT: (615) 630-7745
(615) 256-8787, Ext. 145
cmiller@bkblaw.com
**ELLEN G. HENDRICKSON**
Registration No. 039332
DIRECT: (615) 630-7721
(615) 256-8787, Ext. 127
ehendrickson@bkblaw.com
Attorneys for Defendants, James Hughey and Sherry
Hughey

**BREWER, KRAUSE, BROOKS & CHASTAIN, PLLC**
545 Mainstream Drive, Suite 101
Nashville, TN 37228

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of April, 2022, a true and correct copy of the foregoing has been sent, via first-class mail, postage prepaid to:

Timothy V. Potter, Esquire
Andrew E. Mills, Esquire
Reynolds, Potter, Ragan & Vandivort, PLC
210 East College Street
Dickson, TN 37055

Peter J. Flowers, Esquire
Frank V. Cesarone, Esquire
Meyers & Flowers, LLC
Three North Second Street, Suite 300
St. Charles, IL 60174

C. Richard Newsome, Esquire
Newsome Melton, PA
201 South Orange Avenue, Suite 1500
Orlando, FL 32801

ELLEN G. HENDRICKSON

EGH:kjs

IN THE CIRCUIT COURT
FOR HUMPHREYS COUNTY, TENNESSEE
AT WAVERLY

MATTHEW RIGNEY and DANIELLE          )
HALL, individually, as the surviving  )
parents and next of kin of Ryan       )
Rigney and Rileighanna Rigney,        )
deceased, and as the parents and      )
legal guardians of M.R. and B.R.,     )
minors, TRACY KILBURN, individually   )
and as the surviving spouse and next  )
of kin of Robert Scott Kilburn,       )
deceased, MICHELLE FELICIANO,         )
individually and as the surviving     )
parent and next of kin of Lucy Lane   )
Connor, deceased, KAYLA CELENE        )
BRAKE, individually and as next of kin)
of Regenia Lynn Brake, deceased,      )
CARRIE JAZMIN BRAKE, individually,    )
Kendra Skylar Brake, individually,    )
CAMERON LEVESTER GUY,                 )
individually, QUENTIN ISAIAH BRAKE,   )
individually, PEGGY BETTY,            )
individually and as surviving spouse  )
of James Michael Betty, deceased,     )
DOROTHY MAY HANDLING,                 )
individually and as the surviving     )
daughter and next of kin of Hallie Lee)
Gerber, deceased, JOSEPH              )
PRASNIKAR, individually, THOMAS       )
SANDERS, individually and as the      )
surviving brother and next of kin of  )
Joshua Lee Tyrone Hendrix,            )
deceased, KIMBERLY KEE,               )        No. 10474
individually and as the surviving     )
spouse and next of kin of Mark Steven )        JURY DEMAND
Kee, deceased, TIFFANY RENAE          )
BRYANT and SHANE KEITH BRYANT,        )
individually and as the surviving     )
parents of Lilly-Anne Grace Bryant,   )
deceased, HENRY KERSTEN,              )
individually and as the surviving     )
spouse and next of kin of Leslie Meek )
Kersten, deceased,                    )

FILED

MAY 0 5 2022

Edie Stainforth
Circuit Court Clerk

|  |  |
|---|---|
| Plaintiffs, | ) |
|  | ) |
|  | ) |
| v. | ) |
|  | ) |
|  | ) |
| CSX TRANSPORTATION, INC., | ) |
| JAMES HUGHEY, and SHERRY | ) |
| HUGHEY, | ) |
|  | ) |
| Defendants. | ) |

## <u>ANSWER OF THE DEFENDATS, JAMES HUGHEY AND SHERRY HUGHEY</u>

Come now the defendants, James Hughey and Sherry Hughey (collectively "these defendants"), by and through counsel, and for their answer to plaintiffs' complaint, would show unto this Honorable Court as follows:

These defendants initially deny any wrongful conduct as alleged in the unnumbered introductory section of the Complaint.

1. These defendants admit only that a flood occurred in Waverly on August 21, 2021, leading to the death of many people including children. These defendants have insufficient knowledge or information upon which to form a belief as to the truth of the remaining averments of paragraph 1.

2. These defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph.

3. These defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 3.

4. These defendants admit that CSX would allow debris to accumulate on its property but are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 4.

