IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MATTHEW RIGNEY and DANIELLE HALL, individually, as the surviving parents and next of kin of Ryan Rigney and Rileighanna Rigney, deceased, and as the parents and legal guardians of M.R. and B.R., minors,<br><br>TRACY KILBURN, individually and as the surviving spouse and next of kin of Robert Scott Kilburn, deceased,<br><br>MICHELLE FELICIANO, individually and as the surviving parent and next of kin of Lucy Lane Connor, deceased,<br><br>KAYLA CELENE BRAKE, individually and as next of kin of Regenia Lynn Brake, deceased,<br><br>CARRIE JAZMIN BRAKE, individually, KENDRA SKYLAR BRAKE, individually, CAMERON LEVESTER GUY, individually,<br><br>QUENTIN ISAIAH BRAKE, individually<br><br>PEGGY BETTY, individually and as surviving spouse of James Michael Betty, deceased,<br><br>DOROTHY MAY HANDLING, individually and as the surviving daughter and next of kin of Hallie Lee Gerber, deceased,<br><br>JOSEPH PRASNIKAR, individually,<br><br>THOMAS SANDERS, individually and as the surviving brother and next of kin of Joshua Lee Tyrone Hendrix, deceased,<br><br>KIMBERLY KEE, individually and as the surviving spouse and next of kin of Mark Steven Kee, deceased, | No. 3:22-cv-00342<br><br>JUDGE WAVERLY D. CRENSHAW, JR.<br><br>MAGISTRATE JUDGE ALISTAIR NEWBERN<br><br>Consent Protective Order |

1

Exhibit A

TIFFANY RENAE BRYANT and SHANE KEITH BRYANT, individually and as the surviving parents of Lilly-Anne Grace Bryant, deceased,

HENRY KERSTEN, individually and as the surviving spouse and next of kin of Leslie Meek Kersten, deceased,

BRITTNEY LEANN MCCORD, individually and as the surviving mother and next of kin of Kellen Cole Burrow, deceased, and as the parent and legal guardian of W.S., K.G. K.M., and K.B., minors,

NICHOLAS DAVID SHAWL, individually and as the surviving son and next of kin of Robin Denise Bradley, deceased,

DONALD WAYNE JACKSON, individually and as the surviving son and next of kin of Donna Gail Bradley, deceased,

WILLIAM LEON LUTEN, individually and as the surviving son and next of kin of Mary Louise Luten, deceased,

JEFFREY NEWMAN and DEBBIE NEWMAN, individually and as the surviving parents and next of kin of Amber Rose Newman, deceased,

THOMAS LEE ALMOND, individually and as the surviving son and next of kin of Linda Bryant, deceased,

ANGELA LAY REEVES, individually and as the surviving wife and next of kin of Joseph Anthony Reeves, deceased,

JOANNA REEVES, individually,

SUSAN VOEGELI, individually and as the grandmother and legal guardian of C.V.,

KELSEY SCHULTZ, individually and as the surviving mother and next of kin of Nathanal Dwayne Steward Whitsett, deceased,

|                          |   |
| --- | --- |
| Plaintiffs,              |   |
| v.                       |   |
| CSX TRANSPORTATION, INC.,|   |
| Defendant.               |   |

**CONSENT PROTECTIVE ORDER TO RESTRICT ACCESS TO CERTAIN PROPRIETARY DOCUMENTS**

This document reflects the agreement of the parties to restrict access to certain proprietary documents of CSXT. It appears to the Court that the agreement of the parties is well-founded, and the Court approves of the restrictions to the listed proprietary documents described herein.

1. The parties agree that CSXT has an interest in preventing the publication of certain proprietary forms, training materials, and contracts it has created in furthering its business interests. These forms include the bridge inspection form, an internal form that is used by bridge inspectors for the exclusive use of CSXT. Additionally, CSXT utilizes proprietary training materials to train its bridge inspectors, including PowerPoint presentations and a video developed by CSXT, as well as certain contracts with weather monitoring entities. These documents shall be collectively referred to as "proprietary materials" hereafter.

2. The proprietary materials produced by Defendant shall be used only by the parties to this action for purposes of resolution of the claims asserted in this action, any trial or appeal of this action, and enforcement of any award or judgment thereof.

3. The proprietary materials produced pursuant to this Order, may be disclosed or made available only to counsel for a party (including paralegal, clerical and secretarial staff employed by

such counsel), to a trier of fact or law (including jurors) in any forum in which the claims asserted in this action may be adjudicated or enforced (including the administration of that forum), and to a "Qualified Person." A "Qualified Person" is a person who falls into one of the categories set forth below:

    a. any party or any officer, director, or employee of any party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

    b. any expert or consultant (including their clerical staff) retained by counsel to assist in the prosecution, defense, or settlement of this action;

    c. any witness testifying at deposition or at any hearing in this matter either during their testimony or in preparation thereof;

    d. any court reporter and/or videographer employed in this action;

    e. any person to whom disclosure is reasonably necessary to enforce any award or judgment rendered against any party in this proceeding;

    f. any other person ordered by the Court or as to whom all parties in writing agree; and

    g. the Court and any Court personnel.

    h. Mediators or arbitrators retained by the parties hereto and their staff.

Any person or entity to whom the proprietary materials is disclosed pursuant to subparagraphs (a) - (h), above, shall, prior to receiving such confidential information, be provided with a copy of this Agreed Protective Order and shall execute a Statement of Confidentiality

Agreement in the form set forth in Attachment A hereto. Such forms shall be maintained by counsel for the party sharing the proprietary materials and undertaking to have such forms executed.

4. Plaintiff must notify counsel for CSX as soon as reasonably possible and no later than two (2) calendar days if Plaintiff's counsel or Plaintiff become aware of the possible unauthorized dissemination of any confidential information covered by this agreement.

This Order shall survive the final termination of this action and the Court shall retain jurisdiction to enforce, construe, or modify its terms. Within thirty (30) days following the final disposition of this action, Counsel for Plaintiff shall return the proprietary materials to Counsel for Defendant, including any and all copies of same, or (by mutual agreement only), shall certify the destruction thereof.

Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing.

This Order does not, by itself, authorize the filing of any document under seal, nor does it prohibit the same. Any party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply with the Federal Rules of Civil Procedure and any applicable Local Rules.

Plaintiff shall provide opposing counsel advance notice before public disclosure of the information referenced herein through an attempt to file with the court in such time as to allow defendant an opportunity to be heard by the Court on the continued grounds for maintaining the confidentiality of the information. Advance notice shall not be required if Plaintiff files the document under seal. For purposes of trial, inclusion of the documentation referenced herein in the pre-trial

exhibit list as exchanged between the parties shall serve as adequate notice under this provision.

It is ORDERED, ADJUDGED, and DECREED that access to the proprietary materials be restricted to those persons involved in this litigation and only for purposes related to this litigation.

*[signature]*
**JUDGE**

**DATE:** October 23, 2023

**APPROVED:**


/s/ S. Camille Reifers
S. Camille Reifers (BPR #19856)
John J. Bennett (BPR #31976)
REIFERS, HOLMES & PETERS LLC
80 Monroe Avenue, Suite 410
Memphis, TN 38103
(901) 521-2860
creifers@rhpfirm.com
jbennett@rhpfirm.com

*Attorneys for CSX Transportation, Inc.*


/s/ Jonathan P. Mincieli
Timothy V. Potter
Andrew E. Mills
Reynolds, Potter, Ragan & Vandivort, PLC
210 East College Street
Dickson, Tennessee 37055
615.446.2221
615.446.2232 Facsimile
tpotter@rprvlaw.com
amills@rprvlaw.com

Peter J. Flowers
Frank V. Cesarone
Jonathan P. Mincieli

Meyers & Flowers, LLC
3 North Second Street – Suite 300
St. Charles, Illinois 60174
630.232.6333
630.845.8982 Facsimile
pjf@meyers-flowers.com
fvc@meyers-flowers.com

C. Richard Newsome
Newsome Melton, PA
201 South orange Avenue – Suite 1500
Orlando, Florida 32801
407.648.5977
407.648.5282 Facsimile
newsome@newsomlaw.com
ourand@newsomelaw.com

*Attorneys for Plaintiff*

7

# ATTACHMENT A

## STATEMENT OF CONFIDENTIALITY

By signing this document, I hereby certify that I have read the Agreed Protective Order entered by the Court in Matthew Rigney et al. v. CSX Transportation, Inc., No. 3:22-cv-0342, pending in the United States District Court for the Middle District of Tennessee, and hereby agree to abide by the terms and conditions of the Agreed Protective Order concerning the named proprietary materials. I also understand that any violation of the Agreed Protective Order by me or anyone acting under my direction may subject me to penalties including contempt of the United States District Court for the Middle District of Tennessee. I hereby consent to that Court's personal jurisdiction over me for all matters related to the Protective Order and this Statement of Confidentiality.

_____
SIGNATURE

_____
NAME

_____
DATE

8

Case 3:22-cv-00342    Document 104    Filed 10/23/23    Page 8 of 8 PageID #: 831