UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MATTHEW RIGNEY, et al., | ) |
| Plaintiffs, | ) |
| v. | ) No. 3:22-cv-00342 |
| CSX TRANSPORTATION, INC., | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Before the Court is CSX Transportation, Inc.'s ("CSX") Motion for a More Definite Statement, brought pursuant to Federal Rule of Civil Procedure 12(e). (Doc. No. 150). CSX's Motion (Doc. No. 150) is fully briefed and ripe for review. (Doc. Nos. 150, 154–55). For the following reasons, CSX's Motion (Doc. No. 150) will be denied.

**I.      BACKGROUND AND FACTUAL ALLEGATIONS[1]**

The instant case arises after an alleged CSX-made tidal wave swept through Waverly, Tennessee. (Doc. No. 147 ¶ 1). In short, a storm on August 21, 2021, caused significant rainfall in the area. (Id. ¶ 9). As the storm continued, water accumulated behind CSX's clogged culvert ("Culvert") located under the CSX railroad bridge spanning Trace Creek a mile northeast of Waverly ("Trace Creek Bridge"). (Id. ¶¶ 2, 21). This impediment to the creek's natural flow led to water becoming bottled up behind the CSX railroad bridge crossing over Trace Creek, resulting in millions of gallons of water being diverted from Trace Creek as the storm progressed. (Id. ¶¶ 2–3). Even after the water diverted from Trace Creek, it again became blocked from flowing

---

[1] Given that CSX's Motion (Doc. No. 150) pertains only to Count V of the Second Amended Complaint, and that the Court has already recounted the allegations in this case in its March 6, 2024 Memorandum Opinion (see Doc. No. 118), the Court will only recount the factual allegations related to Count V to the extent necessary to resolve the instant motion.

downstream by an earthen railbed that supports CSX's elevated tracks ("CSX's Railbed Dam"). (Id.). As the storm advanced, the trapped water formed a large, unnatural lake behind CSX's Railbed Dam just a few miles upstream from the Trace Creek Bridge. (Id. ¶¶ 10, 13, 95).

A portion of CSX's Railbed Dam eventually collapsed. (Id). When the unnatural lake broke through the Railbed Dam, it poured down onto the town of Waverly, resulting in death, personal injury, and trauma for the impacted residents. (Id. ¶¶ 13, 96–97).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(e) provides that a "party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "Federal courts generally disfavor motions for more definite statements" and "rarely grant such motions . . . [i]n view of the notice pleading standards of Rule 8(a)(2) and the opportunity for extensive pretrial discovery." Fed. Ins. Co. v. Webne, 513 F. Supp. 2d 921, 924 (N.D. Ohio 2007); see Baxter v. Rose, 305 F.3d 486, 489 (6th Cir. 2002) (Rule 12(e) is reserved for "truly unclear complaint[s]."). Accordingly, courts need not grant a Rule 12(e) motion unless the complaint fails to satisfy Rule 8(a)(2), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2); see Beach v. Wal-Mart Stores, East, LP, 2021 WL 602910, at *1 (M.D. Tenn. Feb. 16, 2021) (Rule 12(e) motion may be granted where Rule 8(a)(2) is not satisfied).

## III. ANALYSIS

CSX's Motion (Doc. No. 150) is limited in scope, and requests only that Plaintiffs provide a more definite statement on Count V of the Second Amended Complaint, their "Strict Liability/Nuisance" claim. (Doc. No. 150). CSX contends this relief is warranted because: (1) it is unclear whether the Railbed Dam or the unnatural lake is the nuisance at issue; and (2) Plaintiffs

2

fail to specify the type of nuisance—public, private, or mixed—they allege. (Id.). Plaintiffs assert that CSX's Motion is improper because: (1) CSX did not file a separate Memorandum of Law in support of its Motion, in violation of the Court's Local Rules; and (2) the Second Amended Complaint is not so vague as to warrant the relief CSX seeks. (Doc. No. 154).

As a threshold matter, Plaintiffs are correct that CSX's Motion does not comply with the Court's Local Rules. Under Local Rule 7.01(a)(2), "[e]very motion requiring a determination of law must be accompanied by a memorandum of law citing supporting authorities[.]" Parties have the option to file the applicable memorandum of law separately, or as incorporated within the motion. See M.D. Tenn. L.R. 7.01(a)(2). These requirements are far from optional, as the Local Rules have the "force of law[.]" Weil v. Neary, 278 U.S. 160, 169 (1929). Instead of following Local Rule 7.01(a)(2)'s mandatory procedure, CSX filed a Motion with no accompanying memorandum of law in support. (See Doc. No. 150). In fact, CSX's Motion does not so much as recite the applicable legal standard governing the requested relief it seeks. (Id.). CSX does not dispute its non-compliance on reply and has made no effort to correct its error. (Doc. No. 155). This alone provides the Court with grounds to deny CSX's Motion. See Weil, 278 U.S. at 169.

Even considering CSX's Motion on the merits, it is evident that the Second Amended Complaint is not so vague or ambiguous as to make it unreasonable to use pretrial devices to fill in any gaps in detail. Webne, 513 F. Supp. 2d at 924. The Second Amended Complaint, while inartful in some respects, meets the modest notice-pleading requirements under Rule 8(a)(2). CNH America v. UAW, 645 F.3d 785, 794 (6th Cir. 2011). Count V identifies the conduct alleged to constitute a nuisance: the impoundment of stormwater behind CSX's Railbed Dam and its concentrated release into Waverly. (Doc. No. 147 ¶¶ 96–97); see Zollinger v. Carter, 837 S.W.2d 613, 615 (Tenn. Ct. App. 1992) ("The nuisance consists of the harmful effects or the danger of the

3

thing.").[2] It also identifies the mechanisms that caused the nuisance: the debris-clogged Culvert and CSX's Railbed Dam. (Doc. No. 147 ¶¶ 13, 95); see Butts v. City of South Fulton, 565 S.W.2d 879, 881 (Tenn. Ct. App. 1977) ("[A] wrongful interference with the natural drainage of surface water causing injury to an adjoining landowner constitutes an actionable nuisance.") (citation and quotations omitted). Contrary to CSX's assertions, these allegations are sufficient to put CSX on notice of the substance of Plaintiffs' nuisance claim such that CSX is able to admit or deny Count V's allegations, and can frame affirmative defenses as needed. See Fed. R. Civ. P. 12(e).

CSX argues these intelligible allegations matter little, considering that Plaintiffs fail to specify whether the alleged nuisance is public, private, or mixed in nature. The Court agrees with CSX's characterization of the various ways one can characterize and plead a Tennessee nuisance claim. See Maxwell v. Lax, 292 S.W.2d 223, 226 (Tenn. Ct. App. 1954); see also Sadler v. Tennessee, 56 S.W.3d 508, 511 (Tenn. Ct. App. 2001) (private nuisance is created when a "landowner uses his property in such a manner as to unreasonably interfere with [a] plaintiff's use or enjoyment of his own property"); Wayne Cnty. v. Tennessee Solid Waste Disposal Control Bd., 756 S.W.2d 274, 283–84 (Tenn. Ct. App. 1988) ("A public nuisance is an act or omission that unreasonably interferes with or obstructs rights common to the public[,]" and "[c]onduct causing a public nuisance will also give rise to a private nuisance action when it interferes with the use or enjoyment of private property."). However, CSX fails to appreciate that Plaintiffs' omission on what type of nuisance they allege is the exact sort of information that CSX can easily obtain

---

[2] In this diversity suit, the Court "must apply the choice-of-law rules of the forum state, [Tennessee,]" to the state law claims before it. Stone Surgical, LLC v. Stryker Corp., 858 F.3d 383, 389 (6th Cir. 2017); see State Farm Mut. Auto. Ins. Co. v. Norcold, Inc., 849 F.3d 328, 331 (6th Cir. 2017) (choice-of-law rules of the forum state determine what substantive law to apply). Because the parties implicitly agree that the Tennessee choice-of-law rules dictate that Tennessee law controls Plaintiffs' nuisance claim, and because the Court agrees, the Court will apply Tennessee law to Count V.

4

through the pretrial discovery process.  See Stark v. Gov't Acct. Sols., Inc., 2008 WL 2796499, at *5 (S.D. Ohio July 17, 2008) ("A motion for more definite statement is designed to strike at unintelligibility rather than simple want of detail . . . [It] must be denied where the subject complaint is not so vague or ambiguous as to make it unreasonable to use pretrial devices to fill any possible gaps in detail.") (citation and quotations omitted).  That discovery will provide an answer to CSX's question shows that its Rule 12(e) merely seeks more detail on Count V, making CSX's requested relief unwarranted.  See id.

At bottom, Count V of the Second Amended Complaint is not "so excessively vague and ambiguous as to be unintelligible and as to prejudice [CSX] seriously in attempting to answer it." EEOC v. FPM Grp., Ltd., 657 F. Supp. 2d 957, 966 (E.D. Tenn. 2009).  Accordingly, this is not one of the rare instances where a Rule 12(e) motion should be granted.  See Webne, 513 F. Supp. 2d at 924.

## IV. CONCLUSION

For the foregoing reasons, CSX's Motion for a More Definite Statement (Doc. No. 150) is **DENIED**.  CSX's Answer to the Second Amended Complaint does not contain substantive responses to many of the allegations, given its pending Rule 12(e) Motion.  (See Doc. No. 151). Accordingly, CSX **SHALL** file an amended answer to the Second Amended Complaint on or before Monday, **September 15, 2025**.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE