IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MATTHEW RIGNEY et al.,

       Plaintiffs,

     v.

CSX TRANSPORTATION, INC.,

       Defendant.

No. 3:22-cv-00342
Judge Waverly D. Crenshaw, Jr.
Magistrate Judge Alistair Newbern

## DEFENDANT'S FIRST AMENDED ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT

COMES NOW the Defendant CSX Transportation, Inc. ("CSXT"), by and through counsel of record, and pursuant to Rules 8 & 12 of the Federal Rules of Civil Procedure file this its Answer to Plaintiffs' Second Amended Complaint [D.E. 147]. Defendant would respectfully state as follows:

As to the paragraph beginning with "[t]his lawsuit arises…" on page 3 of the Second Amended Complaint, Defendant admits that a horrific event occurred in Waverly, Humphreys County, Tennessee, on August 21, 2021, and many people lost their loved ones. Defendant is without knowledge or information sufficient to form a belief as to whether individuals suffered "permanent injuries," and, therefore, denies same. Defendant denies the remaining allegations contained in the unnumbered paragraph and denies any and all wrongdoing in association with the allegations in this matter.

In response to the specific enumerated paragraphs of Plaintiffs' Second Amended Complaint. Defendant [D.E. 147] would respond as follows:

1. Defendant is without information or knowledge sufficient to form a belief concerning the existence of a so-called "man-made tidal wave." Defendant denies any liability for

the creation or association with the so-called "man-made tidal wave." Defendant admits that flooding occurred on this date and, upon information and belief, 20 individuals, including children, lost their lives in the flood.

2. Defendant denies the allegations contained in Paragraph 2 of Plaintiffs' Second Amended Complaint.

3. Defendant admits the volume of water that fell during the flood event was more than could be dispersed by the land features and existing structures. Defendant denies all allegations of liability against it contained in Paragraph 3 of Plaintiffs' Second Amended Complaint.

4. Defendant admits that its personnel, or individuals at the direction of its personnel, would remove debris from beneath the Trace Creek Bridge. Defendant denies the remaining allegations contained in Paragraph 4 of Plaintiffs' Second Amended Complaint.

5. Defendant denies the allegations contained in Paragraph 5 of Plaintiffs' Second Amended Complaint.

6. Defendant denies the allegations contained in Paragraph 6 of Plaintiffs' Second Amended Complaint.

7. Defendant denies the allegations contained in Paragraph 7 of Plaintiffs' Second Amended Complaint.

8. Defendant denies the allegations contained in Paragraph 8 of Plaintiffs' Second Amended Complaint.

9. Defendant admits that its railbeds are not designed to act as dams. Defendant denies the remaining allegations contained Paragraph 9 of Plaintiffs' Second Amended Complaint.

10.     Defendant admits that its railbed washed out near McEwen, Tennessee, on August 21, 2021. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 10 of Plaintiffs' Second Amended Complaint, and therefore, denies same.

11.     Defendant denies the allegations contained in Paragraph 11 of Plaintiffs' Second Amended Complaint.

12.     Defendant admits it suspended train operation over the area prior to any alleged washout. Defendant denies the remaining allegations contained in Paragraph 12 of Plaintiffs' Second Amended Complaint.

13.     Defendant denies that there was not a free flow of water through the bridge at Trace Creek. Defendant admits that the water from rain-swelled Trace Creek caused a washout of railbed near Trace Creek. Defendant denies the remaining allegations contained in Paragraph 13 of Plaintiffs' Second Amended Complaint.

14.     Defendant denies the allegations contained in Paragraph 14 of Plaintiffs' Second Amended Complaint

15.     Defendant is without knowledge or information sufficient to form a belief as to the residence location of each Plaintiff "at all material times" and therefore denies same and requires strict proof thereof.

16.     Defendant denies that it caused tortious injury by an act or omission in Tennessee and/or Humphreys County at all material times. Defendant admits that it transacted business in Tennessee and/or Humphreys County, contracted to supply services in Tennessee or Humphreys County, and had interest in, used or possessed real property in Humphreys County, Tennessee.

The remaining allegations contained in Paragraph 16 of Plaintiffs' Second Amended Complaint are denied.

17. Defendant denies that any unnamed meteorologist forecasted the amount of rain which fell in Waverly, Humphreys County, Tennessee on August 21, 2021. Defendant is without knowledge of information sufficient to form a belief as to whether unnamed "meteorologists" forecasted "extremely heavy rain" for the region on August 19, 2021, and therefore, denies same.

18. Defendant denies the amount of rainfall for Waverly, Humphreys County, Tennessee was "predicted." Upon information and belief, Defendant admits the remaining allegations contained in Paragraph 18 of Plaintiffs' Second Amended Complaint.

19. Defendant admits that tracks/railbed washed out near McEwen, Tennessee. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 19 of Plaintiffs' Second Amended Complaint and, therefore, denies same.

20. Defendant admits that it halted train operations in the area. Defendant denies the remaining allegations of Paragraph 20 of Plaintiffs' Second Amended Complaint

21. Defendant denies the allegations contained in Paragraph 21 of Plaintiffs' Second Amended Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of Plaintiffs' Second Amended Complaint.

23. Defendant admits that water was accumulated behind its railbed near Trace Creek bridge. Defendant denies the remaining allegations contained in Paragraph 23 of Plaintiffs' Second Amended Complaint.

24. Defendant denies that the Trace Creek Bridge was obstructed at all times material hereto. Defendant admits the remaining allegations contained in Paragraph 24 of Plaintiffs' Second Amended Complaint.

25. Defendant denies that the Trace Creek Bridge was blocked at all material times hereto. Defendant admits that a washout of its railbed and tracks occurred near the Trace Creek Bridge. Defendant denies the remaining allegations contained in Paragraph 25 of Plaintiffs' Second Amended Complaint.

26. Defendant denies the washout caused a "tidal wave." Defendant is without knowledge of information sufficient to form a belief as to the stated accounts of the individuals identified in Paragraph 26, but denies the allegations directed toward CSXT.

27. Defendant denies the allegations contained in Paragraph 27 of Plaintiffs' Second Amended Complaint.

28. Defendant admits that Waverly, Humphreys County, Tennessee, nor any other region of Tennessee, had experienced the amount of rainfall experienced on August 21, 2021. Defendant denies that its actions or inactions caused or contributed to the flooding on August 21, 2021, or any other date. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 28 of Plaintiffs' Second Amended Complaint and, therefore, denies same.

29. Paragraph 29 of Plaintiffs' Second Amended Complaint contains no allegations directed to this defendant. To the extent it is implied a tidal wave existed and/or Defendant CSXT contributed to the flooding or impact of the flooding, Defendant CSXT denies these allegations.

30. Defendant denies that it did not regularly inspect the Trace Creek Bridge. Defendant denies the remaining allegations contained in Paragraph 30 of Plaintiffs' Second Amended Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of Plaintiffs' Second Amended Complaint.

32. Defendant admits that the Trace Creek Bridge is located northeast of downtown Waverly. Defendant denies the remaining allegations contained in Paragraph 32 of Plaintiffs' Second Amended Complaint.

33. Defendant admits that the railbed and tracks were designed to support trains and equipment utilizing the track and were not designed or constructed to act as a dam for the amount of water which was applied to it on August 21, 2021. Defendant denies the remaining allegations contained in Paragraph 33 of Plaintiffs' Second Amended Complaint.

34. Defendant admits the railbed and track structure washed-out due to the heavy flooding in the area. Defendant denies the remaining allegations contained in Paragraph 34 of Plaintiffs' Second Amended Complaint.

35. Defendant denies that Waverly had been regularly subjected to the same amount of rainfall it experienced on August 21, 2021, during previous flood events. Defendant is without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 35 of Plaintiffs' Second Amended Complaint and, therefore, denies same.

36. Defendant admits that Waverly is a low-lying area with Trace Creek running through town. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 36 of Plaintiffs' Second Amended Complaint and, therefore, denies same.

37. Defendant denies the allegations contained in Paragraph 37 of Plaintiffs' Amended Complaint regarding any allegation that CSXT was on notice that flooding of the magnitude of August 21, 2021, was foreseeable to Defendant. Defendant denies the remaining allegations contained in Paragraph 37 of Plaintiffs' Second Amended Complaint.

38. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 38 of Plaintiffs' Second Amended Complaint and, therefore, denies same.

39. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 39 of Plaintiffs' Second Amended Complaint and, therefore, denies same.

40. To the extent Paragraph 40 implies that the Trace Creek bridge was obstructed or Defendant's railbed was improperly designed, constructed, or maintained, on or before August 21, 2021, these allegations are denied. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 40 of Plaintiffs' Second Amended Complaint and, therefore, denies same.

41. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 41 of Plaintiffs' Second Amended Complaint and, therefore, denies same.

42. To the extent Paragraph 42 implies that the Trace Creek bridge was obstructed or Defendant's railbed was improperly designed, constructed or maintained, on August 21, 2021, these allegations are denied. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 42 of Plaintiffs' Second Amended Complaint and, therefore, denies same.

43. Defendant is without knowledge or information to admit or deny the vague allegations in Paragraph 43 as it concerns unnamed "scientists" findings and as a result, denies the allegations contained in Paragraph 43 of Plaintiffs' Second Amended Complaint.

44. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 44 of Plaintiffs' Second Amended Complaint and, therefore, denies same.

45. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 45 of Plaintiffs' Second Amended Complaint and, therefore, denies same.

46. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 46 of Plaintiffs' Second Amended Complaint and, therefore, denies same.

47. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 47 of Plaintiffs' Second Amended Complaint and, therefore, denies same.

48. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 48 of Plaintiffs' Second Amended Complaint and, therefore, denies same.

49. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 49 of Plaintiffs' Second Amended Complaint and, therefore, denies same.

50. Defendant admits that its parent company submitted a voluntary CDP questionnaire on July 28, 2021, wherein those phrases, in part, are stated. However, the statement is incomplete

and improperly combined without context. As a result, and without said context, Defendant denies the allegations in Paragraph 50 of Plaintiffs' Second Amended Complaint. Defendant further denies the existence of a "tidal wave" on August 21, 2021.

51. Defendant admits the term "Nashville floods" appears in this July 28, 2021, questionnaire response. Defendant denies the remaining allegations contained in Paragraph 51 of Plaintiffs' Second Amended Complaint.

52. Defendant admits that its parent company submitted a voluntary CDP questionnaire on July 28, 2021, wherein those phrases, in part, are stated. However, the statement is incomplete and improperly combined without context. As a result, and without said context, Defendant denies the allegations in Paragraph 52 of Plaintiffs' Second Amended Complaint.

53. Defendant admits that its parent company submitted a voluntary CDP questionnaire on July 28, 2021, wherein those phrases, in part, are stated. However, the statement is incomplete and improperly combined without context. As a result, and without said context, Defendant denies the allegations in Paragraph 53 of Plaintiffs' Second Amended Complaint.

54. Defendant admits that it regularly inspects its railroad bridges and culverts in compliance with federal law on the subject. Defendant denies the remaining allegations contained in Paragraph 54 of Plaintiffs' Second Amended Complaint.

55. Defendant denies the allegations contained in Paragraph 55 of Plaintiffs' Second Amended Complaint.

56. Defendant denies the allegations contained in Paragraph 56 of Plaintiffs' Second Amended Complaint.

57. Defendant denies the allegations contained in Paragraph 57 of Plaintiffs' Second Amended Complaint.

58. Defendant admits that it and its predecessors have operated a railroad line going through Humphreys County at all relevant times hereto. Defendant is without knowledge or information concerning whether Defendant is the only rail line in the County.

59. Paragraph 59 of Plaintiffs' Second Amended Complaint contains only legal conclusions which do not require a response from this Defendant. To the extent a response is required, or Defendant's rights are to be affected, Defendant denies the allegations contained in Paragraph 59 of Plaintiffs' Second Amended Complaint.

60. Paragraph 60 of Plaintiffs' Second Amended Complaint contains only legal conclusions which do not require a response from this Defendant. To the extent a response is required, or Defendant's rights are to be affected, Defendant denies the allegations contained in Paragraph 60 of Plaintiffs' Second Amended Complaint.

61. Defendant denies the allegations contained in Paragraph 61 of Plaintiffs' Second Amended Complaint.

62. Defendant denies the allegations contained in Paragraph 62 of Plaintiffs' Second Amended Complaint.

63. Defendant denies the allegations contained in Paragraph 63 of Plaintiffs' Second Amended Complaint.

64. Paragraph 64 of Plaintiffs' Second Amended Complaint contains only legal conclusions which do not require a response from this Defendant. To the extent a response is required, or Defendant's rights are to be affected, Defendant denies the allegations contained in Paragraph 64 of Plaintiffs' Second Amended Complaint.

65. Paragraph 65 of Plaintiffs' Second Amended Complaint contains only legal conclusions which do not require a response from this Defendant. To the extent a response is

required, or Defendant's rights are to be affected, Defendant denies the allegations contained in Paragraph 65 of Plaintiffs' Second Amended Complaint.

66. Defendant denies the allegations contained in Paragraph 66 of Plaintiffs' Second Amended Complaint.

67. Defendant's responses to Paragraph 1 through 66 of Plaintiffs' Second Amended Complaint are reincorporated by reference.

68. Defendant denies the allegations contained in Paragraph 68 of Plaintiffs' Second Amended Complaint.

69. Defendant denies the allegations contained in Paragraph 69 of Plaintiffs' Second Amended Complaint.

70. Upon information and belief, Defendant admits that the individuals listed in subparagraphs (a) through (r) passed away on or about August 21, 2021, in the floodwaters. Defendant denies the remaining allegations contained in Paragraph 70 of Plaintiffs' Second Amended Complaint.

71. Defendant denies the allegations contained in Paragraph 71 of Plaintiffs' Second Amended Complaint. Defendant specifically denies it is liable for such damages under any theory of law.

72. Defendant denies the allegations contained in Paragraph 72 of Plaintiffs' Second Amended Complaint.

73. Defendant's responses to Paragraph 1 through 66 of Plaintiffs' Second Amended Complaint are reincorporated by reference.

74. Defendant denies the allegations contained in Paragraph 74 of Plaintiffs' Second Amended Complaint.

75.     Defendant denies the allegations contained in Paragraph 75 of Plaintiffs' Second Amended Complaint.

76.     Defendant denies the allegations contained in Paragraph 76 of Plaintiffs' Second Amended Complaint, including subparts a through x.

77.     Defendant denies the allegations contained in Paragraph 77 of Plaintiffs' Second Amended Complaint.

78.     Defendant denies the allegations contained in Paragraph 78 of Plaintiffs' Second Amended Complaint.

79.     Defendant denies the allegations contained in Paragraph 79 of Plaintiffs' Second Amended Complaint.

80.     Defendant's responses to Paragraph 1 through 66 of Plaintiffs' Second Amended Complaint are reincorporated by reference.

81.     Defendant denies the allegations contained in Paragraph 81 of Plaintiffs' Second Amended Complaint.

82.     Defendant denies the allegations contained in Paragraph 82 of Plaintiffs' Second Amended Complaint.

83.     Defendant denies the allegations contained in Paragraph 83 of Plaintiffs' Second Amended Complaint, including subparts a through z.

84.     Defendant denies the allegations contained in Paragraph 84 of Plaintiffs' Second Amended Complaint.

85.     Defendant denies the allegations contained in Paragraph 85 of Plaintiffs' Second Amended Complaint.

86. Defendant denies the allegations contained in Paragraph 86 of Plaintiffs' Second Amended Complaint.

87. Defendant's responses to Paragraph 1 through 66 of Plaintiffs' Second Amended Complaint are reincorporated by reference.

88. Defendant denies the allegations contained in Paragraph 88 of Plaintiffs' Second Amended Complaint.

89. Defendant denies the allegations contained in Paragraph 89 of Plaintiffs' Second Amended Complaint.

90. Defendant denies the allegations contained in Paragraph 90 of Plaintiffs' Second Amended Complaint, including subparts a through c.

91. Defendant denies the allegations contained in Paragraph 91 of Plaintiffs' Second Amended Complaint.

92. Defendant denies the allegations contained in Paragraph 92 of Plaintiffs' Second Amended Complaint.

93. Defendant reaffirms and reincorporates its response to Paragraphs 1 through 66 as if fully restated.

94. Defendant denies the allegations contained in Paragraph 94 of Plaintiffs' Complaint.

95. Defendant denies the allegations contained in Paragraph 95 of Plaintiffs' Complaint

96. Defendant denies the allegations contained in Paragraph 96 of Plaintiffs' Complaint

97. Defendant denies the allegations contained in Paragraph 97 of Plaintiffs' Complaint.

98. Defendant denies the allegations contained in Paragraph 98 of Plaintiffs' Complaint, including subparts a through r.

99. Defendant denies the allegations contained in Paragraph 99 of Plaintiffs' Complaint.

100. Defendant denies the allegations contained in Paragraph 100 of Plaintiffs' Complaint, including subparts a through x.

101. Defendant denies the allegations contained in Paragraph 101 of Plaintiffs' Second Amended Complaint.

102. Defendant denies the allegations contained in Paragraph 102 of Plaintiffs' Second Amended Complaint.

103. Defendant denies the allegations contained in Paragraph 103 of Plaintiffs' Second Amended Complaint, including subparts a through z.

104. Defendant denies the allegations contained in Paragraph 104 of Plaintiffs' Second Amended Complaint.

105. Defendant denies the allegations contained in Paragraph 105 of Plaintiffs' Second Amended Complaint. Defendant affirmatively denies it is liable for such emotional distress.

106. Defendant denies the allegations contained in Paragraph 106, including subparts a through c.

107. Defendant denies the allegations contained in Paragraph 107 of Plaintiffs' Second Amended Complaint. Defendant affirmatively denies it is liable to Plaintiff for damages of any kind under any theory of law.

108. Defendant denies the allegations contained in Paragraph 108 of Plaintiffs' Complaint.

109.     Defendant denies the allegations contained in the unnumbered Paragraph of Plaintiffs' Second Amended Complaint beginning with "WHEREFORE, PREMISES CONSIDERED . . . ," including subparts A through G. Defendant denies it is liable for Plaintiffs' for damages of any kind under any theory of law.

110.     Defendant demands a trial by jury.

111.     Any and all allegations not admitted, denied, or explained above are hereby denied as if set out fully herein.

## FIRST DEFENSE

Defendant affirmatively pleads and relies upon the doctrine of comparative fault as it currently exists in the State of Tennessee. Defendant would state that the comparative fault and/or negligence of Plaintiffs or their decedents serve as a complete bar to recovery, same being denied, or, in the alternative a basis for the reduction of the portion of fault attributable to this Defendant, if any, same being denied.

## SECOND DEFENSE

Defendant would show that any injuries or damages sustained by Plaintiff, same being denied, were the result of the sole negligence of Plaintiffs or their decedents and/or other individuals beyond the control of this Defendant, including but not limited to the City of Waverly, Humphreys County, TDOT, Waverly Housing Authority, and the Tennessee Valley Authority; said negligence of the Plaintiffs, or these individuals or entities beyond the control of the Defendant was the proximate cause or proximate contributing cause of the damages sustained by the Plaintiff, if any, same being denied.

## THIRD DEFENSE

Plaintiffs have failed to mitigate their damages, if any, both economically and medically, in this cause and therefore, any damages recovered by Plaintiffs, if any, should be reduced by the amount caused by Plaintiffs failure to mitigate.

## FOURTH DEFENSE

Defendant would affirmatively state that it did not breach any standard of care, or any duty whatsoever, with respect to Plaintiffs.

## FIFTH DEFENSE

Defendant affirmatively denies that any act or omission on its part was the cause in fact or proximate cause of Plaintiffs' alleged injuries.

## SIXTH DEFENSE

The claimed injuries and damages of Plaintiff, same being denied, were not reasonably foreseeable to the Defendant.

## SEVENTH DEFENSE

The claimed injuries and damages of Plaintiffs, same being denied, were the result of an intervening or superseding cause not attributable to Defendant.

## EIGHTH DEFENSE

Defendant had no actual or constructive knowledge or notice of any alleged dangerous conditions on the subject property, and therefore, Plaintiffs' claims should be dismissed.

## NINTH DEFENSE

Defendant denies that Plaintiffs' medical condition(s), in part, described in the Complaint were caused by the incident which forms the basis of this Complaint. To the contrary, Defendant alleges that the medical condition(s), in part, were the result of a disease process which is unrelated to an accidental injury. In the alternative, Defendant alleges that any accidental injury resulting in

each Plaintiffs' medical condition occurred someplace other than the as described in the Complaint.

## TENTH DEFENSE

Defendant pleads the equitable doctrines of waiver and estoppel.

## ELEVENTH DEFENSE

Defendant pleads the doctrine of assumption of the risk.

## TWELFTH DEFENSE

Plaintiffs' claims are otherwise preempted or precluded by applicable federal regulation or law, including but not limited to the Interstate Commerce Commission Termination Act, 49 U.S.C. §10101, et. seq., §10501(b), §10102(9), §20101, §20103(a), §20106(a)(1), §20106(b)(1), and Title 49 of the Code of Federal Regulations, including but not limited to §213.1 *et seq.*, §213.7, §213.31, §213.33, §213.37, §213.39, §213.233. §213.237.

## THIRTEENTH DEFENSE

In the alternative, without waiving the denial of liability to Plaintiffs, Defendant states that it is entitled to apportionment of any awarded damages against it among or between other parties and other causes which contributed to Plaintiffs' alleged damages. Defendant is further entitled to an apportionment of damages relating to any pre-existing medical conditions, or prior or subsequent accidents, injuries, or conditions. Additionally, Defendant is entitled to an offset of any funds received which would constitute a "double recovery" for any of the alleged damages sought in the instant matter.

## FOURTEENTH DEFENSE

CSXT had no notice of an unreasonable risk of harm to Plaintiffs caused by any condition within CSXT's control.

**FIFTEENTH DEFENSE**

Defendant would state that the sole cause and/or contributing cause of the Plaintiffs' alleged damages and injures was an Act of God which was the exclusive operation of the forces of nature.

**SIXTEENTH DEFENSE**

Defendant asserts that the facts as alleged in Plaintiffs' Compliant and as may be proven at trial do not warrant an award of punitive damages under Tennessee statutes and interpretive case law and that such award would violate Defendant's constitutional rights under both the Constitution of the United States and Tennessee, including but not limited to, those rights contained in the provisions setting forth due process, equal protection, and the prohibition against cruel and unusual punishment, and therefore, any such claim should be dismissed. Moreover, in accordance with the law of Tennessee, Defendant would request that this Honorable Court bifurcate the trial of this matter with references to and concerning punitive damages as set forth in *Hodges v. S.C. Toof and Co.*, 833 S.W.2d 896 (Tenn. 1992).

**SEVENTEENTH DEFENSE**

Punitive damages in this case are prohibited by at least the following provisions of the United States Constitutions, statutes, and case law:

a. Due processes clauses (including substantive and procedural) of the United States and Tennessee Constitutions.

b. The takings clause of the Fifth and Fourteenth Amendments to the United States Constitution.

c. The equal protection clause of the Fourteenth Amendment to the United States Constitution.

d. The Eighth Amendment to the United States Constitution.

e. The Fifth and Sixth Amendments to the United States Constitution which gives certain rights to one accused.

f.      Article I Section 8 of the United States Constitution which prohibits an impermissible burden on interstate commerce. Plaintiffs' claim for punitive damages represents such a burden.

g.      The supremacy clause embodied in Article I, Section 10, Clause 1 of the United States Constitution.

h.       The separation of powers doctrine embodied in Article VI of the United States Constitution.

i.      The Sixth Amendment of the United States Constitution. Under this amendment, Plaintiffs' claims are void for vagueness.

j.      The right to contract embodied in Article I, Section 10 of the United States Constitution.

k.      The right not to be exposed to double jeopardy embodied in the Fifth Amendment of the United States Constitution.

l.      This Defendant asserts that Plaintiffs' claims for punitive damages are limited by the Tennessee Civil Justice Act of 2011 and its provisions are therefore invoked.

## EIGHTEENTH DEFENSE

Defendant asserts that any damages award, same being denied, including punitive damages, same being denied, shall be limited by the Tennessee Civil Justice Act of 2011, which is incorporated by reference as if set out fully herein, including T.C.A. § 29-39-102 which states:

a) In a civil action, each injured plaintiff may be awarded:

(1) Compensation for economic damages suffered by each injured plaintiff; and

(2) Compensation for any noneconomic damages suffered by each injured plaintiff not to exceed seven hundred fifty thousand dollars ($750,000) for all injuries and occurrences that were or could have been asserted, regardless of whether the action is based on a single act or omission or a series of acts or omissions that allegedly caused the injuries or death.

(b) If multiple defendants are found liable under the principle of comparative fault, the amount of all noneconomic damages, not to exceed seven hundred fifty thousand dollars ($750,000) for each injured plaintiff, shall be apportioned among the defendants based upon the percentage of fault for each defendant, so long as the plaintiff's comparative fault (or in a wrongful death action, the fault of the decedent) is not equal to or greater than fifty percent (50%), in which case recovery for any damages is barred.

(c) If an injury or loss is catastrophic in nature, as defined in subsection (d), the seven-hundred-fifty-thousand-dollar amount limiting noneconomic damages, as set forth in subdivision (a)(2) and subsection (b) is increased to, but the amount of damages awarded as noneconomic damages shall not exceed, one million dollars ($1,000,000).

(d) "Catastrophic loss or injury" means one (1) or more of the following:

> (1) Spinal cord injury resulting in paraplegia or quadriplegia;

> (2) Amputation of two (2) hands, two (2) feet or one (1) of each;

> (3) Third degree burns over forty percent (40%) or more of the body as a whole or third degree burns up to forty percent (40%) percent or more of the face; or

> (4) Wrongful death of a parent leaving a surviving minor child or children for whom the deceased parent had lawful rights of custody or visitation.

(e) All noneconomic damages awarded to each injured plaintiff, including damages for pain and suffering, as well as any claims of a spouse or children for loss of consortium or any derivative claim for noneconomic damages, shall not exceed in the aggregate a total of seven hundred fifty thousand dollars ($750,000), unless subsection (c) applies, in which case the aggregate amount shall not exceed one million dollars ($1,000,000).

(f) If there is a disputed issue of fact, the trier of fact, by special verdict, shall determine the existence of a catastrophic loss or injury as defined in subsection (d).

(g) The limitation on the amount of noneconomic damages imposed by subdivision (a)(2) and subsections (b)-(e) shall not be disclosed to the jury, but shall be applied by the court to any award of noneconomic damages.

(h) The limitation on the amount of noneconomic damages imposed by subdivision (a)(2) and subsections (b)-(e) shall not apply to personal injury and wrongful death actions:

> (1) If the defendant had a specific intent to inflict serious physical injury, and the defendant's intentional conduct did, in fact, injure the plaintiff;

> (2) If the defendant intentionally falsified, destroyed or concealed records containing material evidence with the purpose of wrongfully evading liability in the case at issue; provided, however, that this subsection (h) does not apply to the good faith withholding of records pursuant to privileges and other laws applicable to discovery, nor does it apply to the management of records in the normal course of business or in compliance with the defendant's document retention policy or state or federal regulations;

(3) If the defendant was under the influence of alcohol, drugs or any other intoxicant or stimulant, resulting the defendant's judgment being substantially impaired, and causing the injuries or death. For purposes of this subsection (h), a defendant shall not be deemed to be under the influence of drugs or any other intoxicant or stimulant, if the defendant was using lawfully prescribed drugs administered in accordance with a prescription or over-the-counter drugs in accordance with the written instructions of the manufacturer; or

(4) If the defendant's act or omission results in the defendant being convicted of a felony under the laws of this state, another state, or under federal law, and that act or omission caused the damages or injuries.

(i) If there is a dispute of fact, the trier of fact, by special verdict, shall determine whether the exceptions set forth in subsection (h) apply to the defendant and the cause of action.

(j) The liability of a defendant for noneconomic damages whose liability is alleged to be vicarious shall be determined separately from that of any alleged agent, employee or representative.

(k) Noneconomic damages are not permitted for any claim arising out of harm or loss of property, except as authorized by statute.

(l) No provision in this part shall apply to claims against this state to the extent that such provision is inconsistent with or conflicts with the Tennessee Claims Commission Act, compiled in title 9, chapter 8, part 3. In addition, no provision in this part shall apply to claims against a governmental entity or its employees to the extent that such provision is inconsistent with or conflicts with the Governmental Tort Liability Act, compiled in chapter 20 of this title.

(m) Nothing in this chapter shall be construed to create or enhance any claim, right of action, civil liability, economic damage or noneconomic damage under Tennessee law.

(n) The limitations on noneconomic damages in this section shall apply to restrict such recoveries in all civil actions notwithstanding conflicting statutes or common law.

**NINETEENTH DEFENSE**

Additionally, and alternatively, the damages sustained by the Plaintiffs, if any, can be attributed to several causes, and accordingly, the harm, if any, should be apportioned among the various causes according to the respective contribution of each such cause.

**TWENTIETH DEFENSE**

Plaintiffs' claims are improperly joined pursuant to Fed. R. Civ. P. 19 and/or Fed. R. Civ. P. 20 and should be severed into separate actions and proceeded with separately pursuant to Fed. R. Civ. P. 21.

**TWENTY-FIRST DEFENSE**

Some or all of the Plaintiffs are not the real parties in interest as to some or all of the damages alleged in the Complaint.

**TWENTY-SECOND DEFENSE**

Defendant's railbed constitutes a permanent structure, as it has been in use, and substantially within the same form since, at least, the 1970s, barring some or all of Plaintiffs' claims by the applicable statute of limitations, including, but not limited to, T.C.A. § 28-3-105.

**TWENTY-THIRD DEFENSE**

Defendant's railbed has been in use, and substantially within the same form since, at least, the 1970s, barring some or all of Plaintiffs' claims by the doctrine of laches.

**TWENTY-FOURTH DEFENSE**

Defendant would show that any injuries or damages sustained by Plaintiff, same being denied, were the result of the Plaintiffs' appreciation for the possibility of significant flooding in the limited geographical area of Waverly, Tennessee, or their decedents and/or other individuals beyond the control of this Defendant, including but not limited to the City of Waverly, Humphreys County, TDOT, Waverly Housing Authority, and the Tennessee Valley Authority; and came to the alleged nuisance; the same being denied.

WHEREFORE PREMISES CONSIDERED, Defendant having fully responded to Plaintiffs' Second Amended Complaint, hereby move that the case be dismissed with costs to be assessed to Plaintiffs.

Respectfully submitted,

/s/ S. Camille Reifers
S. Camille Reifers (BPR #19856)
John J. Bennett (BPR #31976)
REIFERS, HOLMES & PETERS LLC
80 Monroe Avenue, Suite 410
Memphis, TN 38103
(901) 521-2860
creifers@rhpfirm.com
jbennett@rhpfirm.com

*Attorneys for CSX Transportation, Inc.*

# <u>CERTIFICATE OF SERVICE</u>

I certify that on September 15, 2025, the forgoing document has been served via the Court's CM/ECF system to the following Counsel of Record:

Timothy V. Potter
Andrew E. Mills
Reynolds, Potter, Ragan & Vandivort, PLC
210 East College Street
Dickson, Tennessee 37055
615.446.2221
615.446.2232 Facsimile
tpotter@rprvlaw.com
amills@rprvlaw.com

Peter J. Flowers
Frank V. Cesarone
Jonathan P. Mincieli
Meyers & Flowers, LLC
3 North Second Street – Suite 300
St. Charles, Illinois 60174
630.232.6333
630.845.8982 Facsimile
pjf@meyers-flowers.com
fvc@meyers-flowers.com
jpm@meyers-flowers.com

*Attorneys for Plaintiff*

*/s/ S. Camille Reifers*
S. Camille Reifers
