# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **MATTHEW RIGNEY et al.,** | ) | |
| | ) | **NO. 3:22-CV-00342** |
| **Plaintiffs,** | ) | **(consolidated)** |
| **v.** | ) | |
| | ) | **JUDGE WAVERLY D. CRENSHAW, JR.** |
| **CSX TRANSPORTATION, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | **MAGISTRATE JUDGE ALISTAIR NEWBERN** |
| | ) | |
| | ) | |

---

## DEFENDANT CSX TRANSPORTATION, INC.'S
## MOTION TO DISMISS PURSUANT TO RULE 41(b) AND RULE 37(c)

---

COMES NOW, the Defendant, CSX Transportation, Inc., by and through counsel, and respectfully moves this Court pursuant to Rules 41(b) and 37(c) of the Federal Rules of Civil Procedure for an order of dismissal with prejudice and any other sanctions the Court deems appropriate.

Defendant files the instant motion after uncovering widespread abuses of the discovery process by Plaintiffs and Plaintiff's counsel. Dating back to the very commencement of this litigation, Plaintiffs and their attorneys have engaged in a protracted campaign of deception and willful misconduct in flagrant violation of the Federal Rules of Civil Procedure, the Local Rules of this Court, and for Plaintiffs' counsel, the Tennessee Rules of Professional Conduct. Such misconduct includes the intentional alteration of video evidence, the knowing misrepresentation of the nature and significance of material evidence, and the unjustified withholding of hundreds of highly relevant documents and videos, many of which tend to disprove the allegations contained in Plaintiffs' Complaint(s).

1

As detailed in Defendant's accompanying *Memorandum in Support of its Motion to Dismiss Pursuant to Rule 41(b) and Rule 37(c)*, which is fully incorporated by reference herein, the Court is empowered to sanction the willful bad faith and contumacious conduct Plaintiffs and Plaintiffs' counsel have exhibited throughout this litigation pursuant to the Federal Rules of Civil Procedure and the Court's inherent authority. In light of the substantial prejudice suffered by Defendant as a result of the misconduct at issue, dismissal, though severe, is the only sanction adequate to address Plaintiffs' reckless disregard for the effect their conduct has had on these proceedings.

In support of its Motion, Defendant relies on its *Memorandum in Support of its Motion to Dismiss Pursuant to Rule 41(b) and Rule 37(c)* and the following exhibits, included herewith:

- Exhibit 1: Declaration
- Exhibit 2: 2022 K. Vandivort and Gillespie Emails
- Exhibit 3: Plaintiffs' Public Records Request
- Exhibit 4: Plaintiffs' Requests for Production Responses
- Exhibit 5: Plaintiffs' 2023 "Waverly PD Photos and Videos"
- Exhibit 6: Plaintiffs' "General Production" file
- Exhibit 7: Plaintiffs' Interrogatory Responses
- Exhibit 8: Defendant's 2023 Records Request
- Exhibit 9: Defendant's July 2023 Waverly PD File
- Exhibit 10: Plaintiffs' October 2023 Subpoenas
- Exhibit 11: Defendant's January 2025 Notices of Production
- Exhibit 12: Plaintiffs' & Defendant's Counsel January & February 2025 Email Correspondence
- Exhibit 13: Plaintiffs' Initial Disclosures
- Exhibit 14: Defendant's February 2025 Waverly PD Records Request
- Exhibit 15: Gillespie February 2025 Correspondence
- Exhibit 16: 2025 Waverly PD File
- Exhibit 17: Transcript: Deposition of June Daily, taken March 21, 2025
- Exhibit 18: Transcript: Deposition of Jessica Mallard, taken February 18, 2025

- Exhibit 19: Transcript: Deposition of Chief Grant Gillespie, taken October 24, 2025
- Exhibit 20: Plaintiffs' Humphreys County 911 Production
- Exhibit 21: Plaintiffs' Waverly Public Safety Department Production
- Exhibit 22: West Brookside Videos
- Exhibit 23: Plaintiffs' "Conversion" Videos
- Exhibit 24: Kent's Grocery Video
- Exhibit 25: Officer Triplett Body Cam Video
- Exhibit 26: East Brookside Video
- Exhibit 27: USACE PowerPoint
- Exhibit 28: NOAA PowerPoint
- Exhibit 29: Gillespie NIXLES

WHERFORE, PREMISES CONSIDERED, Defendant respectfully requests the Court enter an Order:

1. Dismissing Plaintiffs' cause of action with prejudice;
2. Ordering payment of the reasonable expenses, including attorney's fees, incurred due to the actions and omissions of Plaintiffs as stated herein; and
3. For any and all other relief the Court deems appropriate.

Date: November 20, 2025

Respectfully submitted,

/s/ S. Camille Reifers
S. Camille Reifers (BPR #19856)
John J. Bennett (BPR#31976)
REIFERS HOLMES & PETERS, LLC
80 Monroe Avenue, Suite 410
Memphis, TN 38103
(901) 521-2860
creifers@rhpfirm.com
jbennett@rhpfirm.com

**Attorneys for CSX Transportation, Inc.**

3

## <u>CERTIFICATE OF SERVICE</u>

I certify that on November 20, 2025, the foregoing document has been served via the

Court's CM/ECF system to the following Counsel of Record:

Timothy V. Potter
Andrew E. Mills
Mary Lane Story
Kirk Vandivort
Jennifer Foster
Reynolds, Potter, Ragan & Vandivort, PLC
210 East College Street
Dickson, Tennessee 37055
615.446.2221
615.446.2232 Facsimile
tpotter@rprvlaw.com
amills@rprvlaw.com
mstory@rprvlaw.com
kvandivort@rprvlaw.com
jfoster@rprvlaw.com


Peter J. Flowers
Frank V. Cesarone
Jonathan P. Mincieli
Christopher Warmbold
Tom Connelly
Meyers & Flowers, LLC
3 North Second Street – Suite 300
St. Charles, Illinois 60174 630.232.6333
630.845.8982 Facsimile
pjf@meyers-flowers.com
fvc@meyers-flowers.com
jpm@meyers-flowers.com
cjw@meyers-flowers.com
tmc@meyers-flowers.com

*Attorneys for Plaintiff*

/s/ S. Camille Reifers
S. Camille Reifers

4