| | |
|---|---|
| **MATTHEW RIGNEY et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) **NO. 3:22-CV-00342** |
| | ) **(consolidated)** |
| **v.** | ) |
| | ) |
| **CSX TRANSPORTATION, INC.,** | ) **JUDGE WAVERLY D. CRENSHAW, JR.** |
| | ) |
| **Defendant.** | ) **MAGISTRATE JUDGE ALISTAIR NEWBERN** |
| | ) |
| | ) |

**DEFENDANT CSX TRANSPORTATION, INC.'S REPLY TO PLAINTIFFS'
RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS PURSUANT TO RULE 41(b) AND RULE 37(c)**

COMES NOW, the Defendant, CSX Transportation, Inc., by and through counsel, and respectfully submits its Reply to Plaintiffs' Response in Opposition to Defendant's Motion to Dismiss Pursuant to Rules 41(b) and 37(c). CSXT would state as follows:

A party seeking to avoid the sanction of dismissal "has the burden of showing that his failure to comply was due to inability, not willfulness or bad faith." *U.S. v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002). Plaintiffs' Response [Doc. No. 207] fails to meet this burden and merely continues the pattern of deception detailed in CSXT's Memorandum [Doc. No. 197]. First, among an array of unsubstantiated excuses, Plaintiffs nonchalantly admit that they withheld *thousands* of records for years; **in particular, that CSXT's February 2025 Waverly Police Department ("WPD") file was the same as they received by November 2023.** [Doc. No. 207 at 10.]. Plaintiffs also failed to explain why they did not produce the unaltered, original Brookside videos/video players ("Brookside Files") and Kent's Grocery/Storage Company videos/video player ("Kent's Files") or supplement their responses to requests for production with the responsive files between

1

2023 and February 2025. Plaintiffs did not even attempt to address: (1) the lack of time stamps and durational discrepancies among the Brookside videos they did produce; (2) the WPD subpoenaed *documents*; (3) the WPD bodycam and East Brookside videos, which tend to disprove an entire claim; (4) their written discovery response misstatements; and (5) the Tennessee Rules of Professional Conduct violations. Plaintiffs' failure to address these issues should mean that they are unopposed.

The Brookside and Kent's Files are vital to CSXT's defense and establish an unimpeachable chronology of August 21, 2021; however, Plaintiffs have actively opposed the discovery of time-stamped pictorial evidence. To wit, during Susan Voegeli's deposition, Plaintiffs' counsel refused to allow his client to retrieve her cell phone from her vehicle to verify on the record the date and time of photos that she produced. **Exhibit A**, *Voegeli Dep.*, 50:6-62:19 (June 26, 2025); *see also* **Exhibit B**, *Guy Dep.* 59:3-64:3 (June 26, 2025) (reflecting another obstructive attempt by Plaintiffs). Nonetheless, Judge Newbern found the timestamps particularly relevant and instructed counsel to allow Ms. Voegeli to retrieve her phone. *Id.* at 62:6-19. Now, faced with the reality that CSXT had independently discovered the complete WPD files, Plaintiffs have brazenly continued their willful, bad faith efforts to prevent the discovery of the most relevant and technologically unbiased materials. Plaintiffs now blame OneDrive issues. Yet, uploading a video to OneDrive would not convert it to .AVI format, remove timestamps, or alter its duration. *See e.g.*, **Exhibit C**. Plaintiffs' position is not logical. In fact, Plaintiffs claim that *Fig. 4* reflects their March 2022 Waverly PD files. Ironically, *Fig 4.* displays the original Brookside files ("DvrPlayer.exe" and "h0800000," *et seq.*) that they failed to produce. [Doc No. 207 at 4, 6].

Indeed, Plaintiffs' misrepresentations continue to permeate the very briefing of the Motion at issue. Plaintiffs' argument regarding the Greg Vasil statement is yet another falsehood to the

2

Court, as the statement referenced by CSXT was <u>not</u> included in Plaintiff's "General Production." [*See* Doc. No. 197.16 at 1, 51, 54 (presenting the "Vasil Statement" as "57_BRW90324B1780AF_000775," attached as **Exhibit D**)]; *Compare* **Exhibit D**, *with* **Exhibit E**, *PLAINTIFF_GENERAL_00679*.

Plaintiffs also cherry-picked snippets of Chief Gillespie's testimony to cast doubt on his recollection. Gillespie testified unequivocally that the original videos his department collected – in the ordinary course of its investigation – included time stamps [Doc. No. 197.19 at 68:2-16]; that the videos he sent to CSXT's counsel in 2025 were the "exact same videos" (in both form and number) that he previously sent to Plaintiffs' counsel in 2022 and 2023 [*Id.* at 69:2-70:9, 70:20-71:17]; and confirmed that all videos were collected within weeks or months of the flood [*Id.* at 71:19-72:2]. While Plaintiffs are correct that they produced 11 videos instead of 4, all 11 were missing timestamps, and hours of footage were still withheld. Nevertheless, Gillespie's testimony substantiates the circumstantial evidence indicating that videos were altered. Circumstantial evidence of bad faith is sufficient to support a finding for purposes of sanctions. *Hytera Communs. Corp. v. Motorola Sols., Inc.*, 2021 U.S. Dist. LEXIS 81921, at *5 (N.D. Ohio Apr. 29, 2021).

While Plaintiffs suggest a "forensic expert" is needed to prove that the videos were altered, their Response, alone, demonstrates the contrary. Rule 702 does not require an expert for basic matters like verifying a document is in one file but not the other or that videos are hours shorter than the originals and lack timestamps. *See generally* Fed. R. Evid. 702. Provided Gillespie's sworn testimony, no other reasonable conclusion can be reached than Plaintiffs withheld and altered material evidence.

Plaintiffs then boldly attempt to avoid accountability via a perceived slight in consultation, but Local Rule 37.01 only requires consultation prior to filing "a motion to compel discovery, to

3

quash a subpoena, or for a protective order," none of which are the case here. L.R. 37.01. Further, CSXT relied in good faith on recent precedent from the Middle District of Tennessee finding a motion for sanctions does not require consultation despite L.R. 7.01 as "it is presumably understood that even after a thorough and comprehensive meet-and-confer process, the chance that a party will agree that it should be sanctioned is zero." *Allergen, Inc. Allergen USA, Inc. v. Revance Therapeutics, Inc.*, 2025 U.S. Dist. LEXIS 99090, at *7 (M.D. Tenn. Mar. 31, 2025). Regardless, the Motion to Dismiss [Doc. No. 196] is opposed, as stated in CSXT's Motion for Leave to Supplement [Doc. No. 201], filed out of an abundance of caution. Plaintiffs never filed a response to this Motion for Leave to Supplement [Doc. No. 201], and thus, pursuant to L.R. 7.01(a)(3), the Motion [Doc. 201] is "deemed to be unopposed" and should be granted.

Contrary to Plaintiffs' Rule 11 argument, CSXT did in fact conduct the "reasonable prefiling inquiry to ensure that [its motion was] 'well grounded in fact.'" *King v. Whitmer*, 71 F.4th 511, 521 (6th Cir. 2023). While Plaintiffs attempt to paint CSXT as dilatory, Rule 11 considerations go directly to the heart of the timing of its Motion to Dismiss. Only after Chief Gillespie's deposition (where he explained the chain of custody of this crucial evidence and confirmed CSXT's concerns about the withheld and altered materials) was CSXT able to submit its Motion to Dismiss in good faith. Plaintiffs' allegations that CSXT "deliberately refrained from raising the [sanctions] issue" to "sandbag Plaintiffs" and gain a strategic advantage [Doc. No. 207 at 15] likewise have no basis in fact as CSXT's counsel offered to set Gillespie's deposition, *a witness named by Plaintiffs*, for March 21 and June 27. **Exhibit F**, *Dep. Scheduling Emails*. Gillespie's deposition was set for October 24, 2025, due to circumstances beyond the parties' control.

Further, Plaintiffs' claim that CSXT delayed filing its Motion to Dismiss as "simply an effort to create prejudice where none otherwise existed" [Doc. No. 207 at 15] is as baseless as the

4

claims that the prejudice to CSXT is "contrived" or that CSXT has not been prejudiced at all. In addition to the specific prejudice detailed in CSXT's Memorandum, prejudice to CSXT more generally is apparent, as the Sixth Circuit has recognized that, "**when a plaintiff offers fraudulent evidence, that casts doubt on every piece of evidence she submits and every representation she makes.**" *Farrar v. Lapan*, 2023 U.S. App. LEXIS 10458, at *5 (6th Cir. 2023) (emphasis added).

Moreover, Plaintiffs' argument that this case should not be dismissed simply because they were not provided an explicit warning from the Court is absurd. The *Farrar* court found that no explicit warning of dismissal was necessary where the misconduct at issue was prohibited by the relevant rules of professional conduct and the Federal Rules of Civil Procedure. *Farrar*, 2023 U.S. App. LEXIS at *5. Tellingly, Plaintiffs made no attempt to address their violations of the Tennessee Rules of Professional Conduct or contumacious disregard for the Federal Rules of Civil Procedure, once again implicating L.R. 7.01(a)(3). *See supra* p. 1-2, ¶ 2.

Ultimately, every aspect of this litigation has been tainted by Plaintiffs' misconduct and their attorneys' betrayal of their ethical responsibilities, any sanction lesser than dismissal with prejudice would be inadequate. They knowingly withheld highly relevant evidence, altered critical videos, and upon discovery of their misconduct, repeatedly resorted to deception to conceal their bad acts. Lesser sanctions, such as advising the jury of their wrongdoing, are too meager to offset such flagrant disregard for the integrity of this Court and these proceedings, particularly in such a high-profile lawsuit. As a primary purpose of imposing dismissal with prejudice as a sanction is "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent," *NHL v. Metro. Hockey Club*, 427 U.S. 639, 643 (1976), dismissal with prejudice is the proper response.

5

Date: December 11, 2025

Respectfully submitted,

/s/ S. Camille Reifers
S. Camille Reifers (BPR #19856)
John J. Bennett (BPR#31976)
REIFERS HOLMES & PETERS, LLC
80 Monroe Avenue, Suite 410
Memphis, TN 38103
(901) 521-2860
creifers@rhpfirm.com
jbennett@rhpfirm.com

**Attorneys for CSX Transportation, Inc.**

## CERTIFICATE OF SERVICE

I certify that on December 11, 2025, the forgoing document has been served via the Court's

CM/ECF system to the following Counsel of Record:

Timothy V. Potter
Andrew E. Mills
Mary Lane Story
Kirk Vandivort
Jennifer Foster
Reynolds, Potter, Ragan & Vandivort, PLC
210 East College Street
Dickson, Tennessee 37055
615.446.2221
615.446.2232 Facsimile
tpotter@rprvlaw.com
amills@rprvlaw.com
mstory@rprvlaw.com
kvandivort@rprvlaw.com
jfoster@rprvlaw.com

and

Peter J. Flowers
Frank V. Cesarone
Jonathan P. Mincieli
Christopher Warmbold
Tom Connelly
Meyers & Flowers, LLC
3 North Second Street – Suite 300
St. Charles, Illinois 60174 630.232.6333
630.845.8982 Facsimile
 pjf@meyers-flowers.com
fvc@meyers-flowers.com
jpm@meyers-flowers.com
cjw@meyers-flowers.com
tmc@meyers-flowers.com

*Attorneys for Plaintiff*

/s/ S. Camille Reifers
S. Camille Reifers

6