# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

MATTHEW RIGNEY and DANIELLE HALL, individually, as the surviving parents and next of kin of Ryan Rigney and Rileighanna Rigney, deceased, and as the parents and legal guardians of M.R. and B.R., minors,

TRACY KILBURN, individually and as the surviving spouse and next of kin of Robert Scott Kilburn, deceased,

MICHELLE FELICIANO, individually and as the surviving parent and next of kin of Lucy Lane Connor, deceased,

KAYLA CELENE BRAKE, individually and as next of kin of Regenia Lynn Brake, deceased,

CARRIE JAZMIN BRAKE, individually,

KENDRA SKYLAR BRAKE, individually,

CAMERON LEVESTER GUY, individually,

QUENTIN ISAIAH BRAKE, individually,

PEGGY BETTY, individually and as surviving spouse of James Michael Betty, deceased,

DOROTHY MAY HANDLING, individually and as the surviving daughter and next of kin of Hallie Lee Gerber, deceased,

JOSEPH PRASNIKAR, individually,

No. 3:22-CV-00342

JUDGE WAVERLY D. CRENSHAW, JR.

MAGISTRATE JUDGE ALISTAIR NEWBERN

1

THOMAS SANDERS, individually and as the surviving brother and next of kin of Joshua Lee Tyrone Hendrix, deceased,

KIMBERLY KEE, individually and as the surviving spouse and next of kin of Mark Steven Kee, deceased,

TIFFANY RENAE BRYANT and SHANE KEITH BRYANT, individually and as the surviving parents of Lilly-Anne Grace Bryant, deceased,

HENRY KERSTEN, individually and as the surviving spouse and next of kin of Leslie Meek Kersten, deceased,

BRITTNEY LEANN MCCORD, Individually and as the surviving mother and next of kin of Kellen Cole Burrow, deceased and as the parent and legal guardian of W.S., K.G., K.M., and K.B. minors,

NICHOLAS DAVID SHAWL, individually and as the surviving son and next of kin of Robin Denise Bradley, deceased,

DONALD WAYNE JACKSON, individually and as the surviving son and next of kin of Donna Gail Bradley, deceased,

WILLIAM LEON LUTEN, individually and as the surviving son and next of kin of Mary Louise Luten, deceased,

JEFFREY NEWMAN and DEBBIE NEWMAN, individually and as the surviving parents and next of kin of Amber Rose Newman, deceased,

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

2



THOMAS LEE ALMOND, individually and as the surviving son and next of kin of Linda Bryant, deceased,

ANGELA LAY REEVES, individually and as the surviving wife and next of kin of Joseph Anthony Reeves, deceased,

JOANNA REEVES, individually,

SUSAN VOEGLI, individually and as the grandmother and legal guardian of C.V.,

KELSEY SCHULTZ, individually and as the surviving mother and next of kin of Nathanal Dwayne Steward Whitsett, deceased,

        Plaintiffs,

   v.

CSX TRANSPORTATION, INC.,

        Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

---

## JOINT DISCOVERY DISPUTE STATEMENT REGARDING THE DEPOSITIONS OF DRS. WILLIAM NEWMAN AND SHANE THOMPSON

---

Plaintiffs, **Matthew Rigney** *et al.*, and Defendant, **CSX Transportation, Inc.** ("CSX"), respectfully submit their *Joint Discovery Dispute Statement Regarding the Depositions of Drs. William Newman and Shane Thompson.*

### CERTIFICATION OF COMPLIANCE WITH FED. R. CIV. P. 37(A)(1)

Defendant's counsel certifies that they have in good faith conferred with Plaintiff's counsel by email beginning on December 31, 2025, and further correspondence on January 13, 2026, (written response received on January 26, 2026) in an effort to reach an

3

agreement as to the time allotted to depose Drs. Newman and Thompson. (See Exhibit A attached hereto as emails of January 13, 2026, and January 26, 2026.) Counsel for Defendant also conferred telephonically with Plaintiffs' counsel on January 29, 2026. These meet-and-confer efforts, conducted via e-mail correspondence, have not resolved the dispute.

## RELEVANT DISCOVERY BACKGROUND

1. On December 30, 2025, Plaintiffs filed their expert disclosures in this matter in accordance with the Court's scheduling order along with the reports for each expert witness.

2. These disclosures listed Dr. William J. Newman as an expert in the field of psychiatry, as well as Dr. Shane Thompson, an expert in the field of economic damages. (Exh. B)

3. In reviewing the reports for each expert, Drs. Newman and Thompson provided opinions regarding many Plaintiffs and decedents.

4. More specifically, Dr. Newman provided a 189-page report wherein he provides a forensic psychiatric examination for the following individuals:

   a. Tracy Kilburn

   b. Tiffany Bryant

   c. Susan Voegeli

   d. Shane Bryant

   e. Michelle Feliciano

   f. Kim Kee

4

g. Angela Reeves

h. Cameron Guy

i. Charlie Voegeli

j. Carrie Brake

k. Danielle Hall

l. Eli Reeves

m. Henry Kersten

n. Joseph Prasnikar

o. Kelsey Schultz

p. Kayla Brake

q. Kendra Brake

5. The reports for each Plaintiff is between 9–15 pages long and includes a psychiatric analysis that Dr. Newman performed for each individual.

6. Similarly, Dr. Thompson provided an economic analysis for each decedent in this matter wherein he offers opinions regarding the nineteen decedents in this matter. According to Dr. Thompson's report, it was intended to determine economic damages with respect to the amount of lost income pertaining to the following decedents:

a. Ryan Rigney

b. Rileighanna Rigney

c. Kellen Burrow

d. Lucy Connor

e. Lilly-Anne Bryant

f. Nathanal Whitsett

g. Amber Newman

h. Joshua Hendrix

i. Robert Kilburn

j. Leslie Kersten

k. Regenia Brake

l. Linda Bryant

m. Mark Kee

n. Robin Bradley

o. Joseph Reeves

p. Mary Luten

q. Hallie Gerber

r. Donna Bradley

s. James Betty

7. On December 31, 2025, Counsel for Defendant requested dates on which to depose Plaintiffs' experts, noting that she anticipated the depositions of Drs. Newman and Thompson would likely take several days to complete given the subject matter and the breadth of their opinions. (Exh. A).

8. That same day, Counsel for Plaintiffs responded that he would not agree to an indefinite amount of time to depose these two specific experts. (Id.)

9. On January 13, 2026, Counsel for Defendant asked to depose Dr. Newman on February 16, 2026, with the deposition continuing until completed, and Dr. Thompson the week of February 23, 2026, with the deposition continuing until completed. Counsel for Defendant estimated that there would be approximately 37-hours of testimony for Dr. Newman, and 41-hours of testimony for Dr. Thompson. (Id.)

10. Plaintiffs' Counsel offered four days for Dr. Newman, and two days for Dr. Thompson with both going from 9-5 with breaks. (Id.)

11. Because the Parties have now reached an impasse with respect to the time allotted for the depositions of Drs. Newman and Thompson, they now file the instant discovery dispute statement.

## DEFENDANT'S POSITION

12. It is Defendant's position that given the individualized nature of the opinions of Drs. Newman and Thompson, the Federal Rules of Civil Procedure entitle its' counsel to depose both experts regarding each Plaintiff and decedent as though they were testifying in a case with one Plaintiff/decedent.

13. Pursuant to Federal Rule of Civil Procedure 30(d)(1), a deposition in a case is generally limited to one day of seven hours unless otherwise stipulated or otherwise ordered by the Court.

14. In a normal case with one plaintiff and one defendant, this means that a defendant is permitted to depose a plaintiff's expert for seven hours concerning the witness'

7

background, qualifications, methods, materials relied on, and opinions regarding that single plaintiff.

15. Here, Drs. Newman and Thompson are offering opinions on the psychiatric conditions and diagnoses of seventeen individuals and the potential economic damages of nineteen decedents.

16. Clearly, to place an arbitrary limit on Defendant's ability to fully depose these experts regarding each and every individual that they are offering expert testimony is prejudicial and unfair. Defendant should be able to develop the bases and opinions of each individual case within this matter, especially concerning such an individualized factual arena such as damages.

17. If Drs. Newman and Thompson were offering opinions for Plaintiffs and decedents as though they were one class, that would be one thing. But even a cursory review of their reports demonstrates that these experts will require hours of testimony concerning each individual that the expert is opining about.

18. Take Dr. Newman's report for example. In it, he details the following information:

    a. The materials he relied upon, including medical records, news media articles, and interviews he conducted with each individual;

    b. A social background of each individual including family backgrounds, education, employment, relationships, substance use, legal history, medical histories, current medical issues, and a mental status examination;

    c. Descriptions of the incident as related to him by the patient;

    d. Reactions to the incident as related to him by the patient;

e. Diagnoses of current medical conditions; and

f. Opinions concerning the causal relationship between the patient's diagnoses and the incident at issue here.

19. So too with Dr. Thompson's report which contains estimates for lifetime earnings for nearly twenty individuals who were of vastly different socioeconomic backgrounds with respect to their ages, family status, workforce participation, and education. It is imperative that Defendant be permitted to depose

20. Clearly, these kinds of expert reports are going to require the full amount of time permitted under the Rules for each Plaintiff/decedent given the highly-individualized nature of the opinions contained therein, and to limit Defendant's ability to fully depose these experts to just a few days before the depositions even begin is clearly prejudicial to Defendant.

21. Accordingly, the Court should permit Defendant to depose Drs. Newman and Thompson the full seven hours for each Plaintiff

### PLAINTIFFS' POSITION

22. Defendant's position rests on the flawed premise that Federal Rule of Civil Procedure 30(d)(1) entitles it to seven hours of deposition time per Plaintiff or decedent simply because an expert offers opinions concerning more than one individual. Of course, the Rule provides no such entitlement. Rather, Rule 30(d)(1) sets a presumptive limit of "one day of seven hours" per witness, subject to reasonable adjustment by stipulation or court order based on proportionality and

9

efficiency. Nothing in the Rules suggests it would be reasonable to multiply the standard deposition time limit by the number of individuals addressed in a single expert report.

23. Here, Drs. Newman and Thompson are two of Plaintiffs' expert witnesses who issued reports employing their consistent education, experience, assumptions, and methodologies across all individuals. As in any expert deposition, Defendant is entitled to examine each witness's qualifications, professional background, materials reviewed, analytical framework, and methodology which are topics that apply to the expert as a whole, not separately to each plaintiff or decedent. Here, it is only necessary to cover that foundational testimony once rather than seventeen or nineteen times.

24. Plaintiffs' proposed deposition time accounts for this reality. The time offered reasonably accommodates inquiry into each expert's background, credentials, and methodology, while still providing the Defendant with ample opportunity to explore the application of those methodologies to each individual Plaintiff and decedent. Because these foundational areas consume a meaningful portion of any expert deposition regardless of the number of individuals involved, Plaintiffs' proposal is more than sufficient to allow Defendant to test both the admissibility and weight of the opinions offered.

25. Defendant's time request, effectively seeking dozens of hours of testimony from each expert, when the opinions arise from common methodologies and overlapping analyses, would result in disproportionate discovery and convert

10

Rule 30(d)(1)'s deposition time limits into an automatic multiplier untethered from efficiency or basic notions of reasonableness. The Advisory Committee has expressly cautioned against expanding depositions through repetitive questioning on common issues, noting that while multi-party cases may justify some additional time, "duplicative questioning should be avoided." Fed. R. Civ. P. 30, Advisory Committee Notes on 2000 amendments.

26. Operating in good faith, Plaintiffs offered four full days for Dr. Newman and two full days for Dr. Thompson, each running from 9:00 a.m. to 5:00 p.m. with breaks. This proposal substantially exceeds the presumptive limits of Rule 30 and provides Defendant with a fair and meaningful opportunity to examine these experts.

27. Accordingly, Plaintiffs' proposal strikes an appropriate balance between rigorous discovery and proportionality which captures the spirit of the Rules. The Court should deny Defendant's attempt to unnecessarily expand the deposition time limits of these experts and enforce the reasonable time limits offered by Plaintiffs.

Respectfully submitted this 2nd day of February, 2026, by:

/s/ *S. Camille Reifers*
S. Camille Reifers (BPR #19856)
John J. Bennett (BPR #31976)
Andrew Todd (BPR #39590)
Wai-Lin Daineley (BPR #41433)
REIFERS, HOLMES & PETERS LLC
80 Monroe Avenue, Suite 410
Memphis, TN 38103
(901) 521-2860
creifers@rhpfirm.com
jbennett@rhpfirm.com

11

atodd@rhpfirm.com
wdaineley@rhpfirm.com

***Attorneys for CSX Transportation, Inc.***


*/s/ Peter J. Flowers*
Timothy V. Potter  (#017520)
Andrew E. Mills  (#031236)
Reynolds, Potter, Ragan & Vandivort, PLC
210 East College Street
Dickson, Tennessee 37055
615.446.2221
615.446.2232 Facsimile
tpotter@rprvlaw.com
amills@rprvlaw.com

Peter J. Flowers
Jonathan P. Mincieli
Christopher J. Warmbold
Thomas M. Connelly
Meyers & Flowers, LLC
3 North Second Street – Suite 300
St. Charles, Illinois 60174
630.232.6333
630.845.8982 Facsimile
pjf@meyers-flowers.com
jpm@meyers-flowers.com
cjw@meyers-flowers.com
tmc@meyers-flowers.com

***Attorneys for Plaintiffs***

12

**<u>CERTIFICATE OF SERVICE</u>**

      I certify that on February 2, 2026, the forgoing document has been served via the Court's CM/ECF system to the following Counsel of Record:

Timothy V. Potter
Andrew E. Mills
Mary Lane Story
Kirk Vandivort
Jennifer Foster
Reynolds, Potter, Ragan & Vandivort, PLC
210 East College Street
Dickson, Tennessee 37055
615.446.2221
615.446.2232 Facsimile
tpotter@rprvlaw.com
amills@rprvlaw.com
mstory@rprvlaw.com
kvandivort@rprvlaw.com
jfoster@rprvlaw.com

Peter J. Flowers
Frank V. Cesarone
Jonathan P. Mincieli
Christopher Warmbold
Tom Connelly
Meyers & Flowers, LLC
3 North Second Street – Suite 300
St. Charles, Illinois 60174 630.232.6333
630.845.8982 Facsimile
pjf@meyers-flowers.com
fvc@meyers-flowers.com
jpm@meyers-flowers.com
cjw@meyers-flowers.com
tmc@meyers-flowers.com

*Attorneys for Plaintiff*

                               */s/ S. Camille Reifers*
                               S. Camille Reifers