UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| Matthew Rigney et al., <br><br>     Plaintiffs, <br><br> v. <br><br> CSX Transportation, Inc., <br><br>     Defendant. | Case No. 3:22-cv-00342 <br><br> Judge Waverly D. Crenshaw, Jr. <br> Magistrate Judge Luke A. Evans |

To:    The Honorable Waverly D. Crenshaw, Jr., District Judge

## REPORT AND RECOMMENDATION

On November 20, 2025, defendant CSX Transportation, Inc. (CSX) filed a motion to dismiss this case under Rules 41(b) and 37(c) of the Federal Rules of Civil Procedure. (Doc. No. 196.) The crux of the motion is CSX's allegation that plaintiffs withheld voluminous discovery and misrepresented what information they had when responding to discovery demands. Specifically, plaintiffs allegedly obtained over 2,000 files and numerous videos from the Waverly Police Department through a public records request in 2022 but then disclosed only a small portion of these files when CSX served written discovery demands from 2023 to 2025. CSX claims that it did not receive the full amount of discovery until the Waverly Police Department responded to its own public records request in February 2025, which was a follow-up to a public records request that it submitted to the Waverly Police Department in 2023. Three depositions occurred by the time CSX obtained the full set of discovery materials. Plaintiffs also allegedly manipulated some discovery by, for example, removing timestamps from certain videos that would have helped clarify the chronology of events. CSX accuses plaintiffs of bad faith that has been severe enough to warrant the sanction of dismissal.

Plaintiffs deny manipulating any discovery and note that the parties never met and conferred to try to resolve CSX's concerns. Plaintiffs also argue that, since CSX obtained the full set of discovery materials from the Waverly Police Department, "the parties have submitted six Joint Status Reports and six Discovery Dispute Statements, many of which required conferences with the Court. At no point during any of these proceedings did Defendant assert or so much as mention that it believed Plaintiffs had been withholding evidence." (Doc. No. 207 at 15.)

The Court has decided under Rule 78(b) that oral argument for CSX's motion is not necessary. The Court will deny the motion for oral argument (Doc. No. 199) by separate order.

Both Rule 37 and Local Rule 7.01 contain requirements that a party moving for a discovery-related order first confer with the other parties to try to resolve the dispute short of court intervention. Several months before CSX filed its motion, Magistrate Judge Newbern further reminded the parties of his dispute resolution protocol, which required that the parties request a discovery dispute resolution conference and file a joint discovery dispute statement before resorting to motion practice. (*See* Doc. No. 162.) The parties did not confer in advance, and a conference would have been helpful in resolving serious accusations such as whether the Waverly Police Department produced certain videos without time stamps or whether plaintiffs intentionally removed them. (*Compare, e.g.*, Doc. No. 197 at 15 (citing "the removal of critical time stamps from the four videos Plaintiffs produced") *with* Doc. No. 207 at 17 ("Once again, neither Plaintiffs nor their attorneys altered or edited nor caused to have altered or edited any video or other evidence in this case.").) The Court acknowledges CSX's motion to supplement (Doc. No. 201) and will grant it separately for the sake of the docket, but a conference among counsel still should have occurred in advance.

2

The Court also is concerned about the timing of CSX's motion. Under Rule 37, "long delays in seeking a court order may weaken or undermine the argument that the additional discovery is important." 8B Fed. Prac. & Proc. Civ. § 2285 (3d ed. and 2025 Supp.). Rule 37 has no specific deadlines for motions to compel discovery or to impose sanctions, but a lack of diligence in seeking resolution of a discovery problem can justify the denial of a motion. *See Brandt v. Vulcan, Inc.*, 30 F.3d 752, 756 (7th Cir. 1994) (affirming denial of a sanctions motion because of plaintiff's "failure to take action far earlier in the litigation when he first learned of other possible discovery abuses"); *cf. Audi AG v. D'Amato*, 469 F.3d 534, 541 (6th Cir. 2006) (affirming denial of a motion to extend a discovery deadline, where a party knew of the discovery issue in question two and a half months before the discovery deadline). Here, according to CSX's motion papers, CSX received by February 11, 2025 all of the discovery materials that plaintiffs allegedly withheld. (Doc. No. 197 at 7.) Since then, and as Magistrate Judge Newbern required (Doc. No. 158 at 2), the parties filed multiple joint discovery status reports. (Doc. Nos. 161, 169, 174, 187, 191, 194, 215.) In none of these status reports did the parties refer to any problems with the discovery production in question, misrepresentations about that discovery production, or possible manipulation of discovery materials. The passage of time, and the course of conduct seen through the status reports, undermine the serious nature of CSX's allegations. Further weighing against the severity of the allegations is Judge Crenshaw's recent order denying CSX's motion to stay proceedings pending the outcome of the motion to dismiss. (Doc. No. 225.) In effect, Judge Crenshaw already has decided that CSX's allegations are not severe enough to prevent this case from moving forward.

3

## RECOMMENDATION

For the foregoing reasons, the Court recommends that CSX's motion to dismiss (Doc. No. 196) be denied.  Because CSX's motion for leave to file video exhibits (Doc. No. 198) is related to the motion to dismiss, that motion will be denied by separate order.

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this Report and Recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 17th day of March, 2026.

_____
LUKE A. EVANS
United States Magistrate Judge

4