# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| MATTHEW RIGNEY, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )    No. 3:22-cv-00342 |
| | ) |
| CSX TRANSPORTTATION, INC, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is the Report and Recommendation by Magistrate Judge Luke A. Evans ("R&R") (Doc. No. 230) recommending that the Court deny Defendant's motion to dismiss (Doc. No. 196) under Federal Rules of Civil Procedure 37(c) and 41(b).

The R&R found: (1) that Rule 37 and Local Civil Rule 7.01 required Defendant to confer with opposing counsel before filing the motion, and that Defendants failed to do so (Doc. No. 230 at 2); (2) that a conference among counsel would have been helpful in resolving factual disputes at the heart of the motion (id.); and (3) that the period of delay between when Defendant received the production at issue and when it brought the motion undermine the severity of the allegations (id. at 3).

Defendant has filed objections to the R&R. (Doc. No. 239). Defendant objects on five grounds: (1) that the R&R failed to account for the time it took CSX to confirm the alleged misconduct (id. at 2-3); (2) that the R&R could not properly evaluate the evidence because it denied leave to file the video exhibits (id. at 3); (3) that the R&R improperly speculated about the Court's views on the merits (id. at 3-4); (4) that it did not have to meet and confer before bringing the motion (id. at 4); and (5) that the R&R failed to address the substantive allegations (id. at 4-5).

The Court reviews *de novo* those portions of the R&R to which specific objection is made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Having conducted that review, the Court need not go further than Defendant's failure to meet and confer with opposing counsel. Local Civil Rule 7.01(a)(1) requires that the moving party confer with all opposing counsel before filing any motion, with exceptions for motions under Rules 12, 55, 56, 59, and 60, and motions for admission pro hac vice. The Local Rule does not provide any exception for a motion for sanctions under Rules 37 and 41(b):

> (1) Conference with Counsel. In cases in which all parties are represented by counsel, all motions, except motions under Rules 12, 55, 56, 59, or 60, and motions for admission pro hac vice, must state that counsel for the moving party has conferred with all other counsel, and whether or not the relief requested in the motion is opposed. In those instances where counsel for the moving party is unable to confer with all other counsel, the motion must describe all attempts made to confer with counsel.

M.D. Tenn. Loc. Civ. R. 7.01(a)(1).

Defendant contends that it was not required to meet and confer with opposing counsel before bringing the motion because "the chance that a party will agree that it will be sanctioned is zero," citing Allergan, Inc. v. Revance Therapeutics, Inc., No. 3:23-CV-00431, 2025 WL 1487280, at *2 (M.D. Tenn. Mar. 31, 2025). There, a magistrate judge addressed a motion for sanctions despite the parties' failure to meet and confer. Id. That decision is not binding, and the Court declines to adopt that approach. And in any case, Defendant's reliance on it here misses the point. The purpose of a meet and confer is not, of course, to persuade a party to agree to be sanctioned. The purpose is to narrow the scope of the issues, clarify contested facts, and attempt resolution of

2

the underlying dispute before burdening the Court with substantial motion practice. That is exactly what was—and is—needed here.

The Court declines to entertain this motion when the parties cannot be bothered to meet and attempt to resolve their issues or, at the very least, limit their scope. HBKY, LLC v. Elk River Exp., LLC, 150 F.4th 480, 488 (6th Cir. 2025) ("Judges are not like pigs, hunting for truffles buried in the record.") (citation omitted).

Defendant's objections (Doc. No. 239) are **OVERRULED**. The R&R (Doc. No. 230) is **ADOPTED** and **APPROVED**. Defendant's motion to dismiss (Doc. No. 196) is **DENIED**.

IT IS SO ORDERED

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE