| | | |
|---|---|---|
| MATTHEW RIGNEY et al., | ) | |
| | ) | NO. 3:22-CV-00342 |
| Plaintiffs, | ) | (consolidated) |
| v. | ) | |
| | ) | JUDGE WAVERLY D. CRENSHAW, |
| CSX TRANSPORTATION, INC., | ) | JR. |
| | ) | |
| Defendant. | ) | MAGISTRATE JUDGE ALISTAIR |
| | ) | NEWBERN |
| | ) | |

**PLAINTIFF'S MEMORANDUM OF LAW IN RESPONSE TO DEFENDANT
CSX TRANSPORTATION, INC.'S
MOTION FOR SUMMARY JUDGMENT REGARDING
PLAINTIFF THOMAS SANDERS FOR LACK OF STANDING**

COMES NOW, Plaintiff Thomas Sanders ("Plaintiff Sanders"), by and through counsel, and submits this Memorandum of Law in Response to CSX Transportation, Inc.'s ("CSXT") Motion for Summary Judgment Regarding Plaintiff Thomas Sanders for Lack of Standing and in support thereof states as follows:

**FACTUAL BACKGROUND**

This lawsuit arises out of the tragic passing of Joshua Hendrix ("Joshua") in the August 21, 2021, Waverly, Tennessee flood. ECF No. 147, ¶ 70(g). Joshua is survived by his mother, Carolyn Nicholas ("Ms. Nicholas"), and his siblings, including Plaintiff Thomas Sanders. Doc. No. 254-1 (T. Sanders Dep. 16:17-25–20:22). Ms. Nicholas currently resides in Oklahoma. *See* Exhibit A (C. Nicholas Declaration).

Pursuant to an agreement between Ms. Nicholas and Plaintiff Sanders, Plaintiff Sanders has prosecuted this lawsuit surrounding the wrongful death of his brother, Joshua. See Ex. A. As verified by Ms. Nicholas, she knowingly and voluntarily waived her right to bring a wrongful

1

death suit against CSXT and expressly authorized Plaintiff Sanders to pursue the claim on behalf of all next of kin. *See* Ex. A (C. Nichols Affidavit Exhibit). Now, in 2026, CSXT takes the position that Joshua's brother lacks standing to prosecute this wrongful death claim on behalf of Joshua's family. Its position is patently wrong.

## <u>STANDARD</u>

Summary judgment should be granted only where the moving party demonstrates that "there is no genuine dispute as to any material fact" and that it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden is on the moving party to show "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). A dispute of fact is "genuine" if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party," and a fact is "material" if it "might affect the outcome of the case under governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In evaluating a motion for summary judgment, the Court must view the evidence and draw all reasonable inferences in the light most favorable to the nonmoving party. *Id*. at 255. The Court may not weigh evidence, judge witness credibility, or resolve factual disputes; those functions are reserved for the factfinder. *Id.* Importantly, the nonmoving party need not "produce evidence in a form that would be admissible at trial" to defeat summary judgment (*Celotex*, 477 U.S. at 324); it need only show that sufficient evidence exists upon which a jury could reasonably find in its favor. *Anderson*, 477 U.S. at 249. Finally, the Court must reject a motion for summary judgment if "the evidence presents a sufficient disagreement to require submission to a jury." *Anderson*, 477 U.S. at 251–52.

## <u>ARGUMENT</u>

Summary judgment is inappropriate as Plaintiff Sanders is a "statutory beneficiary" and

<div align="center">2</div>

has standing to prosecute this cause of action as Joshua's next of kin pursuant to Tennessee's wrongful death law. Wrongful death actions in Tennessee are statutory. See Tenn. Code Ann. §§ 20–5–106 –108 and 20–5–110. A person whose death is caused by a wrongdoer does not lose his right of action against the wrongdoer at death. Tenn. Code Ann. § 20-5-106(a). Instead, the decedent's right of action against the wrongdoer passes to his spouse, and if he does not have a spouse, it passes to his children or next of kin. Tenn. Code Ann. § 20-5-106(a).

However, because the right of action is "single, entire, and indivisible" (*Flax v. DaimlerChrysler Corp.*, 272 S.W.3d 521, 529 (Tenn. 2008), the legislature has prescribed who may institute the decedent's cause of action as well as who has priority to bring the cause of action among these individuals. *See Haynes v. Wayne Cnty.*, No. M201601252COAR3CV, 2017 WL 1421220, at *4 (Tenn. Ct. App. Apr. 19, 2017) (citing Tenn. Code Ann. § 20-5-107(a)). The legislature's intention in clearly prescribing the priority to sue is to "protect defendants from the expense of defending multiple lawsuits from a single injury to a single individual, not to allow defendants to escape liability for a wrongful act." *Haynes*, 2016 WL1421220, at *5. Under Tennessee Code Annotated § 20-5-107(a), a spouse has the priority to bring the wrongful death action and, if there is no surviving spouse, the priority then passes to the deceased's children or next of kin.

The Tennessee statutes governing intestate succession determine "next of kin." See *Haynes*, 2016 WL1421220, at *4 (citing, *House v. Gibson*, 827 S.W.2d 310, 311 (Tenn. Ct. App. 1991)); *see also Sneed v. Henderson*, 366 S.W.2d 758, 760 (1963) (explaining the Tennessee law of intestate succession follows the line of consanguinity). The same statutes determine "priorities among next of kin." *Haynes*, 2016 WL1421220, at *4 (citing *House*, 827 S.W.2d at 311). Accordingly, under Tennessee law, "the superior right to bring a wrongful death action falls first

3

to a surviving spouse, then to any children, then to a parent, then to a sibling, then to a grandparent." *Haynes*, 2016 WL1421220, at *4  (citing Tenn. Code Ann. § 31-2-104).

A beneficiary with a superior right to bring the cause of action may waive their right of action. A beneficiary's ability to waive their superior right to bring the lawsuit is logical since "the legislature did not intend that the [superior beneficiary] be compelled to bring the wrongful death action against his will." *Foster v. Jeffers*, 813 S.W.2d 449, 452 (Tenn. Ct. App. 1991). For adult beneficiaries, this waiver can be accomplished simply through allowing the case to stand without objection. See *Busby v. Massey*, 686 S.W.2d 60, 62 (Tenn. 1984) (citing *Koontz v. Fleming*, 65 S.W.2d 821, 824 (Tenn. Ct. App. 1933)); *Foster*, 813 S.W.2d at 453. A surviving spouse may waive his or her superior right to bring a wrongful death suit and allow the decedent's nephews to bring the suit as next of kin. *See Foster v. Jeffers*, 813 S.W.2d 449 (Tenn. Ct. App. 1991). A decedent's child may waive his superior right to bring a wrongful death suit and allow the decedent's mother to bring the suit as next of kin. *Hussey v. Woods*, 538 S.W.3d 476 (Tenn. 2017) (declining to set aside the wrongful death settlement because grandmother appeared to have right to bring a cause of action). A decedent's half-brother may waive his superior right to bring a wrongful death suit and allow the decedent's grandmother to bring the suit as next of kin. *See Haynes v. Wayne Cnty.*, No. M201601252COAR3CV, 2017 WL 1421220, at *4 (Tenn. Ct. App. Apr. 19, 2017) (denying defendant's motion for summary judgment for lack of standing against plaintiff, despite presence of more closely related next of kin, because more closely related next of kin waived their right to bring the cause of action).

Here, Plaintiff Sanders is a statutory beneficiary and has standing to bring a cause of action for the wrongful death of Joshua given Ms. Nicholas' uncontroverted waiver of her right to bring the cause of action. *See* Ex. A. CSXT does not and cannot dispute that Joshua was survived by his

4

mother, Ms. Nicholas, and his siblings, including Plaintiff Sanders. No. 254-1 (T. Sanders Dep. 16:17–25–20:22). Accordingly, given Ms. Nicholas' waiver to serve in a nominal capacity to prosecute this action, Plaintiff Sanders is a proper party Plaintiff and CSXT's motion is without merit. See *Busby*, 686 S.W.2d at 62 (citing *Koontz*, 65 S.W.3d at 824; *Foster*, 813 S.W.2d at 453; *Hussey*, 538 S.W.3d at 483–85; *Haynes*, 2016 WL1421220, at *4.

## CONCLUSION

Ms. Nicholas' election to allow Joshua's brother to prosecute this wrongful death action is both proper and entirely reasonable given the tragic circumstances of her son's passing. CSXT's argument that Joshua's brother lacks standing to prosecute this claim for the benefit of Joshua's next of kin is directly contrary to Tennessee law. Accordingly, Plaintiff Sanders respectfully requests that this Court deny CSXT's Motion for Summary Judgment in its entirety and for such other and further relief as this Court deems equitable.

<div style="margin-left:40%">

/s/Timothy V. Potter

**TIMOTHY V. POTTER**      **#017520**
**ANDREW E. MILLS**      **#031236**
Reynolds, Potter, Ragan & Vandivort, PLC
210 East College Street
Dickson, Tennessee 37055
615.446.2221
615.446.2232 Facsimile
tpotter@rprvlaw.com
amills@rprvlaw.com
*Counsel for Plaintiffs*

*Pro Hac Vice:*
**PETER J. FLOWERS**      **IL BAR #06210847**
**JONATHAN P. MINCIELI**      **IL BAR #06274091**
**CHRISTOPHER J. WARMBOLD**    **IL BAR #06314229**
**THOMAS M. CONNELLY**      **IL BAR #06332570**

</div>

5

Meyers & Flowers, LLC
3 North Second Street - Suite 300
St. Charles, Illinois 60174
630.232.6333
630.845.8982 Facsimile
pjf@meyers-flowers.com
jpm@meyers-flowers.com
cjw@meyers-flowers.com
tmc@meyers-flowers.com
*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing *Plaintiff's Memorandum of Law in Support of His Response to Defendant CSX Transportation, Inc.'s Motion for Summary Judgment Regarding Plaintiff Thomas Sanders for Lack of Standing* has been sent to:

| | | |
|---|---|---|
| Ms. S. Camille Reifers | #019856 | ☐ Via U.S. Mail, postage prepaid |
| Mr. John J. Bennett | #031976 | ☐ Via Facsimile |
| Andrew Todd | #39590 | ☐ Via Email |
| Wai-Lin Danieley | #41433 | ☐ Via UPS overnight |
| Reifers, Holmes & Peters, LLC | | ☐ Via Hand Delivery/Courier |
| 80 Monroe Avenue – Suite 410 | | ☐ Via Service of Process |
| Memphis, Tennessee 38103 | | ■ Via CM/ECF, efile, or other |
| 901.521.2860 | |    electronic service format |
| creifers@rhpfirm.com | | |
| jbennett@rhpfirm.com | | |

*Attorney for Defendant CSX Transportation, Inc.*

This 24th day of April, 2026.

s/Timothy V. Potter
**TIMOTHY V. POTTER**

6