# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| MATTHEW RIGNEY et al., | ) | |
| | ) | NO. 3:22-CV-00342 |
| Plaintiffs, | ) | (consolidated) |
| v. | ) | |
| | ) | JUDGE WAVERLY D. CRENSHAW, |
| CSX TRANSPORTATION, INC., | ) | JR. |
| | ) | |
| Defendant. | ) | MAGISTRATE JUDGE LUKE |
| | ) | EVANS |
| | ) | |

**DEFENDANT CSX TRANSPORTATION, INC.'S REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT REGARDING PLAINTIFF THOMAS SANDERS FOR LACK OF STANDING**

COMES NOW, the Defendant, CSX Transportation, Inc., by and through counsel, and respectfully submits its Reply to Plaintiffs' Response to Defendant's Memorandum in Support of its Motion to Dismiss Plaintiff Thomas Sanders for Lack of Standing pursuant to §20-5-101, *et. seq*. of the Tennessee Code. In support of its motion, Defendant would state as follows:

## FACTUAL BACKGROUND

This lawsuit arises out of a catastrophic flood of August 21, 2021, that devastated Waverly, Tennessee. Among those affected was Plaintiff Thomas Sanders ("Plaintiff"), brother of Joshua Lee Tyrone Hendrix, deceased ("Decedent"). [ECF No. 147, ¶ 70(g).] Plaintiff brought his claim in this lawsuit as next of kin of Decedent. [ECF No. 147, ¶¶ 70(g), 71.]

In Plaintiff's Response to Defendant's Motion for Summary Judgment Regarding Plaintiff Thomas Sanders for Lack of Standing [ECF No. 275], Plaintiff contends that, "Plaintiff Sanders is a statutory beneficiary and has standing to bring a cause of action for the wrongful death of Joshua given Ms. Nicholas's uncontroverted waiver of her right to bring the cause of action." *Id*. at 4.

1

Accompanying Plaintiff's Response was the Declaration of Carolyn Nicholas [ECF No. 275.01], wherein Ms. Nicholas declared that: she is the mother of Joshua Hendrix [*Id*. at ¶4]; in 2023, she reached a private agreement with Plaintiff Sanders allowing him to handle Mr. Hendrix's wrongful death suit against CSXT [*Id*. at ¶5]; and in that agreement, she knowingly and voluntarily waived and relinquished any personal right she may have had to bring or control the wrongful death action. [*Id*. at ¶6.]

## **LEGAL STANDARD**

A party may not attempt to withstand summary judgment by using an affidavit to contradict sworn testimony. *See Biechele v. Cedar Point, Inc.*, 747 F.2d 209, 215 (6th Cir. 1984). Quoting the Second Circuit, the court in *Biechele* stated:

> If a party who has been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting his [or her] own prior testimony, this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact.

*Id*.; *see also Mason v. United States*, Case No. 3:20-cv-00245, 2022 U.S. Dist. LEXIS 129533, at *12 (M.D. Tenn. July 20, 2022). The Sixth Circuit has since only applied the Sham Affidavit Doctrine in two kinds of case: 1.) where an affidavit "directly contradicts" the witness' deposition testimony, in which case the affidavit will be stricken unless the party offering the affidavit "provides a persuasive justification for the contradiction," and 2) "where no direct contradiction exists, but the Court determines the affidavit is attempting to create a sham issue of fact." *Id*. (internal citations omitted). The factors for determining when an affidavit attempts to create a sham fact issue include:

> whether the affiant was cross-examined during his earlier testimony, whether the affiant had access to the pertinent evidence at the time of his earlier testimony or whether the affidavit was based on newly discovered evidence, and whether the earlier testimony reflects confusion the affidavit attempts to explain.

2

*Mason*, 2022 U.S. Dist. LEXIS at *12–13. In these cases, the presumption is reversed: the affidavit will not be stricken unless the court determines that the affidavit constitutes an attempt to create a sham fact issue. *Id*.

## ARGUMENT

Here, it is evident that submission of Ms. Nicholas's Declaration [ECF No. 275.01] is an attempt to create a sham fact issue; that is, whether in 2023, Ms. Nicholas reached a private agreement with Plaintiff Sanders allowing him to handle Joshua Hendrix's wrongful death suit against Defendant. Indeed, prior to Plaintiff Sanders's March 19, 2025 deposition, there was no reference whatsoever to Ms. Nicholas. Plaintiffs' Amended Complaint [ECF No. 65] and Second Amended Complaint [ECF No. 147] refer only to Plaintiff Sanders as Mr. Hendrix's next of kin. Likewise, Plaintiffs' February 21, 2023 Initial Disclosures [ECF No. 197-13] omit Ms. Nicholas entirely in the "Family Members or Fact Witnesses" portion as it relates to Mr. Hendrix and Plaintiff Sanders. [ECF No. 197-13, p. 23 ¶14(a).] Moreover, deposition testimony by Mr. Sanders indicates that at that time he did not know the last name of Joshua Hendrix's mother:

Q: I know you and Josh have the same father. Do you know if Josh's mother is still living?

A: She is.

Q: Okay. What's her name?

A: Lynn—Carolyn—I don't know her later name.

[ECF No. 254-1, PageID 5513]. Nor did Mr. Sanders know her residence:

Q: Okay. Does Carolyn live in Middle Tennessee?

A: No.

Q: Okay. Where does Carolyn live to the best of your—if you know?

A: I don't know.

3

[*Id*. at PageID 5514].

Given this total lack of knowledge concerning the identity or whereabouts of Mr. Hendrix's mother, the notion that there was an explicit agreement between the them two years prior to his deposition simply incredible.

Taken together, the foregoing necessitates that Ms. Nicholas's Declaration be closely scrutinized by the Court. If found to be a sham or otherwise fraudulent so that Plaintiff Sanders can maintain his cause of action, said Declaration must be excluded and summary judgment granted for the benefit of Defendant, along with any other relief the Court deems appropriate.

Date: May 1, 2026                 Respectfully submitted,

> */s/ S. Camille Reifers*
> S. Camille Reifers (BPR #19856)
> John J. Bennett (BPR #31976)
> Andrew Todd (BPR #39590)
> Wai-Lin Danieley (BPR #41433)
> REIFERS HOLMES & PETERS, LLC
> 80 Monroe Avenue, Suite 410
> Memphis, TN 38103
> (901) 521-2860
> creifers@rhpfirm.com
> jbennett@rhpfirm.com
> atodd@rhpfirm.com
> wdanieley@rhpfirm.com
>
> ***Attorneys for CSX Transportation, Inc.***

4

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on May 1, 2026, the forgoing document has been served via the Court's CM/ECF system to the following Counsel of Record:

Timothy V. Potter
Andrew E. Mills
Mary Lane Story
Kirk Vandivort
Jennifer Foster
Reynolds, Potter, Ragan & Vandivort, PLC
210 East College Street
Dickson, Tennessee 37055
615.446.2221
615.446.2232 Facsimile
tpotter@rprvlaw.com
amills@rprvlaw.com
mstory@rprvlaw.com
kvandivort@rprvlaw.com
jfoster@rprvlaw.com

Peter J. Flowers
Frank V. Cesarone
Jonathan P. Mincieli
Christopher Warmbold
Tom Connelly
Meyers & Flowers, LLC
3 North Second Street – Suite 300
St. Charles, Illinois 60174 630.232.6333
630.845.8982 Facsimile
pjf@meyers-flowers.com
fvc@meyers-flowers.com
jpm@meyers-flowers.com
cjw@meyers-flowers.com
tmc@meyers-flowers.com

*Attorneys for Plaintiffs*

/s/ *S. Camille Reifers*
S. Camille Reifers

5