# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| MATTHEW RIGNEY et al., ) | |
| ) | NO. 3:22-CV-00342 |
| **Plaintiffs,** ) | **(consolidated)** |
| v. ) | |
| ) | |
| CSX TRANSPORTATION, INC., ) | |
| ) | |
| **Defendant.** ) | |

## JOINT PRE-TRIAL ORDER

Plaintiffs Matthew Rigney *et al.*, and Defendant CSX Transportation, Inc. by and through their undersigned counsel, submit this Joint Pre-Trial Order.

### I. PLEADINGS

The pleadings are amended to conform to this Pretrial Order that supplants the pleadings.

### II. JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. §1332(a). Jurisdiction is not in dispute.

### III. PLAINTIFFS' THEORY OF THE CASE

In the early morning hours of August 21, 2021, a storm system in middle Tennessee produced rainfall exceeding sixteen (16) inches within a 24-hour period. As the storm intensified, water from Trace Creek and surrounding drainage areas accumulated behind CSXT's raised railroad track embankment which served as an artificial dam, causing floodwater to pool north of the tracks. Rising floodwaters overtopped the embankment, eroded the structural integrity of CSXT's railbed, and resulted in the total failure of the embankment in multiple locations. This washout of CSXT's track released an estimated volume of approximately 228,000,000 gallons of water in a sudden and uncontrolled surge directly to downtown Waverly, TN, causing the deaths of nineteen (19) individuals and emotional injuries to more. Plaintiffs seek damages for the

1

wrongful death and negligent infliction of emotional distress injuries suffered as a result of CSXT's negligence and actionable nuisance.

CSXT had the legal duty of due care to prevent dangerous conditions from forming on or around its property and to warn those placed at risk by such conditions. CSXT breached the first common law duty because it failed to warn local government and emergency officials as well as the downstream public of the rapidly rising waters, water pooling, water overtopping the tracks possibility that the railroad embankment was at risk of catastrophically failing.

CSXT also has a duty under Tennessee nuisance law not to obstruct, interfere, or divert the natural drainage of surface water in a manner which would expose others to an unreasonable risk of harm. CSXT breached this duty because CSXT's raised railbed embankment, caused surface drainage water to pool behind it when it otherwise would have flowed naturally and then, when the embankment failed, resulted in a concentrated, unnatural discharge of water and the deaths and emotional damages of the Plaintiffs.

Had CSXT warned local emergency responders about the potential for its railroad track embankment to fail, potential washout and/or the sudden concentrated, unnatural discharge of approximately 228,000,000 gallons of water directly towards the residents in the City of Waverly, these deaths and emotional injuries would have been avoided.

## IV. DEFENDANT CSX TRANSPORTATION, INC.'S THEORY OF DEFENSE

The August 21, 2021 flood in Humphreys County, including Waverly, Tennessee was the result of an over 1,000-year flood event as opposed to any action or inaction on the part of Defendant. The flooding which occurred in Humphreys County was not limited to the Trace Creek watershed but extended to neighboring watersheds where there is no CSX infrastructure present. The washouts which occurred as a result of the unprecedent flooding were a consequence of this

2

rainfall event and flooding were not caused by any negligence on the part of Defendant. Further, and pursuant to CSX policy and procedures, the rain fall event triggered inspections of CSX infrastructure in the area to ensure that said infrastructure was safe to operate trains. Despite diligent efforts to discover any issues with said infrastructure, there is no indication that Defendant had any prior or superior knowledge that the infrastructure at issue in this case was at risk of washing out or that water was impounded against its infrastructure prior to the subject washouts. Further, despite diligent inspections of the infrastructure, there is no evidence that the subject CSXT Trace Creek Bridge was obstructed with debris or otherwise incapable of handling the expected waterflow for the area concerned. Without actual or constructive knowledge of these particular issues, Defendant had no knowledge upon which to warn the community. In fact, the community was already engaging in emergency response measures, including issuing warnings and evacuation orders prior to the washouts which occurred on August 21, 2021.

While CSXT was not negligent in any way concerning the August 21, 2021, even if negligence could be found, the widespread flooding at issue in this case was the cause-in-fact and legal cause of any damages suffered by Plaintiffs as opposed to any purported failures of CSXT. While the Plaintiffs and their respective decedents undoubtedly suffered from the flooding on August 21, 2021, the same would have been caused solely by the rainfall and conditions on the date in question.

## V. STATEMENT OF THE ISSUES

1. CSXT's breach of the common law duty of a landowner to warn of dangerous conditions on its property (for the jury);

2. CSXT's breach of the common law duty of a landowner not to interfere with the natural drainage of surface water (for the jury);

3. Damages proximately caused to Plaintiffs because of CSXT's breach (for the jury).

4. Whether Defendant CSX complied with 49 C.F.R. 213.33. Plaintiffs' dispute that any independent claim under that regulation remains in the case. (for the jury).;

5. Whether any of the alleged breaches of duty were the cause of the harm suffered by Plaintiffs (for the jury).

6. Whether the harm suffered by Plaintiffs was solely the result of an Act of God as defined under the law, thereby relieving Defendant of liability (for the jury).

7. Comparative Fault, if any of Humphreys County, the City of Waverly, and/or Waverly Housing Authority (for the jury).

## VI.    RELIEF SOUGHT

1. Wrongful death compensatory damages pursuant to Tenn. Code Ann. §20-5-113, including damages for (i) the mental and physical suffering of the decedents while being pulled into the floodwaters and drowning; (ii) the pecuniary value of the decedent's lives; (iii) loss of earnings and income of the decedents; and (iv) the loss of decedent's consortium, companionship and society;

2. Compensatory damages for the severe emotional harm suffered by those Plaintiffs alleging NIED (standalone, bystander and non-bystander observation of death) claims; and

3. Punitive damages.

## VII.    ANTICPATED EVIDENTIARY DISPUTES

The parties have met and conferred at length and in good faith over their respective objections to documentary and recorded testimonial evidence, but disputes as to both categories of evidence remain:

Plaintiff: Evidentiary disputes remain as reflected in Plaintiffs' motions *in limine*. Plaintiff reserves any objections to Defendant's exhibits and deposition designations. Plaintiff has the following motions *in limine*:

a) Plaintiffs' motion *in limine* No. 1 to Exclude Evidence and Argument Regarding CSX Employees Saving Lives or Engaging in Rescue Operations Following the August 21, 2021 Flood (Doc. No. 324);

4

b) Plaintiffs' motion *in limine* No. 2 to Exclude Evidence and Argument Concerning CXS's Post-Flood Track Repairs and Community Restoration Efforts (Doc. No. 325);

c) Plaintiffs' motion *in limine* No. 3 to Limit CSX's Examination of Witnesses Called in Plaintiffs' Case-in-Chief to the Scope of Direct Examination (Doc. No. 326);

d) Plaintiffs' motion *in limine* No. 4 to Exclude Cumulative Defense Expert Opinions on Railroad Duty to Warn (Doc. No. 327);

e) Plaintiffs' motion *in limine* No. 5 to Exclude Evidence and Argument Regarding the Practices of Other Railroads or "Industry Custom" as a Defense to CSX's Duty to Warn (Doc. No. 328);

f) Plaintiffs' motion *in limine* No. 6 to Exclude Evidence of Other Flooding Events or Death on Hurricane Creek (Doc. No. 329);

g) Plaintiffs' motion *in limine* No. 7 to Exclude Evidence and Argument Regarding Mark Veasey's "Employee of the Month" Recognition" (Doc. No. 330);

h) Plaintiffs' motion *in limine* No. 8 to Exclude Evidence and Argument Accusing Plaintiffs or Plaintiffs' Attorneys of Wrongdoing (Doc. No. 331);

i) Plaintiffs' motion *in limine* No. 9 to Exclude Evidence or Argument That Brookside Apartments was not Built to Flood Plain Elevation Requirements (Doc. No. 332);

j) Plaintiffs' motion *in limine* No. 10 to Exclude the Humphrey County Hazard Mitigation Plan (Doc. No. 333);

k) Plaintiffs' motion *in limine* No. 11 to Bar Floyd Mobley for Testifying at Trial or in the Alternative, Exclude or Limit Certain Trial Testimony (Doc. No. 334);

l) Plaintiffs' motion *in limine* No. 12 to Exclude or Limit Certain Trial Testimony of Grant Gillespie (Doc. No. 353);

m) Plaintiffs' motion *in limine* No. 13 to Exclude Evidence and Argument Regarding Attorney Advertising, Website Content, or Client Solicitation (Doc. No. 354);

n) Plaintiffs' motion *in limine* No. 14 to Exclude Evidence or Argument Regarding Locked Storage Closets, Flood Guards Stored Therein or Roof Access at the Brookside Apartments (Doc. No. 355);

o) Plaintiffs' motion *in limine* No. 15 to Exclude Evidence or Reference to Plaintiffs' Receipt of Government Assistance, Third-Party Charitable Relief or Crowdfunding Donations (Doc. No. 356);

p) Plaintiffs' motion *in limine* No. 16 to Exclude Evidence or Argument That Any Non-Party Acted Negligently or Failed to Protect Plaintiffs from the Flood (Doc. No. 357);

q) Plaintiffs' motion *in limine* No. 17 to Preclude CSX From Asking Plaintiffs Lay-Witness Questions Calling for Liability, Causation, or Fault Opinions Reserved for Expert Testimony (Doc. No. 358);

r) Plaintiffs' motion *in limine* No. 18 to Exclude Evidence Regarding Estrangement from Parents, Siblings or Other Family (Doc. No. 359);

5

s) Plaintiffs' motion *in limine* No. 19 to Preclude CSX From Introducing Evidence of Irrelevant Injuries (Doc. No. 360);

t) Plaintiffs' motion *in limine* No. 20 to Exclude Evidence of Plaintiffs' Preexisting Medical Conditions (Doc. No. 361);

u) Plaintiffs' motion *in limine* No. 21 to Exclude Hearsay Testimony Regarding Rainfall Amounts and Storm Characterizations (Doc. No. 362);

v) Plaintiffs' motion *in limine* No. 22 to Exclude Evidence of Plaintiffs' Prior Civil Claims, Lawsuits, Retention of Counsel, and Prior Personal Bankruptcies (Doc. No. 363);

w) Plaintiffs' motion *in limine* No. 23 to Exclude Evidence of Alleged Drug Use, Prenatal Substance Exposure, and Other Character Evidence (Doc. No. 364);

x) Plaintiffs' motion *in limine* No. 24 to Exclude Evidence of Past Marriages, Divorces, and Romantic Relationships (Doc. No. 365);

y) Plaintiffs' motion *in limine* No. 25 to Exclude Evidence of Alleged Prior Bad Acts, Criminal History, and Other Character Evidence (Doc. No. 366);

z) Plaintiffs' motion *in limine* No. 26 to Exclude Evidence of Remote Suicide Attempts, Suicidal Ideation, Domestic Abuse, and Other Remote Psychological Trauma Absent Competent Expert Testimony Establishing Relevance (Doc. No. 367);

aa) Plaintiffs' motion *in limine* No. 27 to Exclude Evidence, Argument, or Reference to the Gender Identity or Transgender Status of on-Party Jade Marina Pemberton and to Exclude and/or Limit Evidence, Argument, or Reference to the Gender identity or Transgender Status of Plaintiff, Eli Reeves (Born Joanna Reeves) (Doc. No. 368).

Defendant: Evidentiary disputes remain as reflected in Defendant's motions *in limine*. Defendant reserves any objections to Plaintiffs 'exhibits and deposition designations.  Defendant has the following motions *in limine*:

a) Defendant's motion *in limine* No. 1: Recovery of Medical Expenses Not Supported by Expert Testimony (Doc. No. 335);

b) Defendant's motion *in limine* No. 2: 1978 Tanker Explosion in Waverly, Tennessee (Doc. No. 336);

c) Defendant's motion *in limine* No. 3: Argument that a Verdict Against Defendant "Send a Message." (Doc. No. 337);

d) Defendant's motion *in limine* No. 4: Golden Rule Arguments (Doc. No. 338);

e) Defendant's motion *in limine* No. 5: Size, Wealth, or Financial Condition of Defendant, or the Comparative Financial Condition of the Parties (Doc. No. 339);

6

f) Defendant's motion *in limine* No. 6: Lay Person Testimony Regarding the Design Standards of CSXT Infrastructure (Doc. No. 342);

g) Defendant's motion *in limine* No. 7: CSXT Bridges and Culverts Other than the Trace Creek Bridge and Surrounding Track (Doc. No. 343);

h) Defendant's motion *in limine* No. 8: Post-Mortem Images and Video Footage (Doc. No. 344);

i) Defendant's motion *in limine* No. 9: Irrecoverable Loss of Consortium Testimony and Evidence (Doc. No. 345);

j) Defendant's motion *in limine* No. 10: to Exclude Reference to the City of Waverly as an Amorphous Plaintiff (Doc. no. 346);

k) Defendant's motion *in limine* No. 11: Non-Party Physical and Mental Health (Doc. No. 347);

l) Defendant's motion *in limine* No. 12: To Exclude CSXT's Environmental, Social and Governance Reports, Climate Change Questionnaires and Form 10-K (Doc. No. 348);

m) Defendant's motion *in limine* No. 13: to Exclude Evidence of CSXT's Internal Rules and Voluntary Industry Standards at Trial (Doc. No. 349);

n) Defendant's motion *in limine* No. 14: to Exclude Evidence of Unrelated, Irrelevant Floods (Doc. No. 350);

o) Defendant's motion *in limine* No. 15: to Exclude Evidence of Other Railroad Litigation, Train Derailments, and Geological Events (Doc. No. 351).

Additionally, while Plaintiff's liability expert Joseph Porro has been withdrawn, should the Court grant Defendant's Motion to Exclude Kristin Weivoda, additional evidentiary considerations may be needed.

## VIII. ANTICIPATED LENGTH OF TRIAL

The parties anticipate that the trial will take approximately five weeks to complete. Defendant has filed a motion to sever or bifurcate liability and damages in this case, which Plaintiff opposes. If Defendant's Motion is granted Defendant expects the liability portion of trial to last approximately two weeks, with the remainder expected to last three weeks.

7

IT IS SO ORDERED.

WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE

8