# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **MATTHEW RIGNEY, et al.,** | ) | |
| | ) | **No. 3:22-CV-00342** |
| **Plaintiffs,** | ) | |
| **vs.** | ) | **JUDGE WAVERLY D. CRENSHAW, JR.** |
| | ) | |
| **CSX TRANSPORTATION, INC.,** | ) | **MAGISTRATE JUDGE ALISTAIR NEWBERN** |
| | ) | |
| **Defendant.** | ) | |

## MOTION TO DISMISS DEFEDANTS FOR FAILING TO APPEAR AT TRIAL AND SUPPORTING MEMORANDUM OF LAW

Through its counsel of record and pursuant to Local Rule 39.01(b) and two previous Court Orders, Defendant CSX Transportation, Inc. ("CSXT") moves to dismiss Plaintiffs Kendra Brake, Dorothy Handling, and Nicholas Shawl due to their failure to appear at trial. In support of this Motion, CSXT states that:

1. Plaintiffs Kendra Brake, Dorothy Handling, and Nicholas Shawl are named Plaintiffs in this matter, which is neither a collective nor a class action.

2. Local Rule 39.01(b), titled "Presence of Parties," requires that all parties "be present at any trial unless prior approval of the absence of a party is obtained from the Court." Despite not having received prior approval from the Court, Plaintiffs Brake, Handling, and Shawl were not present for trial on August 3, 2026.

3. Not only did Plaintiffs Brake, Handling, and Shawl not receive permission from the Court not to attend trial, the Court's July 23 and 30, 2026, Orders (D.E. 453 at ¶6(b); D.E. 482), without limitation requires these (and the other) Plaintiffs to be present for the entirety of the trial, unless excused by the Court.

4. These Plaintiffs twice asked the Court to excuse their presence in the courtroom in the two weeks leading up to trial, most recently in their July 29, 2026, Motion for Certain Plaintiffs to be Absent from Certain Portions of Trial (D.E. 475). This Court denied both requests in Orders, most recently on July 30, 2026, which is less than a week before this trial commenced. Respectfully, Plaintiffs Brake, Handling, and Shawl cannot contend that dismissal of their cases will surprise them as the Court consistently informed them of Local Rule 39.01(b)'s requirements and its determination that they must attend their trial. Further the Court required all Plaintiffs be present in the courtroom during jury selection so that the potential jurors could advise the Court if they knew any Plaintiffs.

5. There is no doubt that Plaintiffs Brake's, Handling's, and Shawl's violations of Local Rule 39.01(b) and the Court's July 23 and 30, 2026, Orders are grounds for dismissing them from the lawsuit. Indeed, Federal Rule of Civil Procedure 41(b) specifically allows courts to dismiss plaintiffs from lawsuits with prejudice if, as here, they fail to comply with a court order. *Walden v. All. For Multispecialty Rsch., LLC*, No. 3:24-CV-232-TAV-JEM, 2026 U.S. Dist. LEXIS 119160, \*2 (E.D. Tenn. May 29, 2026). Accordingly, Defendant CSXT respectfully requests that this Court do just that – dismiss Plaintiffs Brake, Handling, and Shawl from this lawsuit with prejudice.

Wherefore, Defendant CSXT respectfully requests that this Court grant this Motion and dismiss Plaintiffs Brake, Handling, and Shawl from this lawsuit. Alternatively, it respectfully requests any other relief that the Court deems just and proper.

Counsel for CSXT conferred with counsel for Plaintiffs who oppose this Motion.

Respectfully submitted,


*/s/ Mary Taylor Gallagher*

Mary Taylor Gallagher, No. 21482
GULLETT, SANFORD, ROBINSON & MARTIN, PLLC
150 Third Avenue South, Suite 1700
Nashville, TN 37201
(615) 244-4994 (Telephone)
(615) 256-6339 (Facsimile)
mtgallagher@gsrm.com

S. Camille Reifers (BPR #19856)
John J. Bennett (BPR #31976)
Andrew Tood (BPR #39590)
Wai-Lin Danieley (BPR #41433)
REIFERS, HOLMES, & PETERS LLC
80 Monroe Avenue, Suite 410
Memphis, TN 38103
(901) 521-2860
creifers@rhpfirm.com
jbennett@rhpfirm.com
atodd@rhpfirm.com
wdanieley@rhpfirm.com


*Attorneys for Defendant CSX Transportation, Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

   I hereby certify that on August 3, 2026, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail and/or e-mail. Parties may access this filing through the Court's electronic filing system. The party or parties served are as follows:

TIMOTHY V. POTTER
ANDREW E. MILLS
Reynolds, Potter, Ragan & Vandivort, PLC
210 East College Street
Dickson, Tennessee 37055
tpotter@rprvlaw.com
amills@rprvlaw.com

*Counsel for Plaintiffs*

*Pro Hac Vice*:
PETER J. FLOWERS
JONATHAN P. MINCIELI
CHRISTOPHER J. WARMBOLD
THOMAS M. CONNELLY
Meyers & Flowers, LLC
3 North Second Street – Suite 300
St. Charles, Illinois 60174
pjf@meyers-flowers.com
jpm@meyers-flowers.com
cjw@meyers-flowers.com
tmc@meyers-flowers.com

*Counsel for Plaintiffs*

*Pro Hac Vice:*
C. RICHARD NEWSOME
WILLIAM C. OURAND
MAEGEN PEEK LUKA
P. ALEXANDER GILLEN
Newsome Melton, PA
201 South Orange Avenue – Suite 1500
Orlando, Florida 32801
newsome@newsomelaw.com
ourand@newsomelaw.com
luka@newsomelaw.com
gillen@newsomelaw.com

*Counsel for Plaintiffs*

*/s/ Mary Taylor Gallagher*