# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| MATTHEW RIGNEY et al., | NO. 3:22-CV-00342 |
| Plaintiffs, | (consolidated) |
| v. | JUDGE WAVERLY D. CRENSHAW, JR. |
| CSX TRANSPORTATION, INC., | MAGISTRATE JUDGE LUKE EVANS |
| Defendant. | |

**PLAINTIFFS' OPPOSED MOTION FOR LEAVE TO FILE SUR-REPLY ADDRESSING NEW PREEMPTION ARGUMENTS RAISED IN DEFENDANT'S REPLY**

Plaintiffs Matthew Rigney, et al. ("Plaintiffs"), respectfully move this Court, pursuant to Local Rule 7.01, for leave to file the attached Sur-Reply Addressing New Preemption Arguments Raised in Defendant's Reply, and in support state as follows:

On August 9, 2026, Defendant CSX Transportation, Inc. ("CSXT") filed its Reply in Support of Judgment as a Matter of Law [Dkt. No. 529] (the "Reply").

In the Reply, CSXT raised and expanded upon preemption arguments under both the Interstate Commerce Commission Termination Act ("ICCTA") and the Federal Railroad Safety Act ("FRSA"), including by relying on additional authorities not cited in CSXT's opening brief and by extending its FRSA argument under 49 C.F.R. § 213.33 to Plaintiffs' nuisance theory. [Dkt. No. 529 at 4–5].

These arguments and authorities were raised for the first time in CSXT's Reply and were not addressed in Plaintiffs' Opposition. Plaintiffs have not had an opportunity to respond to them.

A short sur-reply is necessary to ensure that the record fairly presents Plaintiffs' position on the newly raised and expanded preemption arguments, and to assist the Court in resolving CSXT's motion for judgment as a matter of law on a complete record.

The proposed Sur-Reply, attached hereto as **Exhibit A**, is narrowly tailored to address only the new and expanded preemption arguments and authorities raised in CSXT's Reply, and does not raise new arguments beyond the scope of that Reply.

Granting leave to file the attached Sur-Reply will not prejudice CSXT, as the Sur-Reply is limited in scope and responds directly to arguments and authorities CSXT itself introduced in its Reply.

Pursuant to Local Rule 7.01, counsel for Plaintiffs conferred with counsel for CSXT regarding the relief requested herein. CSXT opposes this Motion.

WHEREFORE, Plaintiffs respectfully request that the Court grant this Motion and permit the filing of the attached Sur-Reply, instanter.

Respectfully submitted,

/s/ Frank V. Cesarone
Peter J. Flowers
Craig D. Brown
Frank V. Cesarone
Jonathan Mincieli
Meyers & Flowers, LLC
3 N. 2nd Street, Suite 300
St. Charles, IL 60174
(630) 232-6333
Robert Eric Kennedy
David C. Landever
Weisman, Kennedy, and Berris
2900 Detroit Ave, 2nd floor
Cleveland, OH 44113
216-406-8378

Timothy V. Potter (BPR #017520)

Andrew E. Mills (BPR #031236)
Reynolds, Potter, Ragan &
Vandivort, PLC
210 East College Street
Dickson, TN 37055
(615) 446-2221

Attorneys for Plaintiffs

3

**CERTIFICATE OF SERVICE**

I certify that on August 10, 2026, the foregoing document was served via the Court's

CM/ECF system on all counsel of record, including:

S. Camille Reifers (BPR #19856)
John J. Bennett (BPR #31976)
Andrew Todd (BPR #39590)
Wai-Lin Danieley (BPR #41433)
Reifers, Holmes & Peters LLC
80 Monroe Avenue, Suite 410
Memphis, TN 38103
Attorneys for CSX Transportation, Inc.

/s/ Frank V. Cesarone
Frank V. Cesarone

4