5. These defendants are without knowledge or information sufficient to form a

belief as to the truth of the averments of paragraph 5.

6.     These defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 6.

7.     These defendants admit that, on three occasions, CSX trespassed onto their property and piled various debris on their property including a track hoe but these were removed prior to the flood, to the best of these Defendants' knowledge. These defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 7.

8.     Denied.

9.     Denied.

10.     Denied.

11.     Denied.

12.     These defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 12.

13.     These defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 13.

14.     These defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 14.

15.     These defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 15.

16.     These defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 16.

17.     These defendants deny the averments of paragraph 17 directed at them. As

to the allegations against CSX, these defendants are without knowledge or information sufficient to form a belief as to the truth of the averments.

## I. PARTIES, JURISDICTION, AND VENUE

18. These defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraphs 18, subparagraph a through k.

19. These defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 19.

20. These defendants admit the averments of paragraph 20.

## II. GENERAL ALLEGATIONS

21. These defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 21.

22. These defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 22.

23. These defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 23.

24. These defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 24.

25. These defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 25.

26. These defendants admit water came upon their land. These defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 26.

27. These defendants are without knowledge or information sufficient to form a

belief as to the truth of the averments of paragraph 27.

28. These defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 28.

29. These defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 29.

30. These defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 30.

31. These defendants deny any action causing the formation of the alleged artificial lake behind CSX's Railbed, or any knowledge of such an event that would have prompted any reporting as asserted in this paragraph. These defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 31.

32. These defendants admit Waverly had been subject to severe flooding on prior occasions (including 2010) but aver that this fold water also accumulated rapidly. These defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 32.

33. These defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 33.

34. These defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 34.

35. These defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 35.

36. These defendants are without knowledge or information sufficient to form a

belief as to the truth of the averments of paragraph 36.

37.     These defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 37.

38.     These defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 38.

39.     These defendants admit Waverly sustained historic flooding in 2010, and again in 2019, and that rainfalls on at least one of those days are recorded as historic. To the extent the averments of this paragraph of the Complaint are inconsistent with these admissions, these defendants are without knowledge or information sufficient to form a belief as to the truth of such averments.

40.     These defendants admit that portions of Waverly sit in a valley but are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 40.

41.     Denied.

42.     These defendants admit historic rain fell in Waverly between May 1 and May 3, 2010. These defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 42.

43.     These defendants admit there was widespread flooding in 2010, including in Waverly, resulting in property damage and loss of life in Middle Tennessee. These defendants admit that flood had been called the 1,000-year flood. These defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 43.

44.     These defendants are without knowledge or information sufficient to form a

belief as to the truth of the averments of paragraph 44.

45. These defendants admit that there was extensive flash flooding – with waters rising quickly – in 2019 in Humphreys County. These defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 45.

46. These defendants admit Waverly sustained major flooding in February 2019. These defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 46.

47. These defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 47.

48. These defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 48.

49. These defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 49.

50. These defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 50.

51. These defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 51.

52. These defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 52.

53. These defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 53.

54. These defendants are without knowledge or information sufficient to form a

Case 3:22-cv-00342    Document 4-1    Filed 05/11/22    Page 100 of 114 PageID #: 146

belief as to the truth of the averments of paragraph 54.

55. These defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 55.

56. These defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 56.

57. These defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 57.

58. These defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 58.

59. These defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 59.

60. These defendants deny the averments of paragraph 60 directed at them. These defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph.

61. These defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 61.

### III. DEFENDANTS TORTIOUS ACTS AND OMISSIONS

62. Admitted, based upon information and belief.

63. These defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 63.

64. These defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 64.

65. These defendants admit that CSX owned the area referenced in the

Case 3:22-cv-00342    Document 4-1    Filed 05/11/22    Page 101 of 114 PageID #: 147

Complaint but otherwise are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph.

66. These defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 66.

67. These defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 67.

68. These defendants admit they owned the parcel referenced herein, and that it is located near Highway 70 East in Humphreys County. It is admitted a portion of Trace Creek runs through their property. These defendants deny the remaining averments of paragraph 68.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. These defendants admit they knew Waverly had sustained flooding in 2010 and 2019, and that the 2010 flood was called the 1,000-year flood. The remaining averments of paragraph 76 are denied.

77. Denied.

78. Denied.

## IV. CAUSES OF ACTION

79. These defendants adopt all the admissions, denials and other averments of Paragraphs 1 through 78 of this Answer as is more realleged in full.

80. These defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 80.

81. Denied.

82. These defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 82.

83. These defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 83.

84. These defendants deny Plaintiffs are entitled to the relief sought contained in paragraph 84 against these defendants.

85. These defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 85.

86. These defendants adopt all the admissions, denials and other averments of Paragraphs 1 through 85 of this Answer as is more realleged in full.

87. These defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 87.

88. Denied.

89. These defendants deny the averments of paragraph 89 directed at them. These defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 89.

90. These defendants deny the characterization of the flood contained herein, and deny any liability, but otherwise are without knowledge or information sufficient to form a

belief as to the truth of the remaining averments of paragraph 90.

91. These defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 91.

92. These defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 92.

93. These defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 93.

94. These defendants adopt all the admissions, denials and other averments of Paragraphs 1 through 93 of this Answer as is more realleged in full.

95. These defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 95.

96. Denied.

97. These defendants deny the averments of paragraph 97 directed at them. These defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 97.

98. These defendants deny the characterization of the flood contained herein, and deny any liability, but otherwise are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 98.

99. These defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 99.

100. These defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 100.

101. These defendants are without knowledge or information sufficient to form a

belief as to the truth of the averments of paragraph 101.

102. These defendants adopt all the admissions, denials and other averments of Paragraphs 1 through 101 of this Answer as is more realleged in full.

103. These defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 103.

104. Denied.

105. These defendants deny the averments of paragraph 105 directed at them. These defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 105.

106. These defendants deny the averments of paragraph 106 directed at these defendants. These defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 106.

107. These defendants deny Plaintiffs are entitled to the relief sought in paragraph 107.

108. These defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 108.

109. These defendants deny the Plaintiffs are entitled to the relief sought in their "Wherefore" paragraphs of their Complaint.

110. These defendants deny all remaining averments of the Complaint not heretofore specifically admitted or denied.

## AFFIRMATIVE DEFENSES

111. These defendants deny liability to the plaintiffs under any theory of law or recovery in any amount whatsoever. These defendants deny they were negligent, acted

wrongfully, or were at fault in any manner with respect to the plaintiffs' alleged damages.

112. The plaintiffs failed to state a claim upon which relief may be granted under Tenn. R. Civ. P. 12.02(6) with respect to punitive damages. There are no specific claims for punitive damages against these defendants in the Complaint, yet the prayer for relief asserts entitlement to punitive damages against all defendants. If this is not corrected, these defendants reserve the right to move to dismiss for failure to state a claim.

113. The plaintiffs failed to state a claim upon which relief may be granted under Tenn. R. Civ. P. 12.02(6) with respect to any duty of care to the plaintiffs. These defendants did not own or maintain the parcel of property where the alleged debris accumulated causing damages to the plaintiffs. These defendants never participated or in any way related to any CSX's operations. These defendants never permitted, condoned, or encouraged CSX to pile debris, machinery, or any other materials on defendants' property. These defendants assert that several years ago these defendants enlisted the assistance of the Sherrif's Department and CSX's contractor to remove a track hoe that CSX left on the defendants' property. CSX have trespassed to defendants' property on two other occasions where these defendants requested CSX to remove debris left on the defendants' property. The track hoe and debris were removed before the occurrence of the flood referenced in the Complaint. These defendants assert that on the day of the flood, there were no debris piled up within their property that would cause a blockage of the Trace Creek's natural flow. Further, to the extent the alleged debris blockage was in the culvert located within CSX's property, these defendants did not owe a duty to remove such debris. As such, these defendants did not owe any plaintiff a duty to warn for any hazardous conditions CSX created within CSX's property. Based on the foregoing, plaintiffs failed to establish that these defendants have a

duty of care, a required element of plaintiffs' claim for negligence. Thus, the plaintiffs are barred from any recovery from these defendants.

114. In the alternative and to the extent the allegations of the plaintiffs against CSX are correct, these defendants assert the doctrines of comparative fault against CSX, asserting that the actions alleged by the plaintiffs, if shown to be accurate and the cause of the injury and damage alleged herein, were the proximate cause of any injury of damage sustained by the plaintiffs. Any award against these defendants cannot exceed the percentage of fault, if any, attributable to these defendants.

115. In the alternative, these defendants allege that the injuries and damages of which the plaintiffs complaint, resulted from an unforeseeable act of God. These defendants assert that the plaintiffs' damages were caused by the direct, immediate, and exclusive operation of the forces of nature, uncontrolled or uninfluenced by the power of man and without human intervention. These defendants could not have prevented the plaintiffs' damages by any amount of foresight or prudence. Thus, the Plaintiffs are barred from any recovery from these defendants.

116. To the extent punitive damages are asserted against these defendants, it is averred that plaintiffs' claim for punitive damages violates the Fourth, Fifth, Sixth, Eight and fourteenth Amendments of the Constitution of the United States on the following grounds:

a) It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

Case 3:22-cv-00342     Document 4-1     Filed 05/11/22     Page 107 of 114 PageID #: 153

b)    The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection clauses of the Fourteenth Amendment of the United States Constitution;

c)    The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against defendant, which thereby violates the Due Process Cause of the Fourteenth Amendment of the United Sates Constitution;

d)    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United Sates Constitution;

e)    The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

f)    The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

117.    Plaintiff's claim of punitive damages violates the Due Process Clause of the Constitution of Tennessee on the following grounds:

a)    It is a violation of the Due Process Clause to impose punitive damages,

Case 3:22-cv-00342    Document 4-1    Filed 05/11/22    Page 108 of 114 PageID #: 154

which are penal in nature, against a civil defendant upon the plaintiff's satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

b)  The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against this defendant;

c)  The procedures pursuant to which punitive damages are awarded are unconstitutionally vague and not rationally related to legitimate government interest;

d)  The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages;

e)  The award of the punitive damages in this case constitutes a deprivation of property without due process of law; and

f)  It is a violation of the Due Process Clause to impose punitive damages against the defendants, which are penal in nature, yet compel defendants to disclose potentially incriminating documents and evidence.

g).  The award of punitive damages to the plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

118.  In light of the foregoing, these defendants assert that this action should be bifurcated so that the amount of punitive damages, if any, is determined in a separate proceeding pursuant to Tennessee Supreme Court's ruling in Hodges v. S.C. Toof & Co., 833 S.W. 2d 896 (Tenn. 1992).

119.  These defendants would further show no act or omission on their part was intentional, fraudulent, malicious or reckless, which under the standards set forth in T.C.A.

§ 29-39-104(a)(1), must be shown by clear and convincing evidence, and as such, any award of punitive damages under the standards set forth in the State of Tennessee is unwarranted as to these defendants.

120. In addition, these defendants assert that any claim for punitive damages will be capped by T.C.A. § 29-39-104.

121. In addition, the recovery sought by the plaintiffs, and each of them, is subject to the limitations imposed by T.C.A. § 29-39-102.

WHEREFORE, having fully answered plaintiff's Complaint, defendants, James Hughey and Sherry Hughey pray it to be dismissed with costs hereof taxed to the plaintiff. In the alternative, these defendants demand a jury twelve (12) persons to try this cause and such other relief as the Court deems just and proper to award.

Respectfully submitted,

**PARKS T. CHASTAIN**
Registration No. 13744
DIRECT: (615) 630-7717
(615) 256-8787, Ext. 114
pchastain@bkblaw.com
**CORY R. MILLER**
Registration No. 34770
DIRECT: (615) 630-7745
(615) 256-8787, Ext. 145
cmiller@bkblaw.com
**ELLEN G. HENDRICKSON**
Registration No. 039332
DIRECT: (615) 630-7721
(615) 256-8787, Ext. 127
ehendrickson@bkblaw.com
Attorneys for Defendants, James Hughey and Sherry Hughey

**BREWER, KRAUSE, BROOKS & CHASTAIN, PLLC**
545 Mainstream Drive, Suite 101
Nashville, TN 37228

### CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of May, 2022, a true and correct copy of the foregoing has been sent, via first-class mail, postage prepaid to:

Timothy V. Potter, Esquire
Andrew E. Mills, Esquire
Reynolds, Potter, Ragan & Vandivort, PLC
210 East College Street
Dickson, TN 37055

Peter J. Flowers, Esquire
Frank V. Cesarone, Esquire
Meyers & Flowers, LLC
Three North Second Street, Suite 300
St. Charles, IL 60174

C. Richard Newsome, Esquire
Newsome Melton, PA
201 South Orange Avenue, Suite 1500
Orlando, FL 32801

_____
**ELLEN G. HENDRICKSON**

PTC:egh:

MATTHEW RIGNEY and DANIELLE HALL, individually, as the surviving parents and next of kin of Ryan Rigney and Rileighanna Rigney, deceased, and as the parents and legal guardians of M.R. and B.R., minors, TRACY KILBURN, individually and as the surviving spouse and next of kin of Robert Scott Kilburn, deceased, MICHELLE FELICIANO, individually and as the surviving parent and next of kin of Lucy Lane Connor, deceased, KAYLA CELENE BRAKE, individually and as next of kin of Regenia Lynn Brake, deceased, CARRIE JAZMIN BRAKE, individually, Kendra Skylar Brake, individually, CAMERON LEVESTER GUY, individually, QUENTIN ISAIAH BRAKE, individually, PEGGY BETTY, individually and as surviving spouse of James Michael Betty, deceased, DOROTHY MAY HANDLING, individually and as the surviving daughter and next of kin of Hallie Lee Gerber, deceased, JOSEPH PRASNIKAR, individually, THOMAS SANDERS, individually and as the surviving brother and next of kin of Joshua Lee Tyrone Hendrix, deceased, KIMBERLY KEE, individually and as the surviving spouse and next of kin of Mark Steven Kee, deceased, TIFFANY RENAE BRYANT and SHANE KEITH BRYANT, individually and as the surviving parents of Lilly-Anne Grace Bryant, deceased, HENRY KERSTEN, individually and as the surviving spouse and next of kin of Leslie Meek Kersten, deceased,

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. 10474

JURY DEMAND

FILED

MAY 0 5 2022

Edie Stainforth
Circuit Court Clerk

|  |  |
|---|---|
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| CSX TRANSPORTATION, INC., | ) |
| JAMES HUGHEY, and SHERRY | ) |
| HUGHEY, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' TWELVE PERSON JURY DEMAND PURSUANT TO TENNESSEE SUPREME COURT ORDER ADM2020-00428

Come now the defendants, James Hughey and Sherry Hughey (collectively "these defendants"), by and through counsel, and hereby demands a jury of 12 to try this cause pursuant to section one of Tennessee Supreme Court Order ADM2020-00428.

Tennessee Supreme Court Order ADM2020-00428 provides that "jury trials shall proceed with a six (6) person jury absent a specific written request by one of the parties for a twelve (12) person jury, separate and apart from any demand for a twelve (12) person jury contained in a complaint or answer." This pleading acts as Defendant's specific written request for a twelve (12) person jury in the above-styled matter.

Respectfully submitted,

_____
**PARKS T. CHASTAIN**
Registration No. 13744
DIRECT: (615) 630-7717
(615) 256-8787, Ext. 114
pchastain@bkblaw.com
**CORY R. MILLER**
Registration No. 34770
DIRECT: (615) 630-7745
(615) 256-8787, Ext. 145
cmiller@bkblaw.com
**ELLEN G. HENDRICKSON**
Registration No. 039332
DIRECT: (615) 630-7721

ST Tidwell Portillo Jury Req 220301

2

(615) 256-8787, Ext. 127
ehendrickson@bkblaw.com
Attorneys for Defendants, James Hughey and Sherry
Hughey

**BREWER, KRAUSE, BROOKS & CHASTAIN, PLLC**
545 Mainstream Drive, Suite 101
Nashville, TN 37228

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of May, 2022, a true and correct copy of the foregoing has been sent, via first-class mail, postage prepaid to:

Timothy V. Potter, Esquire
Andrew E. Mills, Esquire
Reynolds, Potter, Ragan & Vandivort, PLC
210 East College Street
Dickson, TN 37055

Peter J. Flowers, Esquire
Frank V. Cesarone, Esquire
Meyers & Flowers, LLC
Three North Second Street, Suite 300
St. Charles, IL 60174

C. Richard Newsome, Esquire
Newsome Melton, PA
201 South Orange Avenue, Suite 1500
Orlando, FL 32801

*Ellen Hendrickson*

**ELLEN G. HENDRICKSON**

PTC:egh: